# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SECURITIES AND
EXCHANGE COMMISSION,

                Plaintiff,               Case No.: 09-CV-1775

                   v.                      Judge William J. Hibbler

THE NUTMEG GROUP, LLC,                Magistrate Judge Ashman
RANDALL GOULDING,
DAVID GOULDING,

                Defendants,

DAVID GOULDING, INC., DAVID SAMUEL, LLC,
FINANCIAL ALCHEMY, LLC, PHILLY FINANCIAL, LLC,
SAM WAYNE, and ERIC IRRGANG

                Relief Defendants.

## PROPOSED JOINT DISCOVERY PLAN

Plaintiff Securities and Exchange Commission ("Plaintiff" or "the Commission"), Defendants Randall Goulding, and David Goulding (collectively, the "Defendants"), and Relief Defendants David Goulding, Inc., David Samuel, LLC, Financial Alchemy, LLC, Philly Financial, LLC, Sam Wayne, and Eric Irrgang (collectively, the "Relief Defendants") respectfully submit this Proposed Joint Discovery Plan.[1] The parties held the discussion required by Rule 26(f) of the Federal Rules of Civil Procedure on September 2 and 3, 2009, and hereby jointly submit the following report.

---

[1] Defendant The Nutmeg Group, LLC ("Nutmeg") is controlled by a Court appointed Receiver. After discussions between the Commission and Nutmeg's Receiver, the Commission expects that before the conclusion of discovery in this matter: (1) Nutmeg will consent to the imposition of an order of permanent injunctive relief; and (2) the Commission will dismiss its claims against Nutmeg for monetary relief, including a civil penalty. Accordingly, Nutmeg is not expected to participate in discovery in the same manner as the other Defendants.

1. **Participants.**  The following persons participated in a Rule 26(f) conference on September 2, 2009:

    (a)    Robert M. Moye and Andrew Shoenthal on behalf of the Plaintiff;

    (b)    Paula Jacobi and Deborah Thorne behalf of Leslie J. Weiss, Receiver for Nutmeg;

    (c)    Randall Goulding on behalf of Randall Goulding; and

    (d)    Steven Nagler on behalf of David Goulding, David Goulding, Inc., David Samuel, LLC, Philly Financial, LLC, and Eric Irrgang; and

The following persons participated in a Rule 26(f) conference on September 3, 2009:

    (a)    Andrew Shoenthal on behalf of the Plaintiff;  and

    (b)    Karla Pascarella on behalf of Sam Wayne.

2. **Initial Disclosures.**  The parties will exchange the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on **October 7, 2009**.

3. **Discovery Plan.**  The parties agree as follows:

    (a)    Any electronically stored information, which is both relevant to the subject matter of this case and is not subject to a claim of privilege or immunity from discovery, shall be identified and described in the parties' initial disclosures and in response to written production requests.

    (b)    In accordance with Federal Rule of Civil Procedure 26(b)(5)(A), any documents or electronically stored information which are responsive to a discovery request, but are withheld based on a claim of privilege, shall be identified on a log showing the author, recipient(s), number of pages, a general description of the subject matter and the specific privilege(s) or immunity asserted.  The parties agree that such a log need not include any materials prepared by litigation counsel or created after the

commencement of this litigation. If a dispute regarding the production of such materials is submitted to the Court, the withholding party may request that the Court conduct an in camera inspection of the disputed materials before ruling. In accordance with Federal Rule of Civil Procedure 26(b)(5)(B), if any document or information produced or disclosed during discovery, including an inadvertent production or disclosure, is subject to a claim of privilege, the party asserting the privilege shall in a timely manner notify the receiving party of the privilege claim and its basis.

 (c) **Discovery Subjects.**

  (i) Plaintiff will need discovery on the following subjects:

   (1) Fees and compensation earned by, received by, or paid to Defendants, Relief Defendants, Nutmeg, and other parties from the Funds;

   (2) Ownership, custody, and control of the Funds' assets, including transfer of the Funds' assets to Defendants, Relief Defendants, Nutmeg, and other parties;

   (3) Nutmeg's and Defendants' valuations of the Funds, including methodologies for valuing the Funds';

   (4) Nutmeg's policies and procedures designed to prevent violations of the federal securities laws and audits performed or conducted of the Funds;

   (5) Nutmeg's record keeping for itself and the Funds; and

   (6) Investments made by Nutmeg, the Funds, and Relief Defendants pursuant to Rule 504 of Regulation D of the Securities Act of 1933;

  (ii) Defendants will need discovery on the following subjects:

   (1) Plaintiff's Claims and its grounds in support thereof;

   (2) The basis for Plaintiff's contentions and allegations;

    (3)  The details as to what occurred and when to prompt Plaintiff's decision to prosecute this matter;[2]

    (4)  The decision-making process to prosecute this matter;

    (5)  Plaintiff's internal procedures and all reports, worksheets and like docs; and

    (6)  The evidence supporting Plaintiff's allegations that Relief Defendants still hold fund assets.

