## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) | |
| Plaintiff, | ) | Case No. 09-CV-1775 |
| | ) | |
| v. | ) | Judge William J. Hibbler |
| | ) | |
| THE NUTMEG GROUP, LLC, | ) | Magistrate Judge Ashman |
| RANDALL GOULDING, | ) | |
| DAVID GOLDING, | ) | |
| Defendants, | ) | |
| | ) | |
| DAVID GOULDING, INC., | ) | |
| DAVID SAMUEL, LLC, | ) | |
| FINANCIAL ALCHEMY, LLC, | ) | |
| PHILLY FINANCIAL, LLC, | ) | |
| SAM WAYNE, and ERIC IRRGANG, | ) | |
| Relief Defendants. | ) | |

## RECEIVER'S FIRST INTERIM REPORT

Leslie J. Weiss, not individually, but as court-appointed Receiver ("Weiss" or the "Receiver") of Defendant, The Nutmeg Group, LLC ("Nutmeg") files this First Interim Report which covers the period of August 6, 2009 through September 30, 2009 (the "Reporting Period").

The purpose of this First Interim Report is to provide the Court and all interested parties with a description of the nature of the Receiver's activities, investigations, analysis, conclusions, recommendations to date, and the revenues generated and/or

collected by her, and the Receivership Estate expenses incurred[1] during the Reporting Period.

## Introduction

On August 6, 2009, at the request of the U.S. Securities and Exchange Commission (the "SEC"), this Court entered an Order Appointing Receiver over the Nutmeg Group, LLC. (the "Order") in which the Receiver was appointed as receiver for Nutmeg and its funds.  The Order provided that the Receiver should oversee all aspects of Nutmeg's operations and business which includes, but is not limited to serving as general partner and investment adviser to Nutmeg/AdZone, LP, Nutmeg/Tropical, LP, Nutmeg/Startech II, LP, Nutmeg/Image Globe, LP, Nutmeg/Nanobac, LP, Nutmeg/MiniFund LLLP, Nutmeg/MiniFund II LLLP, Nutmeg Lightining Fund I, LLLP, Numeg October 2005, LLLP, Nutmeg/Michael Fund, LP, Nutmeg Fortuna Fund, LLLP, Nutmeg/Patriot Fund, LLLP and Nutmeg/Mercury Fund, LLLP (collectively, the "Funds").

The Order required the Receiver to take control of all the Funds and to liquidate or manage them as was prudent under the circumstances, to investigate other assets belonging to Nutmeg and take control of them.  The Order also required the Receiver to determine the identity of all of the Funds' limited partners, amounts invested by the limited partners and to determine the payouts to limited partners and communicate, as necessary, with the limited partners.   To carry out these tasks, the Receiver was authorized to obtain information gathered and analysis performed by Crowe Horwath

---

[1] The Receiver and her counsel will submit their requests for reimbursement of fees and expenses in separate pleadings.

LLP ("Crowe") and to retain the law firm of Barnes & Thornburg LLP to assist in carrying out her duties.

In the two months since the Receiver was appointed, she has reviewed the assets purported to be in each Fund and in Nutmeg, reviewed certain litigation in which Nutmeg or the Funds are involved, investigated other claims allegedly belonging to Nutmeg, changed the authorized signatory to the Receiver on all known bank and brokerage accounts, opened a bank account at JP Morgan Chase in the name of the Receiver and begun liquidating certain of the securities.

<u>**Actions Taken by the Receiver**</u>

On September 2, 2009, the Receiver and counsel visited the Nutmeg premises located at 155 Revere Drive, Northbrook, Illinois. The Receiver took into her possession all paper files pertaining to Nutmeg and the Funds that were located at the Nutmeg office as of September 2, 2009. Through the assistance of forensic computer consultants, Elijah Technologies, Ltd. ("Elijah"), the Receiver obtained twenty hard drives, two thumb drives and copies of ten Gmail Accounts. David Goulding, Defendant and operations manager of Nutmeg, refused to allow the Receiver to take possession of a laptop computer which he claimed he owned personally and therefore the Receiver instructed Elijah to copy David Goulding's hard drive onsite on September 2. Because the Receiver had no further use for the Nutmeg premises and the rent was in arrears, the Receiver abandoned the premises to the landlord during the month of September 2009. The Receiver did not believe there was sufficient value in any of the furniture or equipment to attempt a sale of it.

