IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:09-cv-01775 |
| THE NUTMEG GROUP, LLC, RANDALL GOULDING, and DAVID GOULDING, | ) ) ) | Honorable William J. Hibbler |
| Defendants, | ) ) | |
| v. | ) ) | |
| DAVID GOULDING, INC., DAVID SAMUEL, LLC, FINANCIAL ALCHEMY, LLC, PHILLY FINANCIAL, LLC, and ERIC IRRGANG, | ) ) ) ) ) | |
| Relief Defendants. | ) | |
| RANDALL S. GOULDING, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:11-cv-5354 |
| LESLIE J. WEISS, BARNES & THORNBURG LLP, an Indiana limited liability partnership, ALAN D. LASKO, and ALAN D. LASKO & ASSOCIATES, P.C., an Illinois professional corporation, | ) ) ) ) ) ) | Honorable Ronald A. Guzman |
| Defendants. | ) | |

**MOTION FOR (I) REASSIGNMENT OF
RELATED CASE AND (II) TO STAY LATER FILED CASE**

Pursuant to Local Rule 40.4 of the United States District Court for the Northern District of Illinois, Leslie J. Weiss ("Weiss" or the "Receiver"), this Court's appointed receiver in case

Number 1:09-cv-1775 ("Case 1775"), and her appointed counsel as receiver, Barnes & Thornburg LLP ("Barnes"), by and through their attorneys, respectfully request this Court to enter an order reassigning to it Case Number 1:11-cv-5354, an action that a defendant in Case 1775, Randall S. Goulding ("Goulding"), filed in the Circuit Court of Cook County -- without the requisite leave of this Court (the "Proposed Defamation Action"). Weiss and Barnes removed the Proposed Defamation Action to the United States District Court for the Northern District of Illinois. The Proposed Defamation Action was randomly assigned to Judge Guzman.[1]

Weiss and Barnes further respectfully request that the Proposed Defamation Action be stayed pending resolution of Goulding's motion in Case 1775 for leave to file the Proposed Defamation Action.

## BACKGROUND

### The Receivership

1. On August 6, 2009, the Court entered an Order in Case 1775 appointing Weiss as receiver for the Nutmeg Group, LLC (Nutmeg) and its funds ("the Appointment Order"). A copy of the Appointment Order is attached hereto as Exhibit C. The Appointment Order authorized Weiss to retain Barnes, the law firm in which she is a partner, as counsel to her as receiver. Weiss and Barnes have no relationship to Goulding other than through Weiss' role as receiver.

2. Paragraph G of the Appointment Order provides, among other things, that Weiss (referred to therein as the "Receiver") and, among others, Barnes (referred to therein as "Retained Personnel") may be held liable, if at all, <u>only</u> upon a finding by this Court:

---

[1] A copy of the proposed complaint filed in the Proposed Defamation Action (the "Proposed Complaint") is attached hereto as Exhibit A (without exhibits). A copy of the Notice of Removal to this Court is attached hereto as Exhibit B.

> The Receiver and Retained Personnel are entitled to rely on all outstanding rules of law and Court orders and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone (1) with respect to the performance of their duties and responsibilities as Receiver or Retained Personnel, or (2) for any actions taken or omitted by them, <u>except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties</u>.

(Id. at 7 ¶G (emphasis added).)

**The Leave Motion**

3. On July 7, 2011, Goulding filed his Motion For Leave to File Suit in The Circuit Court of Cook County ("the Leave Motion"), in which he requested leave of this Court to file suit in the Circuit Court of Cook County against Weiss, Barnes, and two other defendants. (Dkt. No. 319.) As the Leave Motion admits, the federal common law rule known as the "Barton doctrine" requires that he obtain leave of this Court before initiating such a suit. (Id. ¶¶8-10.)

4. As the Leave Motion also admits, pursuant to the Barton doctrine, Goulding must make out a *prima facie* case before he is granted leave to sue. (Id. ¶11) (citing In re Weitzman, 381 BR. 874, 880 (Bankr. N.D. Ill. 2008)).

5. The Proposed Complaint alleges that Weiss defamed Goulding in actions she took in her role as Receiver. (Proposed Defamation Compl., ¶¶17, 45). The supposedly defamatory statements appeared in Schedule K-1 tax forms that were sent to investors in funds managed by Nutmeg. The cover letter to the Schedule K-1s was printed on Barnes' letterhead and signed by Weiss as receiver. (Id. ¶¶8, 16-18).

