Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1775 | **DATE** | October 19, 2011 |
| **CASE TITLE** | | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS in part and DENIES in part the SEC's Motion to Strike Defendants' Jury Demand (doc. #333).

■[ For further details see below.]    Docketing to mail notice.

## STATEMENT

On March 25, 2009, the SEC filed this case alleging that the Defendants violated the Investment Advisers Act of 1940 (Advisers Act). The Defendants answered the Complaint on June 15, 2009. Neither the SEC nor the Defendants demanded a jury trial. On June 14, 2011, the SEC, with leave of Court, filed an Amended Complaint. In answering the Amended Complaint, Defendants requested a jury trial. The SEC now moves to strike that jury demand.

Rule 38(b) of the Federal Rules of Civil Procedure requires that a demand for a jury trial be made "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). Failure to file a timely demand results in a waiver of the right to a jury trial. *Commc'n Maint., Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1208 (7th Cir. 1985). Under Rule 38, amendments or supplemental pleadings do not extend the time for making a demand for jury trial except as to new issues raised by the new pleadings. *Id.* Thus, a court need to decide "at what point during the pretrial pleading stage . . . the pleadings finally framed the various issues to be put before the trier-of-fact; that is, when did the pleadings cease raising new factual issues, and begin simply alleging new legal theories or particularized facts." *Id.*

The Amended Complaint contains no new counts or charges. It does not add additional defendants. Rather, it adds factual detail. To determine whether the amendments constitute "new factual issues" or "particularized facts" relevant to previously raised factual issues, the Court will examine the differences between the two complaints.

Each complaint contains similar subheadings framing the SEC's allegations of misconduct. Principally, the SEC alleges that the Defendants failed to maintain required books and records, misappropriated client assets, inaccurately valued assets of the Funds into which Nutmeg invested clients' money, and made misrepresentations to advisors.

The SEC first alleges that Defendants failed to keep adequate records. The original and amended Complaints raise substantially the same allegations. Most of the changes in Paragraphs 44-51 of the Amended Complaint are grammatical, shifting from the present to the past tense. Defendants make no argument that the SEC raises any new factual issues with regard to the SEC's allegation that the Defendants failed to keep adequate records.

## STATEMENT

Next, the SEC alleges that the Defendants misappropriated client assets. Both the original and amended Complaints allege that the Defendants allowed third parties to hold, own, and control some of the Funds' assets. Both the original and amended Complaints allege that the Relief Defendants received a percentage of the fees that Nutmeg earned from certain transactions, which was part of the scheme to misappropriate client assets. The changes to Paragraphs 52-61 do not raise any new factual issues. The Amended Complaint, however, alleges that one of the Defendants, Randall Goulding, used Fund assets to pay for personal expenses. Nothing in the original Complaint raises any inference that the SEC alleged that Goulding misappropriated Fund assets for his personal benefit. Rather, the original Complaint alleged that the Defendants, including Goulding, allowed third parties (albeit third-parties controlled by the Defendants and their families) to control Fund assets and that the Defendants siphoned a percentage of their fees to the Relief Defendants. The allegations of Paragraphs 62-68 clearly raise a new factual issue. The Amended Complaint further alleges that Goulding and Nutmeg misappropriated more than $2.3 million from the Funds by inflating fees or exchanging overvalued securities. Again, nothing in the SEC's original allegations regarding the misappropriation of client assets, which centered primarily on the use of third-parties to hold Fund assets, suggests that the SEC had alleged that Goulding or Nutmeg had actively stolen assets from investors. Paragraphs 83-88 clearly raise a second new factual issue.

In both the original and amended Complaints, the SEC alleges that the Defendants did not accurately value the Funds' assets. Some of the allegations center on the Defendants' inability to accurately value the Funds' assets because of their lack of documentation. Paragraphs 71-76 concern this type of valuation and the amendments do not present a new factual issue. Paragraphs 77-82, however, suggest that the Defendants overvalued the Funds' assets in a different way — actively disregarding valuation standards and not discounting restricted assets. These allegations also raise new factual issues.

Finally, the SEC alleges in both the original and amended Complaints that the Defendants made misrepresentations to investors. Both Complaints' allegations center on the quarterly reports presented to investors that, according to the SEC, were false. None of the changes made in the amended complaint raises any new factual issue, but rather makes only minor grammatical changes.

At the end of the day, the Amended Complaint raises several new factual issues (Paragraphs 62-68, 77-82, and 83-88). The SEC argues that these new factual issues were "raised" for the first time not in the Amended Complaint but in documents exchanged by the parties throughout the litigation. Thus, the SEC argues that Goulding's demand for a jury trial should have been made after those exchanges, upon learning of the issues. There is some support in *Huff v. Dobbins, Fraker, Tennant, Joy & Perlstein*, 243 F.3d 1086, 1090 (7th Cir. 2001), for the proposition that where the arguably new factual issues had been litigated by the parties a supplemental pleading does not reset the right to demand a jury trial. However, in *Huff*, the parties had litigated the arguably new factual issues in a motion on summary judgment and on appeal. *Id.* That is not the case here, and the Court will not construe the exchange of documents during discovery to put Defendants on notice that the SEC intended to raise certain factual issues before the Court. Rule 38(b) provides that the demand for a jury trial need come only after a pleading puts the factual issue. Here, the SEC's Amended Complaint placed several new factual issues before the Court for the first time, regardless of the information exchanged during the discovery process.

The Court finds that Defendants have not waived their right to a jury trial with regard to the Paragraphs of the Amended Complaint noted above. The Court further rules that Defendants have waived the right to a jury trial with regard to the remaining allegations of the Amended Complaint, and grants the motion to strike the jury demand as to those issues. However, Rule 39(b) allows a party to move for a trial by jury on any issue for which a demand might have been made. Although the parties discuss, the possibility of a Rule 39(b) motion providing the basis for the Defendants to overcome their waiver of the right to a jury trial, neither side discusses the impact of conducting a bench trial on some issues and a jury trial on others. Nor have the Defendants filed a Rule 39(b) motion. Given that the Court's ruling on the Motion to Strike, the Court grants Defendants leave to file a motion pursuant to Rule 39(b) to address whether the Court should allow for trial by jury even though a demand on those issues has not properly been made.

*Wm. J. Hibbler*