aEE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE NUTMEG GROUP, LLC, RANDALL ) <br> GOULDING, DAVID GOULDING, ) <br> ) <br> Defendants ) <br> ) <br> DAVID GOULDING, INC., DAVID ) <br> SAMUEL, LLC, FINANCIAL ALCHEMEY, LLC ) <br> PHILLY FINANCIAL, LLC, AND ERIC ) <br> IRRGANG, ) <br> ) <br> Relief Defendants. ) | Case No. 09 C 1775 <br><br> The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

The Securities and Exchange Commission (SEC) alleges that the Nutmeg Group and two of its principals, Randall and David Goulding, have violated the Investment Advisers Act of 1940 and brings a nine-count complaint against them and various relief defendants. Shortly thereafter, the Court appointed Leslie Weiss as the Receiver for Nutmeg to be the agent of the Court. Randall Goulding now seeks leave to file suit against the Receiver, alleging that she has published false statements about him.

I. Factual Background

The Court appointed Leslie Weiss as the Receiver for Nutmeg on August 6, 2009. Among other things, the order appointing Weiss as Receiver granted her the power to oversee all aspects of

1

Nutmeg's business and to take custody of all of Nutmeg's funds, including the power to sell or liquidate assets or spend money to further Nutmeg's business. The order further required Nutmeg's officers to assist the Receiver in fulfilling her duties and obligations. The order shielded the Receiver and her retained personnel from liability for their compliance with their duty. It provided that "[i]n no event shall the Receiver or Retained Personnel be liable to anyone (1) with respect to the performance of their duties and responsibilities as Receiver and Retained Personnel, or (2) for any actions taken or omitted by them, except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence or in reckless disregard of their duties.

In July 2010, the Receiver, with the assistance of legal counsel and a retained accountant (all of whom are proposed defendants), prepared tax returns and Schedule K-1s for each of the Funds operated by Nutmeg. The Receiver then disseminated the tax returns and Schedule K-1s to Nutmeg's investors. The Schedule K-1 contained a paragraph set forth as "supplemental information" that contained the statement that "[t]he taxpayer does not consider itself a 'qualified investor' because the Principal of the taxpayer [Goulding] has been taken into custody and charged with allegedly knowing the activity described above regarding the taxpayer's investment activities . . . ."

Goulding objected to the statement and the Receiver promptly amended the Schedule K-1s to omit the offending language. A month later, Goulding filed before this Court a Motion to Compel the Receiver to allow him to communicate with Nutmeg's investors. In short, Goulding sought to compel the Receiver to issue a statement clarifying the error in the original K-1 statements. The Court denied Goulding's motion and Goulding never asked the Court to reconsider that decision.

More than a year after the Receiver distributed the offending Schedule K-1s, Goulding sought

2

leave from this Court to file a three-count Complaint against the Receiver in the Circuit Court of Cook County. The Court set a briefing schedule on that motion. Before the briefing of Goulding's motion was complete and without leave of this Court, Goulding filed his complaint against the Receiver (and retained personnel) in the Circuit Court of Cook County. The Receiver removed that complaint to District and it has since been reassigned to this Court.

## II. Analysis

The *Barton* doctrine bars suits against court-appointed receivers taken by them in the course of their receivership in courts other than the court charged with the administration of the estate. *Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881). The Supreme Court has explained that the rationale behind the doctrine is to protect the interest of the trust or estate beneficiaries because a suit against the receiver has the effect to take money from the trust or estate without regard to the interests of other parties. *Barton*, 104 U.S. at 129; *see also Davis v. Gray*, 83 U.S. 203, 218, 21 L.Ed. 447 (1872) (holding that a court appointing a receiver "will not allow him to be sued touching the property in his charge, nor for any malfeasance as to the parties or others, without [the court's] consent."). Thus, a party who seeks leave to sue a receiver must first obtain leave from the court that has appointed her. *In re Crown Vantage, Inc.*, 421 F.3d 963, 971 (9th Cir. 2005). The Supreme Court further explained that to entertain a suit against a receiver would be a "usurpation of the powers and duties which belonged exclusively to another court;" the court that appointed the receiver. *Barton*, 104 U.S. at 136-37. Consequently, without leave of the court appointing a receiver, any other court lacks subject matter jurisdiction over a suit against the receiver. *Id.*; *Crown Vantage*, 421 F.3d at 971.