  (e) All discovery shall be completed by **March 16, 2010**. All discovery requests, whether issued to parties or non-parties, shall be served with sufficient time for the requested discovery to be obtained prior to the discovery deadline. In addition, any motions to compel must be filed within 10 days after the discovery deadline.

  (f) The parties shall disclose the identities and reports of all experts retained to offer opinions supporting their claims or defenses by **January 18, 2010**. Any additional expert(s) retained specifically to respond to the opinions of an opposing expert must be identified, and their rebuttal reports must be disclosed, by **February 15, 2010**.

  (g) **Interrogatories.** Plaintiff may serve a maximum of thirty-five (35) interrogatories on the Defendants and/or Relief Defendants. Defendant Randall Goulding may serve a maximum of twenty-five (25) interrogatories on the Plaintiff. Defendant David Goulding may serve a maximum of twenty (20) interrogatories on the Plaintiff. Relief Defendants David Goulding, Inc., David Samuel, LLC, Financial Alchemy, LLC, Philly Financial, LLC, and Eric Irrgang may serve a combined total of eighteen (18) interrogatories on the Plaintiff. Relief Defendant Sam Wayne may serve a maximum of five (5) interrogatories. Interrogatories, document requests, and requests for admission

---

[2] Items (3), (4), and (5) have been proposed by Defendants and by including these subjects in the discovery plan, Plaintiff does not intend to waive the protections of the attorney-client and investigative privileges or the work-product doctrine.

previously served on Plaintiff are withdrawn by Defendants Nutmeg, Randall Goulding, and David Goulding. Plaintiff's interrogatory requests served on Defendants Nutmeg, Randall Goulding, and David Goulding on March 26, 2009 in anticipation of a preliminary injunction hearing shall not count against Plaintiff's interrogatory limit.

(h) **Requests for Admission.** Plaintiff may serve a maximum of fifty (50) requests for admission on Defendants and/or Relief Defendants. Defendant Randall Goulding may serve a maximum of twenty-five (25) requests for admissions on the Plaintiff. Defendant David Goulding may serve a maximum of twenty (20) requests for admission on the Plaintiff. Relief Defendants David Goulding, Inc., David Samuel, LLC, Financial Alchemy, LLC, Philly Financial, LLC, and Eric Irrgang may serve a combined total of twenty-five (25) requests for admission on the Plaintiff. Relief Defendant Sam Wayne may serve a maximum of ten (10) requests for admission. Defendant Randall Goulding's requests for admission served on Plaintiff on April 2, 2009 do not count towards Defendant Randall Goulding's limit.

(i) **Depositions.** Plaintiff is permitted to take up to twelve (12) depositions. Defendants Randall Goulding and David Goulding may take up to a combined total of twelve (12) depositions. Relief Defendants David Goulding, Inc., David Samuel, LLC, Financial Alchemy, LLC, Philly Financial, LLC, and Eric Irrgang may take up to a combined total of five (5) depositions. Relief Defendant Sam Wayne may take up to five (5) depositions. The parties recognize that they may wish to depose some of the same witnesses. Accordingly, the parties will coordinate those depositions and conduct them jointly such that no witness will be required to appear more than once. Unless otherwise authorized by the Court or stipulated by the parties and the deponent, each

witness will be subject to a maximum of seven (7) hours of questioning at every deposition, regardless of which party noticed the deposition.

( j ) Pursuant to Federal Rule of Civil Procedure 26(e), the parties are required to supplement their initial disclosures and discovery responses, as needed, at least fourteen (14) days before the close of discovery.

(k) Joinder of additional parties and supplementation of pleadings shall be completed by **January 22, 2010**.

(l) Dispositive motions shall be filed within thirty (30) days after the close of discovery.

4. **Other Items.**

(a) The parties agree that any motions to exclude expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), or *Kuhmo Tire Co. Ltd. v. Carmichael*, 526 U.S. 137 (1999), shall be filed at least ninety (90) days before trial.