*Review of Fund Assets*

The files obtained included certain Fund files containing various assets such as convertible notes, promissory notes, warrants, and stock certificates.  The Receiver has completed an initial review of each of those files and has interviewed Randall Goulding concerning each of them.  Exhibits A through L contain a detailed description of each of these assets purportedly belonging to the Funds and Nutmeg.  The purpose of the summary is solely to provide a list of the assets discovered.  Nothing in Exhibits A through L should be used as an indication of value of the assets being described or that the entity in whose name the asset is titled is the actual beneficial owner of the asset.  The Receiver has not verified the actual ownership of each asset listed and needs additional accounting information to do so.  The facts and circumstances surrounding each investment in addition to the company's current financial condition will affect the value of each investment.  The principal amount set forth on any convertible note or promissory note does not necessarily reflect the amount that is actually due from the lender to the borrower.  Similarly, the current market price of a stock does not necessarily reflect the amount that the relevant fund would receive upon sale of such stock or that a sufficiently liquid market exists for such stock to be sold.  In addition, a substantial amount of the stock in the brokerage accounts is restricted either under the securities laws or by contract, which renders those shares illiquid until such time as the restriction can be lifted.  The Receiver is attempting to lift the restrictions on some of the shares.  In some cases the Receiver does not have original documents in her possession and has been advised by Randall Goulding that Nutmeg never had possession of the original

documents.  Thus, the Receiver is not verifying the accuracy or completeness of the Exhibits A through L.  Her investigation continues.

***Bank Accounts Obtained***

The Receiver obtained control over certain bank accounts, at National City, from Nutmeg and the Funds.  The Receiver is now the sole signatory for each of the following bank accounts ("Bank Accounts"):

| Account Name | Bank | Account Number | Amount |
|---|---|---|---|
| The Nutmeg Group, LLC | National City | 984510651 | $8,389.70 |
| The Nutmeg Lightening Fund | National City | 985554664 | 2,196.32 |
| Nutmeg October 2005 | National City | 985554672 | 1,343.84 |
| Nutmeg/Nanobac, L.P. | National City | 987413814 | 8,324.60 |
| Nutmeg MiniFund II, LLLP | National City | 985555675 | 1,059.70 |
| Michael Fund LLLP | National City | 985554680 | 23,952.09 |
| Nutmeg Fortuna Fund LLLP | National City | 985554699 | 21,750.07 |
| Nutmeg MiniFund, LLLP | National City | 985554656 | 0.50 |
| Nutmeg Patriot Fund LLLP | National City | 985554658 | 22,914.47 |
| The Nutmeg/Mercury Fund, LLLP | National City | 984509706 | 0.00 |

National City is currently copying certain transaction records which will assist the Receiver in analyzing the Bank Accounts.  The Receiver ordered those records in August. She expects that a review of the accounts will assist her in determining what the use of the capital invested by the various investors in the Funds.  To date, the Receiver and Crowe have only had access to bank account statements and not to the supporting documents, such as wire transfer information and copies of checks.  The Receiver does not yet have enough information to determine the amount of capital deposited into the accounts of Nutmeg and the Funds nor the amounts transferred out of those accounts.

In addition, the Receiver has opened a separate bank account at JPMorgan Chase into which she intends to deposit money she recovers for Nutmeg.  The monies that have

been received by the Funds upon the liquidation of certain securities in various brokerage

accounts remain in the brokerage.

*Brokerage Accounts*

The Receiver has taken control of all of the brokerage accounts known to her in

the name of Nutmeg and the Funds.  To date, the Receiver has obtained control over the

following accounts:[2]

| Account Name | Broker | Account Number | Value |
|---|---|---|---|
| | | | |
| The Nutmeg Group, LLC | Aegis Capital Corp. | 57010141 | $1,475.80 |
| | WestPark Capital | 53667015 | 65.03 |
| | ViewTrade (as of 8/12/2009) | 49361942 | -13,186.59 |
| The Nutmeg Group, LLC #2 | Aegis Capital Corp. | 57010291 | 208.35 |
| Nutmeg Lightning Fund | Aegis Capital Corp. | 57010144 | 2,184.37 |
| Nutmeg October 2005 | Aegis Capital Corp. | 57010206 | 3,133.00 |
| Nutmeg MiniFund II, LLP | Aegis Capital Corp. | 57010175 | 9,524.32 |
| | WestPark Capital, Inc | 62783062 | 4,380.00 |
| Michael Fund LLLP | Aegis Capital Corp. | 57010139 | 15,131.40 |
| Nutmeg Fortuna Fund LLP | Aegis Capital Corp. | 57010142 | 49,618.68 |
| Nutmeg MiniFund, LLLP | Aegis Capital Corp. | 57010174 | 33,354.18 |
| Nutmeg Patriot Fund LLP | Aegis Capital Corp. | 57010143 | 66,694.67 |
| | WestPark Capital, Inc. | 45250786 | 1,053.98 |
| The Nutmeg/Mercury Fund, LLLP | Aegis Capital Corp. | 57010099 | 133,916.34 |
| | WestPark Capital, Inc. | 73927604 | 306,939.69 |
| | Glendale Securities Inc. | 87015087 | 22.60 |
| Nutmeg Image Globe Fund LLP | Aegis Capital Corp. | 57010140 | 90.89 |