**Delay In Distribution Of Nutmeg's Assets**

6. On July 1, 2011, the Receiver filed a motion in Case 1775 to distribute assets of the receivership. (Dkt. No. 316.) As set forth in that motion, the total claims by investors in

3

Nutmeg's funds are approximately $8.5 million, and, not counting approximately $25,000 retained for expenses, approximately $200,000 is available for distribution to Nutmeg's investors. (Id. at 11.) On August 4, 2011, however, the Receiver withdrew this motion because the Leave Motion and the Proposed Defamation Action potentially create a further claim against Nutmeg's estate. (Dkt. No. 337.)

## THE PROPOSED DEFAMATION ACTION SHOULD BE REASSIGNED

### Relatedness

7. Local Rule 40.4(a) provides that civil cases "may be related if one or more of the following conditions are met:

    (1)    the cases involve the same property;

    (2)    the cases involve the same issues of fact or law;

    (3)    the cases grow out of the same transaction or occurrence . . . ."

8. Although only one of the conditions stated in Rule 40.4(a) must be satisfied for two cases to be "related," three of the Rule's criteria are met with respect to Case 1775 and the Proposed Defamation Action.

### Same Property

9. As an officer of the Court, Weiss' exposure to personal liability is limited to: (a) acts outside the scope of her authority, i.e. *ultra vires* acts; or (b) willful and deliberate violations of fiduciary duty. See, e.g., Med. Dev. Int'l v. Cal. Dep't of Corrections and Rehab., 585 F.3d 1211, 1219 (9th Cir. 2009) (holding that receiver could not be sued in his individual capacity); In re Am. Bridge Prods., Inc., 328 B.R. 274, 334 (Bankr. D. Mass. 2005) ("A receiver is protected from personal liability while acting within the scope of authority of the appointing court."), vacated on other grounds by 599 F.3d 1 (1st Cir. 2010). The same principle applies to Barnes. In re Kids Creek Partners, L.P., 248 B.R. 554, 560-562 (Bankr. N.D. Ill. 2000) (denying motion

for leave to hold trustee and his counsel personally liable where no *prima facie* showing of deliberate breach of fiduciary duty was made).

10.  The Proposed Complaint does not allege that Weiss or Barnes committed any such acts. Thus, any recovery in the Proposed Defamation Action against Weiss or Barnes would come from Nutmeg's receivership estate -- not from Weiss or Barnes personally. See, e.g., McNulta v. Lochridge, 141 U.S. 327, 331-32 (1891) ("Actions against the receiver are in law actions against the receivership or the funds in the hands of the receiver, and his contracts, misfeasances, negligences, and liabilities are official, and not personal, and judgments against him as receiver are payable only from the funds in his hands."); In re Weisser Eyecare, Inc., 245 B.R. 844, 848 (Bankr. N.D. Ill. 2000) (same in trustee context); Med. Dev. Int'l, 585 F.3d at 1219 ("Liability of the Receiver in his official capacity means, as a practical matter, payment can be obtained only from the funds of CDCR, as controlled by the Receiver.").

11.  As a result of the foregoing, both cases involve the same property. In particular, in Case 1775, this Court is administering the receivership estate of Nutmeg. Yet, as just shown, any recovery against Weiss or Barnes in the Proposed Defamation Action will, to the extent assets are available, come out of that estate, i.e., the same property.

**Same Issues**

12.  Case 1775 and the Proposed Defamation Action also involve the same questions of fact and law, for at least three reasons. First, as described above, both actions involve common questions about a receiver and her counsel's personal liability and the liability of a receivership estate.

13.  Second, paragraph G of the Appointment Order in Case 1775 protects Weiss and Barnes from any suits "with respect to the performance of their duties and responsibilities" and

5

from liability for other acts or omissions unless this Court finds that they acted "as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties." Thus, there can be no recovery in the Proposed Defamation Action unless this Court makes findings in Case 1775. As a result, both cases involve precisely the same questions of fact and law.

14. <u>Third</u>, the Leave Motion in Case 1775 requires Goulding to demonstrate that the Proposed Defamation Action states a *prima facie* case. Weiss and Barnes intend to argue that the Proposed Defamation Action does not state a *prima facie* case for a variety of reasons, including that the facts alleged therein do not -- as a matter of law -- state a claim against Weiss or Barnes. Clearly, similar, if not identical, questions will be raised in the Proposed Defamation Action if it proceeds.

**Same Occurrence**

15. Cases 1775 and the Proposed Defamation Action meet the third requirement for relatedness because both cases grow out of the same occurrence. For one thing, both this Court's administration of Nutmeg's receivership estate and the Receiver's alleged defamation of Goulding arise out of the creation of a receivership for Nutmeg's assets. Further, the Leave Motion and the Proposed Defamation Action grow out of the same occurrence -- the alleged defamation of Goulding.