The Receiver argues that because the state court lacked subject matter jurisdiction over Goulding's claims, the doctrine of derivative jurisdiction then forecloses any exercise of jurisdiction by this Court. Goulding does not dispute the basic principle that the *Barton* doctrine deprived the state court of subject matter jurisdiction over his claims. *See Crown Vantage*, 421 F.3d at 971; *Patco Energy Express, LLC v. Lambros*, 353 Fed. Appx. 379, 381 (11th Cir. 2009); *Muratore v. Darr*, 385 F.3d 140, 147-48 (1st Cir. 2004); *In re J.S. II., LLC*, 389 B.R. 570, 582 (Bankr. N.D. Ill. 2008); *In re Messina*, No. 99 B 29371, 2003 WL 22271522 (Bankr. N.D. Ill. Sep. 29, 2003). Instead, he argues that now that the Receiver has removed his suit to this Court any jurisdictional problem is solved because *Barton* bars only another court's exercise of jurisdiction over a suit against the Receiver. Goulding finds support for his argument in *In re Harris*. 590 F.3d 730, 742 (9th Cir. 2009). The *Harris* court observed that the "*Barton* doctrine is a practical tool to ensure that all lawsuits that could affect the administration of the bankruptcy estate proceed either in the bankruptcy court, or with the knowledge and approval of the bankruptcy court" and not "a tool to punish the unwary by denying *any* forum to hear a claim" when leave is not sought. *Id.* (emphasis in original). Consequently, the *Harris* court held that where a party files suit in another forum without leave, once the offending case is removed to the bankruptcy case, "all problems under the *Barton* doctrine vanish[]." *Id.*

*Harris* is, however, a Ninth Circuit opinion, and not binding on this Court. Instead, the Court must follow the law of the Seventh Circuit, which recently assessed the parameters of the doctrine of derivative jurisdiction. *Rodas v. Seidlin*, — F.3d —, —, 2011 WL 3836460, at *4 (7th Cir. Aug. 31, 2011). Under the doctrine of derivative jurisdiction, a federal court acquires no jurisdiction over a removal pursuant to 28 U.S.C. § 1442 where the state court lacks jurisdiction of the subject matter.

4

*Id.* at \*\*4, 7-8. Although the Seventh Circuit expressed doubt over the logic behind the doctrine of derivative jurisdiction, it noted that it was bound to follow the doctrine as set forth by the Supreme Court. *Id.* at \*4.

But *Rodas* does not so clearly foreclose this Court's exercise of jurisdiction. The court noted that there are limitations on the doctrine of derivative jurisdiction. *Id.* at \*\*8-9 (discussing *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972) and *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996)). In *Rodas*, the court grappled with the issue of whether the doctrine of derivative jurisdiction is "essential to a court's subject matter jurisdiction such that it cannot be cured" or whether it is procedural in nature, a "mere defect in the process by which a case reaches federal court." *Id.* It held that the doctrine is concerned with the acquisition of jurisdiction and constitutes a procedural defect in the removal process and not a missing ingredient to subject mater jurisdiction. *Id.* at \* 11-14 (citing *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 449-452, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943)). In other words, should the Court grant Goulding's motion for leave to file his claims, any jurisdictional defect would be cured.

Thus, the Court turns to the question of whether Goulding should be allowed to pursue his claims against the Receiver and the associated Defendants. The Receiver argues that Goulding has not put forth sufficient evidence to overcome the Receiver's and associated Defendants' immunity. Goulding counters that he need only establish a *prima facie* case and not anticipate potential Defendants.

A central purpose of the *Barton* doctrine is to protect trustees from excessive interference with their duties resulting from the need to defend themselves in lawsuits filed by parties upset by their treatment in the underlying proceeding. *In re Kids Creek*, 248 B.R. 554, 559 (Bankr. N.D. Ill.