(b) Nothing in this Plan limits the Receiver's powers as set forth in the Court's August 6, 2009 order, and this Plan does not apply to any claims brought against Nutmeg or by the Receiver on behalf of Nutmeg.

(c) Plaintiff shall prepare and serve upon the Defendants and Relief Defendants an initial draft of the Final Pre-Trial Order at least twenty-eight (28) days prior to the Final Pretrial Conference, or on such date as is determined by the Court. Defendants and Relief Defendants shall prepare and serve upon Plaintiff its draft of the Final Pre-Trial Order within fourteen (14) days thereafter. The parties shall work cooperatively in the preparation of the Final Pre-Trial Order, which shall be filed with the

Court within seven (7) days after Defendants and Relief Defendants serves its draft upon Plaintiff.  Responses to motions in *limine* shall be filed prior to the Final Pretrial Conference.

(d) The requirements and deadlines of Federal Rule of Civil Procedure 26(a)(3) are applicable, but may be satisfied by the parties' Final Pretrial Order rather than in a separate filing.

(e) The parties have discussed the possibility of settlement, but have not been able to reach an agreement.  However, the parties agree that a settlement conference conducted before a United States Magistrate Judge would be productive.

(f) The parties have discussed the possibility of a trial by a United States Magistrate Judge, but do not consent to such a trial.

(g) The case should be ready for trial by **November 2, 2010**.  Given the number of Defendants and Relief Defendants currently involved in this case, it is difficult to estimate the amount of time a trial actually would require.  The Plaintiff estimates that a trial in this case would take at least two (2) weeks.  Defendants Randall Goulding and David Goulding and the Relief Defendants believe that a trial would take at least three (3) weeks, if no settlements are reached before trial.

(h) The parties shall appear before this Court for status conferences at such dates as the Court may order to report on the progress of discovery.

(i) The dates set forth in the Plan may be extended or modified on the Court's own motion or upon motion by a party for good cause shown.

Dated: September 10, 2009     By: **/s/ Andrew Shoenthal**

    Robert M. Moye (IL # 6225688)
    Andrew Shoenthal (IL # 6279795)
    175 West Jackson Boulevard, Suite 900
    Chicago, IL 60604
    Telephone: 312.353.7390

    *Plaintiff United States Securities and Exchange Commission*


By: **/s/ Paula Jacobi**

    Barnes & Thornburg LLP
    1 North Wacker Drive
    Suite 4400
    Chicago, Illinois 60606-2833

    *Counsel for Leslie Weiss, Receiver of The Nutmeg Group, LLC*


By: **/s/ Randall Goulding**

    Randall S. Goulding
    1333 Sprucewood Lane
    Deerfield, IL 60015

    *Pro se*


By: **/s/ Steven Nagler**

    Steven B. Nagler
    Steven B. Nagler, Ltd.
    601 Skokie Blvd. Suite 504
    Northbrook, IL 60062
    Telephone: 847.562.0246

    *Counsel for Defendant David Goulding and Relief Defendants David Goulding, Inc., David Samuel, LLC, Philly Financial, LLC, and Eric Irrgang*

By: **/s/ Karla Pascarella**

Karla Pascarella
Barton, East & Caldwell, LLP
One Riverwalk Place
700 N. St. Mary's Street
Suite 1825
San Antonio, Texas 78205
Telephone: 210.225.1655

*Counsel for Relief Defendant Sam Wayne*

9


## **CERTIFICATE OF SERVICE**

  I, Andrew Shoenthal, hereby certify that, on September 10, 2009, I caused a copy of the foregoing **Proposed Joint Discovery Plan** to be served upon the following counsel by the Court's CM/ECF system:

>Randall S. Goulding
>1333 Sprucewood Lane
>Deerfield, IL 60015
>
>Paula Jacobi
>Barnes & Thornburg LLP
>1 North Wacker Drive
>Suite 4400
>Chicago, Illinois 60606-2833
>
>Steven B. Nagler
>Steven B. Nagler, Ltd.
>601 Skokie Blvd. Suite 504
>Northbrook, IL 60062
>
>Karla Pascarella
>Barton, East & Caldwell, LLP
>One Riverwalk Place
>700 N. St. Mary's Street
>Suite 1825
>San Antonio, Texas 78205

            **/s/ Andrew Shoenthal**