Copies of the current brokerage statements are attached as Group Exhibit M.

---

[2] The values listed on the brokerage accounts do not necessarily reflect the amount that would be realized upon sale of the securities.  See discussion above.

*Investigation of other Assets of Nutmeg and its Funds*

In addition to reviewing the files of each Fund as described in Exhibits A through L, Receiver has reviewed numerous documents regarding Nutmeg and its Funds, including without limitation:

- Documents sent to investors for the Mercury Fund, including the private placement memorandum and the limited partnership agreement

- Documents related to various potential claims of Nutmeg against funds it was advising at the time the SEC filed an action against it and the subsequent freeze of assets

- Check register for Nutmeg sent to the Receiver by one of the defendants

- Valuations of various assets prepared by Nutmeg and Randall Goulding

- List of finders fees paid by the Funds and Nutmeg

- Memorandum from the Defendants regarding the methodology used to determine Nutmeg's fees and carried interests charged to the Funds

- Proposed corporate transactions by some of the Funds' portfolio companies

- Information provided from the Defendants on valuation methods used by Nutmeg.

*Litigation*

Many of the convertible notes and promissory notes held by Nutmeg and the Funds are currently in default. According to Randall Goulding, many of these companies have failed businesses and are currently shells. The Receiver has determined that Randall Goulding customarily prepared complaints seeking judgments against these companies in an attempt to gain control over the shells. He would then participate in locating a new business to put into the shell. The complaints were prosecuted with the services of Fred

Harbecke, an attorney.   In many cases judgments were obtained by default and it is doubtful whether there is any ability to collect on the judgments.   The following judgments exist:

| *Caption* | *Court Pending* | *Status* |
|---|---|---|
| Financial Alchemy, LLC v. Solar Night Industries, Inc., Case No. 07 L 3984 | Law Division, Circuit Court of Cook County | Judgment entered on 12/18/2008 against Solar Night Industries, Inc. in the amount of $205,651.58, consisting of principal in the amount of $151,557.76 and interest in the amount of $54,093.82 and the costs of suit.  Receiver is investigating whether the judgment can be sold. |
| The Nutmeg Group, LLC, Financial Alchemy, LLC, Philly Financial, LLC, David S. Goulding, Howard Salamon, Salamon Brothers, LLC and Richard E. Goulding v. RMD Entertainment Group, Inc. and Giorgio C. Costonis, Case No. 06 L 8867 | Circuit Court of Cook County, County Department, Suburban Law Division | Judgment entered in favor of Financial Alchemy in the amount of $538,964.00 against RMD. Judgment entered in favor of Howard Salamon in the amount of $46,310.75 against RMD. Judgment entered in favor of The Nutmeg Group in the amount of $1,386,352.35 against RMD. Judgment Receiver is entered in favor of Philly Financial in the amount of $993,446.51 against RMD.  Judgment entered in favor of David S. Goulding in the amount of $12,925.73 against RMD. Judgment entered in favor of Richard E. Goulding in the amount of $69,037.63 against RMD.  Judgment is entered in favor of The Nutmeg Group in the amount of $52,711.65 against Giorgio C. Costonis.  The Receiver is investigating whether judgments can be sold or whether collection agency could assist in collection. |
| Financial Alchemy, LLC v. Medical Services International, Inc. and Robert Talbot, Case No. 06 L 1178 | Circuit Court of Cook County, Law Division | Judgment entered (jointly and severally) against Robert Talbot and Medical Services International in the amount of $955,124.31 plus costs. The Receiver is investigating the collectability of the judgment |