**The Conditions For Reassignment Are Met**

16. Once cases are found to be related, Local Rule 40.4(b) provides that the higher numbered case (here, the Proposed Defamation Action) may be reassigned to the judge hearing the lower numbered case (here, Case 1775) if: (a) the earlier and later case are pending in the same Court; (b) assigning both cases to the same judge is likely to conserve judicial resources; (c) the earlier case has not progressed to the point where the later-filed case would substantially

delay the first case; and (d) the cases are susceptible of disposition in a single proceeding. Each of these requirements is met here.

17. The <u>first</u> requirement is met because both cases are pending in the United States District Court for the Northern District of Illinois.

18. The <u>second</u> requirement is met because assigning these cases to the same judge will conserve judicial resources. Both cases involve many of the same parties, and the operative facts in the Proposed Defamation Action depend on the facts in Case 1775. Moreover, the Court in Case 1775 will have to become familiar with the law and facts of the Proposed Defamation Action to resolve the Leave Motion. And, administration of Nutmeg's receivership estate requires an understanding of claims against the estate, including the Proposed Defamation Action. Thus, having one judge assigned to both cases will save judicial resources.

19. Local Rule 40.4's <u>third</u> requirement also is fulfilled. Indeed, because any recovery in the Proposed Defamation Action will come from the receivership estate in Case 1775, the receivership estate in Case 1775 cannot be terminated until the Proposed Defamation Action is resolved. Thus, deeming the cases related will not delay Case 1775.

20. <u>Finally</u>, certain aspects of Case 1775 and the Proposed Defamation Action are susceptible to disposition in a single proceeding. For example, resolution of the Leave Motion should resolve certain legal issues that would otherwise be resolved in a separate motion to dismiss in the Proposed Defamation Action.

### THE PROCEEDINGS IN THE PROPOSED DEFAMATION ACTION SHOULD BE STAYED

21. Local Rule 40.4(b) provides that, ordinarily, an answer to a complaint should be filed before a motion to reassign a case is brought. In this unique instance, that requirement should be set aside because the Proposed Complaint was not authorized by this Court in Case

1775. Thus, while the Leave Motion is pending, deadlines for responsive pleadings and other actions in the Proposed Defamation Action should be stayed.

22. Indeed, the <u>Barton</u> doctrine is a <u>jurisdictional</u> rule that must be met <u>before</u> an action is initiated against a receiver. <u>In re Crown Vantage, Inc.</u>, 421 F.3d 963, 971 (9th Cir. 2005). In <u>Crown Vantage</u> -- a case cited by Goulding (Leave Mot. at ¶20) -- the court explained that "a party must <u>first</u> <u>obtain</u> <u>leave</u> of the bankruptcy court <u>before</u> <u>it</u> <u>initiates</u> an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court . . . ." <u>Id.</u> at 970 (emphasis added); <u>see</u> also <u>Carter v. Rodgers</u>, 220 F.3d 1249, 1253 (11th Cir. 2000) (leave of the bankruptcy court "is required <u>before</u> pursuing remedies in either state or other federal courts") (emphasis added); <u>In re Kids Creek</u>, 248 B.R. 554, 558 (Bankr. N.D. Ill. 2000) ("Prospective plaintiffs should <u>obtain</u> leave of the court in which the trustee was appointed <u>before</u> they may sue a bankruptcy trustee and his or her counsel in a non-appointing forum.") (emphasis added).

23. Inasmuch as the Proposed Defamation Action was filed without leave of court, no court has jurisdiction to consider it. It should be considered a nullity, and no responsive pleading should be required until and unless the Leave Motion is granted.

WHEREFORE, Leslie J. Weiss and Barnes & Thornburg LLP respectfully request that this Court: (a) enter an order pursuant to Local Rule 40.4; (b) finding that the Proposed Defamation Action and Case 1775 are related; (c) forward that order to the Executive Committee together with a request that the Executive Committee reassign the Proposed Defamation Action to Your Honor; (d) stay the Proposed Defamation Action; and (e) grant such other and further relief as is appropriate.

        Respectfully submitted,

        LESLIE J. WEISS and
        BARNES & THORNBURG LLP

        By:     /s/ Olivia St. Clair
                  One of Their Attorneys

Stephen Novack
Timothy J. Miller
Rebekah H. Parker
Olivia St. Clair
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, IL 60606
(312) 419-6900
Doc. #448432

## CERTIFICATE OF SERVICE

Olivia St. Clair, an attorney, certifies that she caused copies of the foregoing **Motion for (I) Reassignment of Related Case And (II) To Stay Later Filed Case,** to be served by electronically filing the document with the Clerk of Court using the ECF system this 15th day of August, 2011.

/s/ Olivia St. Clair