2000); *see also In re Linton*, 136 F.3d 544, 545-46 (7th Cir. 1998). Accordingly, in order to obtain leave from an appointing court to sue a trustee or receiver, the claimant must do more than meet the liberal notice-pleading requirements of Rule 8. *In re Kids Creek*, No. 00 C 4076, 2000 WL 1761020, at * 2 (N.D. Ill. Nov. 30, 2000). A claimant must *demonstrate* that it has a *prima facie* case against the prospective defendant. *Id.*; *see also In re Weitzman*, 381 B.R. 874, 880-81 (Bankr. N.D. Ill. 2008) (observing that claimant must *produce evidence* in support of case that supports claims without requiring further explanation); *In re Linton*, 136 F.3d at 547 (weighing circumstances surrounding claims against trustee and not just taking as true the allegations of the proposed complaint).

At common law, receivers are personally liable only for acts outside the scope of their authority or willful and deliberate violations of fiduciary duties. *In re Kids Creek*, 248 B.R. at 559; *see also In re Chicago Pacific Corp.*, 773 F.2d 909, 915 (7th Cir. 1985) (trustee personally liable only for willful and deliberate violation of fiduciary duties). In addition to the limited immunity under the common law, the Court's order appointing Weiss as receiver states that she cannot be sued for any actions taken in furtherance of her duties unless the Court *finds* that she acted as a result of malfeasance, bad faith, gross negligence, or reckless disregard of her duties. Goulding must then do more than simply plead a cause of action. He must produce or point to evidence that supports an inference that the Receiver acted in bad faith or recklessly disregarded her fiduciary duty.

Goulding points to no evidence, direct or circumstantial, that would support such an inference. In fact, the only evidence before the Court suggests that she acted in good faith: (1) the Receiver sent the allegedly defamatory K-1s in her capacity as Receiver and only to the Funds' investors; (2) Goulding's proposed complaint alleges that she did so negligently (contrary to

6

Goulding's assertion that he alleges that the Receiver acted willfully, he instead alleges that she acted willfully, recklessly, *or* negligently); (3) an exhibit attached to Goulding's proposed Complaint indicates that the Receiver issued the allegedly defamatory K-1s after consulting with the accountant and relying in good faith upon the accountant's advice; (4) after Goulding complained to the Receiver about the allegedly defamatory K-1s, she again consulted with the accountant, who acknowledged an error, and promptly sent the investors revised K-1s. Moreover, Goulding brought the allegedly defamatory statements to the Court's attention more than a year ago and never once suggested then that he believed or had any evidence that the Receiver willfully disregarded her fiduciary duties. Instead, he asked for a statement of correction to be sent with the revised K-1s. Although the Court denied that request, Goulding never asked the Court to reconsider that request. Quite simply, nothing about the series of events that precipitated Goulding's request indicates that the Receiver acted other than in good faith in the discharge of her fiduciary duties as receiver.

As noted earlier, a central purpose behind the *Barton* doctrine is to shield receivers from the burden of having to defend against suits brought by litigants disappointed in their actions or brought to intimidate or harass receivers while the underlying suit proceeds. *In re Linton*, 136 F.3d at 545. To say that Goulding has been uncooperative with the Receiver is to understate his recalcitrance. Goulding forced the Receiver to file a rule to show cause in order to compel him to turnover an Acura automobile owned by Nutmeg. (Doc. Nos. 118, 127, 139). He used third-parties to obtain control of a company owned by one of Nutmeg's Funds in order to sell additional shares of that company over the Receiver's objection. (Doc. Nos. 129, 163). He stonewalled the Receiver's efforts to obtain information regarding certain of Nutmeg's investments and records. (Doc. Nos. 180, 230). Goulding's obstinacy in the underlying litigation demonstrates an animosity towards the

7

Receiver and provides further pause to be wary of any purported claim he might raise against the Receiver, particularly in the absence of even a scintilla of evidence that the Receiver acted in bad faith.

In sum, Goulding has provided the Court with no reason to find that the Receiver or the associated Defendants acted with malfeasance, in bad faith, or with reckless disregard for their fiduciary duties. Accordingly, the Court DENIES his Motion for Leave to File Suit. Because the Court has denied Goulding's motion, the jurisdictional problem created by the *Barton* doctrine has not been cured, and the Court remains without jurisdiction over the claim that Goulding filed in state court prior to obtaining leave of this Court. Accordingly, the Court, which now presides over that matter, will dismiss that case for lack of jurisdiction.

IT IS SO ORDERED.

10/19/11
Dated

Hon. William J. Hibbler
U.S. District Court