The Receiver is attempting to determine whether there is merit in seeking the assistance of a contingency collection firm to collect the judgments. The Receiver has determined that the following cases exist:

| Caption | Court Pending | Status | Damages Sought |
|---|---|---|---|
| Nutmeg Mercury Fund, LLLP v. Cinemaya Media Group, Inc., Case No. 08 L 011636 | Law Division, Circuit Court of Cook County | Fred Harbecke has withdrawn, Status set for 10/13/2009. Barnes & Thornburg filed an appearance for the Receiver | $61,168.98 for Breach of Contract |
| Financial Alchemy, LLC v. America Asia Petroleum Corp., Case No. 07 L 6863 | Law Division, Circuit Court of Cook County | Fred Harbecke has withdrawn, Case Management Conference set for 10/23/2009; Barnes and Thornburg will file an appearance for the Receiver | $229,837 for Breach of Contract, Unjust enrichment, Common Law Fraud |
| The Nutmeg Group, LLC v. Alex H. Edwards, Escape Velocity, Nanobac Pharmaceuticals and John D. Stanton, Case No. 06 L 010990 | Circuit Court of Cook County, Law Division | Fred Harbecke has withdrawn; Barnes & Thornburg has filed an appearance for the Receiver | Status set for November 17, 2009. Complaint seeks damages in the amount of $6,577,547.74 for Breach of Contract (Count I), $1,597,917 for Breach of Contract (Count II – Plead in the alternative), and $$1,633,000 for Breach of Contract (Count III – Plead in the alternative) |
| The Nutmeg/Mercury Fund, LLLP v. Jack Freedman and H3 Enterprises, Inc., Case No. 07 L 013898 | Circuit Court of Cook County, Law Division | Fred Harbecke has withdrawn | Settlement Motion filed by Receiver in this Court seeking to settle for a cash payment of $56,000 from Jack Freedman. |

| *Caption* | *Court Pending* | *Status* | *Damages Sought* |
|---|---|---|---|
| The Nutmeg Group, L.L.C. v. Uniphyd Corporation, n/k/a International Business Ventures Group, Inc., Case No. 08 L 011635 | Circuit Court of Cook County, Law Division | Fred Harbecke filed an amended complaint substituting Nutmeg/Uniphyd, as the plaintiff. [3] | Case Management Conference is to be held on 11/23/2009. |

In those cases where Fred Harbecke has withdrawn, the Receiver has filed an appearance. In the case, The Nutmeg Group L.L.C. v. UniPhyd, Mr. Harbecke filed a motion to substitute Nutmeg/UniPhyd as the Plaintiff. Allegedly, Nutmeg transferred its general partnership interest in Nutmeg/UniPhdy to Richard Goulding, the brother of Randall Goulding, for no consideration.

*Review of Crowe Preliminary Findings*

The Receiver has reviewed and met with Mari Reidy and Catherine Wu of Crowe in an effort to obtain a full understanding of its investigation to date. The Receiver requested and received reports from Crowe of an overview of Crowe's findings on the fees charged to the Funds by Nutmeg and the accuracy of the valuations used by Nutmeg. The Receiver reviewed those reports and discussed them with Mari Reidy and Catherine Wu. The Receiver also has reviewed documents prepared by Crowe showing investor contributions, distributions and an investment roll forward showing amounts invested in various entities and proceeds of those investments for Nutmeg/Mercury Fund. The Receiver has spent considerable time reviewing the investor roll forward information to determine what monies have been distributed to investors and how much remains due to

---

[3] As of October 7, 2009, Randall Goulding agreed orally to seek to have his brother, Richard Goulding reconvey his general partner interest to Nutmeg so that the Receiver can file an appearance in this case and seek dismissal of the Amended Complaint which substituted Nutmeg/UniPhyd as the plaintiff.

them and to gain knowledge about the various investment made by Nutmeg Mercury Fund.

*Discovery*

Because this estate has very limited cash assets, the Receiver is coordinating discovery with the SEC and various defendants and relief defendants. To date the parties have entered into a Discovery Plan which has been agreed to by all parties and provides for the scope and timing of certain discovery. The Receiver has subpoenaed documents from Ryan Goulding, a son and an accountant for Randall Goulding, Nutmeg and all of the Funds. Ryan Goulding is represented by Steven Nagler who has represented to the Receiver's counsel that documents will be produced during the first week of October. To date, no documents have been received. In addition, the Receiver has requested bank account statements and brokerage account statements and other financial information from each of the Relief Defendants, except for Samuel Wayne. Mr. Nagler represents all of the Relief Defendants, except for Samuel Wayne.

*Communications with Investors*

The Receiver sent a letter to all known investors on or about September 22, 2009. A copy of the Letter is attached as Exhibit N. The Receiver established a dedicated email account for investors to use in communicating with her. The Receiver and her staff have had numerous conversations with individual investors concerning Nutmeg and its Funds and their investments in them. The Receiver has requested information from the investors about their investments. She has received lot of documentation and materials and is in the process of reviewing them.

*Liquidation of Securities*

Many of the investments held by the various Funds are difficult to liquidate as they are not widely traded or are restricted under Rule 144 of the Securities Act or by contract. In spite of this, the Receiver has determined that certain of the assets may have a limited market and has provided instructions to brokers at Westpark Capital and Aegis Capital to sell a number of securities in the Funds' accounts. Current brokerage statements are attached as Group Exhibit M. To date, the Receiver has received approximately $234,762.36 from the sale of these securities. These funds remain in the brokerage account of the respective Funds in whose name the securities were titled.

The Receiver is also looking into renegotiating the transactions for a few investments of the Funds that can either be converted into securities that she believes can be sold.

## CONCLUSION

The Receiver intends to continue investigating the assets held by the Funds to determine the locations of the various assets and which assets can be liquidated for the benefit of the estate. The Receiver will continue to review the materials sent to her by the investors in the Funds. The Receiver also expects to receive and then review substantial amounts of information from discovery requests sent to various banks, brokerage firms and portfolio companies by the SEC that will assist the Receiver determine whether there are amounts that are due to the Funds or Nutmeg that are in the hands of third parties.

Respectfully submitted,

Leslie J. Weiss, Temporary
Receiver for The Nutmeg Group, LLP

By:     /s/ Deborah L. Thorne
                One of her attorneys

Deborah L. Thorne (ARDC # 6186482)
BARNES & THORNBURG LLP
1 North Wacker Drive, Suite 4400
Chicago, Illinois 60606
(312) 357-1313

CHDS01 DTHORNE 564699v1

13

## CERTIFICATE OF SERVICE

The undersigned hereby states that the above *Receiver's First Interim Report* was served on all parties of record (see Service List below), via this Court's ECF filing system and via First Class Mail, postage prepaid, *where indicated*, on October 8, 2009.

/s/ Deborah L. Thorne

## SERVICE LIST

| | |
|---|---|
| **Plaintiff, Securities And Exchange Commission** | **Robert MacDonald Moye**<br>U.S. Securities & Exchange Commission (IL)<br>175 West Jackson Boulevard, Suite 900<br>Chicago , IL 60604<br>(312) 353-1051<br>Email: moyeR@sec.gov |
| | **AUSA**<br>United States Attorney's Office (NDIL)<br>219 South Dearborn Street , Suite 500<br>Chicago , IL 60604<br>(312) 353-5300<br>Email: USAILN.ECFAUSA@usdoj.gov |
| | **Andrew Charles Shoenthal**<br>Securities and Exchange Commission<br>175 West Jackson Boulevard , Suite 900<br>Chicago , IL 60604<br>(312) 353-7390<br>Email: shoenthala@sec.gov |
| **Defendants,**<br>**The Nutmeg Group, LLC**<br>**Randall Goulding**<br>**David Goulding**<br>**David Goulding, INC**<br>**David Samuel, LLC**<br>**Financial Alchemy, LLC**<br>**Philly Financial, LLC**<br>**Eric Irrgang** | **Fredrick Rahn Harbecke**<br>Law Offices of Fred R. Harbecke<br>29 South LaSalle , #945<br>Chicago , IL 60603<br>(312)443-9505<br>Email: fredrharbecke@sbcglobal.net |
| | **Steven B. Nagler**<br>Steven B. Nagler, Ltd.<br>601 Skokie Blvd. , Suite 504<br>Northbrook , IL 60062<br>(847) 562-0246<br>Email: sbnlaw@comcast.net<br>*Via First Class Mail, postage prepaid* |
| **Defendant, Samuel Wayne** | **Karla R. Pascarella** |

1

Barton East & Caldwell, LLP
700 N. St. Marys, Suite 1825
San Antonio , TX 78205
(210) 225-1655
Email: kpascarella@beclaw.com
*Via First Class Mail, postage prepaid*

**Receiver, Leslie Weiss**

**Deborah L. Thorne**
Barnes & Thornburg
One North Wacker Drive, Suite 4400
Chicago , IL 60606
(312)357-1313
Email: dthorne@btlaw.com

**Paula K. Jacobi**
Barnes & Thornburg LLP
1 North Wacker Dr., Suite 4400
Chicago , IL 60602
(312) 214-4866
Fax: (312) 759-5646
Email: pjacobi@btlaw.com

CHDS01 DTHORNE 565565v1

2