IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> THE NUTMEG GROUP, LLC, RANDALL GOULDING, DAVID GOULDING, <br><br> Defendants <br><br> DAVID GOULDING, INC., DAVID SAMUEL, LLC, FINANCIAL ALCHEMEY, LLC PHILLY FINANCIAL, LLC, AND ERIC IRRGANG, <br><br> Relief Defendants. | Case No. 09 C 1775 <br><br> The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

The Securities and Exchange Commission (SEC) alleges that the Nutmeg Group and two of its principals, Randall and David Goulding, have violated the Investment Advisers Act of 1940 and brings a nine-count complaint against them and various relief defendants. David Goulding moves to dismiss the SEC's claims against him arguing that the SEC has not pleaded those claims with sufficient particularity or has improperly "lumped" him into allegations made against other Defendants.

I. Factual Background

The Nutmeg Group, LLC (Nutmeg) was a registered investment advisor and provided discretionary portfolio management services to fifteen unregistered investment pools (the Funds).

1

Nutmeg provided its investors with offering materials, it prepared and mailed investor account statements, it executed portfolio transactions on behalf of the Funds, and it directed the Funds' investment strategy. In addition, Nutmeg was responsible for maintaining full and accurate records and books of account for its transactions and for the Funds as well as valuing the Funds' investments and net asset values and fees for the Funds' investors.

David Goulding became Nutmeg's Chief Compliance Officer in March 2008. Among other things, Goulding was responsible for keeping the required books and records for Nutmeg. When the SEC audited Nutmeg, it found that Nutmeg had not prepared financial statemetns for its own operations, had no general or auxiliary ledgers, trial balances, or income and expense statements. Nutmeg did not have records of the Funds' investments or their purchase and sale of entitled shares. The only financial records that Nutmeg maintained for the Funds were bank and brokerage statements and Excel spreadsheets that purported to track assets and balances of the Funds. Goulding prepared these records based on information from Randal Goulding. In addition, Nutmeg had no internal administrative controls to prevent investment adviser violations, no code of ethics, and no policies to ensure compliance with securities law. Nutmeg did not segregate the assets of the Funds or hold them through a qualified custodian. Of the approximately $32 million that Nutmeg claimed to hold in Fund assets, only approximately $1 million was held in the custody of a bank or brokerage firm. The remaining Fund assets consisted of documents including PIPE agreements, convertible notes, warrants, and stock certificates, kept in Nutmeg's offices.

Goulding also prepared quarterly account statements for Nutmeg's investors based upon information provided by Randall Goulding. These statements contained false information concerning the value of the investments and each investor's cash position. Goulding admitted that

the information was flawed because of incomplete documentation and the commingling of customer assets. Further, Goulding recorded incorrect stock princes for some of the Funds' investments and overstated the proceeds form the sale of stocks. Goulding also overvalued Funds by not accurately discounting the Funds' restricted investments (for example, Goulding did not take into consideration the fact that some assets were not freely tradeable or that outstanding notes were held with little assurance that it would be paid).

## II. Standard of Review

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990). In resolving a motion to dismiss, the Court treats well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Disability Rights Wise., Inc. v. Walworth County Bd. Of Supervisors*, 522 F.3d 796, 799 (7th Cir.2008). To survive a motion to dismiss under federal notice pleading, a plaintiff must provide a short and plain statement of his claim that provides "the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (internal quotation marks, brackets, and citation omitted). To meet this standard, a plaintiff must plead facts in sufficient context that plausibly suggests an entitlement to legal relief. *Twombly*, 550 U.S. at 561-62; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403-04 (7th Cir. 2010) ("plaintiff must give enough details about the subject-matter of the case to present a story that holds together.").

Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff to plead the circumstances constituting fraud with particularity. Fed. R. Civ. P. 9(b). This means the plaintiff must plead the circumstances of the fraud — the who, what, where, when, and how — in detail.

*DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.), *cert. denied*, 498 U.S. 941 (1990). The heightened pleading requirements do not extend, however, to states of mind, which can be pleaded generally. *Tricontinental Indus. Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007).

III. Analysis

The SEC raises four claims against Goulding, all for aiding and abbetting violations of securities laws by Nutmeg. Aider and abettor liability requires that: (1) there is a primary violation of securities law; (2) the aider and abettor generally was aware that his actions were part of an overall course of conduct that was improper or illegal; and (3) the aider and abettor substantially assisted in the primary violation. *Monetta Fin. Serv., Inc. v. SEC*, 390 F.3d 952, 956 (7th Cir. 2004); *see also* 15 U.S.C. § 78t(e).[1] Neither the SEC nor Goulding adequately sets forth the confusion concerning the awareness requirement. *See SEC v. Benger*, 697 F. Supp. 2d 932, 939 (N.D. Ill. 2010) (dicussing confusion regarding requisite scienter in Exchange Act cases). The Seventh Circuit, in *dicta*, notes that several courts have held that awareness can be satisfied by recklessness, but reaches no conclusion regarding whether recklessness or knowledge must be proven. *Monetta Fin. Serv., Inc.*, 390 F.3d at 956-57 (collecting cases). Regardless, the SEC has pleaded sufficient facts to state claims for aiding and abetting against Goulding.

---

[1] Congress amended § 78t to clarify the scope of aider and abettor liability in response to the Supreme Court's decision in *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 191, 114, S.Ct. 1439, 128 L.Ed.2d 119 (2004), which held that private rights of action for aiding and abetting were not available under the Securities Exchange Act of 1934 (Exchange Act). The SEC's claims in this case involve the Investment Advisers Act of 1940 (Advisers Act) and not the Exchange Act. In support of arguments regarding the scienter required in aiding and abetting cases, both parties cite to cases involving violations of the Exchange Act.

4

Goulding raises two principal arguments that the SEC has failed to state claims against him. First, Goulding argues that the SEC improperly "lumps" him in with the actions of Randall Goulding. Second, Goulding argues that the SEC cannot plead his awareness by virtue of his position within Nutmeg. Neither argument is convincing.

  A.  Violations of Advisers Act Section 204 and Rule 204-2.

Count VIII of the Amended Complaint alleges that Goulding added and abetted Nutmeg's violation of Section 204 of the Advisers Act. Section 204 of the Advisers Act requires that registered investment advisers "make and keep" certain records and "furnish such copies" of those records as the Commission requires to protect the public interest or investors. 15 U.S.C. § 80b-4. Advisers Act Rule 204-2 requires registered investment advisers to "make and keep true, accurate and current" copies of certain books and records, including records necessary to form the basis for or demonstrate the calculation of the performance or rate of return, records to reflect assets and liability, and records to reflect income and expense accounts. 17 C.F.R. § 275.204.2.

The Amended Complaint contains more than sufficient allegations to inform Goulding of the Section 204 violations that the SEC alleges. The Amended Complaint alleges that Nutmeg failed to keep accurate financial statements, particularly that it lacked general or auxiliary ledgers, trial balances, income and expense statements, records of the Funds' investments, internal policies and procedures designed to prevent violations of the Advisers Act, and accurate records for the Funds. The Amended Complaint further alleges that the only financial records that Nutmeg maintained for the Funds were bank and brokerage statements and spreadsheets that contained numerous errors.

Contrary to Goulding's argument that the Amended Complaint fails to distinguish between his conduct and the conduct of Randall Goulding, the Amended Complaint sets forth Goulding's

general duties to the Funds and further specifies ways in which Goulding was aware of Nutmeg's violations of Section 204. The Amended Complaint states that Goulding was responsible for carrying out Nutmeg's duties as the Funds' general partner, which included maintaining full and accurate records of Nutmeg's books. (Am. Compl. ¶¶ 30-31). More specifically, it states that the quarterly account statements were prepared by Goulding, the spreadsheets purporting to track the Funds' assets and balances were prepared by Goulding, and that Goulding knew that the documentation of the Funds' assets was incomplete. (Am. Compl. ¶¶ 41, 45, 72). These allegations do not depend solely upon an inference that Goulding must have known about Nutmeg's violations because of his position as Chief Compliance Officer. Rather, they depend upon the SEC's allegations that Goulding had the responsibility to maintain full and accurate records for Nutmeg. The Court finds that these allegations are sufficient to demonstrate that Goulding was aware that Nutmeg failed to make and keep records in compliance with Section 204 and Rule 204-2 and that he aided those violations.

B.  Violations of Advisers Act 206(4) and Rule 206(4)-2

Count VI of the Amended Complaint alleges that Goulding aided and abetted Nutmeg's violations of Section 206(4) of the Advisers Act and Rule 206(4)-2. Section 206(4) of the Advisers Act prohibits acts or business practices that are fraudulent, deceptive, or manipulative. 15 U.S.C. § 80b-6(4). Rule 206(4)-2, promulgated pursuant to Section 206(4), provides that it is a fraudulent, deceptive or manipulative act for a registered investment adviser to have custody of clients' funds or securities, unless a qualified custodian maintains those funds pursuant to certain guidelines. 17 C.F.R. § 275.206(4)-2. Rule 206(4)-2(a) further requires taht a qualified custodian maintain client funds and securities in a separate account for each client. 17 C.F.R. § 275.206(4)-2. Rule 206(4)-2

6

also requires an adviser that sends quarterly account statements to investors to undergo annually a surprise examination or provide audited financial statements to investors within 120 days after a pooled investment vehicle's fiscal year end. 17 C.F.R. § 275.206(4)-2. No *scienter* is necessary to establish a violation fo Section 206(4). *See SEC v. Householder*, No. 02-C-4128, 2002 WL 1466812, at *7 (N.D. Ill. Jul. 8, 2002) (citing *SEC v. Capital Gains Research Bur., Inc.*, 375 U.S. 180, 195, 84 S.Ct. 275, 11 L.Ed.2d 237 (1963)).

The Amended Complaint alleges that Nutmeg commingled investors' funds and that virtually all of the $32 million in assets were not held by a qualified custodian. (Am. Comp. ¶¶ 37, 46, 49, 55). The Amended Complaint further alleges that much of the assets were held by third parties, including relief Defendants owned and controlled by Goulding. (Am. Compl. ¶¶ 9-10, 54-57).

The SEC again pleads adequate awareness of the Rule 206(4)-2 violations by Goulding himself. It pleads that Goulding was responsible for maintaining full and accurate records of Nutmeg's books and that he failed to do so. Moreover, the Amended Complaint alleges that some of the Funds' assets were held by companies that Goulding owned and controlled. It can be inferred both from Goulding's responsibility to maintain Nutmeg's records and from his control over companies that allegedly improperly held the Funds' assets that Goulding was aware of and aided Nutmeg's violations of Rule 206(4)-2.

C.   Section 206(4) and Rule 206(4)-8

Count V of the Amended Complaint alleges that Goulding aided and abetted Nutmeg's violations of Section 206(4) and Rule 206(4)-8. Rule 206(4)-8 prohibits investment advisers to pooled investment vehicles from making untrue statements to an investor or prospective investor in the pooled investment vehicle. 17 C.F.R. § 275.206(4)-8. The untrue statements must be material,

meaning that a reasonable investor would consider the statement important. *Basic v. Levinson*, 485 U.S. 224, 232, 108 S.Ct. 978, 99 L.Ed. 2d 194 (1988).

The Amended Complaint alleges that Nutmeg violated this rule by misrepresenting to its investors the value of the investments on quarterly statements. The SEC alleges, among other things, that Nutmeg consistently overvalued Funds by failing to discount the Funds' restricted investments in several securities, recorded incorrect stock prices for the Funds' investments, and misrepresenting investors' cash position on account statements. Given that a reasonable investor is concerned about the performance of an investment, misrepresentations regarding the true value of a fund and its performance are material, and Goulding makes no argument to the contrary.

Goulding argues that the SEC fails to distinguish between his conduct and Randall Goulding's conduct largely based upon a single paragraph. In Paragraph 41 of the Amended Complaint, the SEC alleges hat David Goulding prepared quarterly account statements "based on information provided by Randall Goulding." Goulding argues that the SEC provides no basis to infer that he knew that the information provided by Randall Goulding was false. But Goulding's argument overlooks other significant allegations in the Amended Complaint. For example, in Paragraph 72, the SEC alleges that Goulding admitted that the documentation listing the purported holdings of several Funds differed from the information on Nutmeg's internal records and that he further admitted that the information provided to the Commission was flawed due to incomplete documentation and commingling of customer assets. Paragraph 73 alleges that Goulding recorded incorrect stock prices for certain investments in Nutmeg's internal records. Paragraph 74 alleges that Goulding improperly valued a Funds' investments in four different companies. Paragraph 77 alleges that Goulding overvalued Funds by not accurately discounting the Funds' restricted investments.

Quite contrary to Goulding's arguments that the Amended Complaint alleges little in the way of his participation in Nutmeg's Rule 206(4)-8 violations, the Complaint details his extensive involvement in valuing the Funds, preparing the account statements, and knowledge of the reasons why those statements were false.

D.   Sections 206(1) and 206(2).

Count IV alleges that Goulding aided and abetted Nutmeg's violations of Sections 206(1) and 206(2) of the Advisers Act. Section 206(1) prohibits registered investment advisers from employing any device, scheme, or artifice to defraud any client or prospective client. 15 U.S.C. § 80b-6(1). Section 206(2) prohibits any transaction, practice or course of business which operates as a fraud or deceit upon a client or prospective client. 15 U.S.C. § 80b-6(2). Section 206(2) does not contain a *scienter* requirement. *Householder*, 2002 WL 1466812, at * 7 (citing *Capital Gains*, 375 U.S. at 195). Section 206(1) requires a reckless intent to deceive or defraud. *Robin v. Arthur Young & Co.*, 915 F.2d 1120, 1126 (7th Cir. 1990); *Householder*, 2002 WL 1566812, at *7.

The SEC alleges that Nutmeg violated Sections 206(1) and (2) by allowing the relief Defendants to hold Fund assets and share in the Funds' proceeds. It alleges that the transfers and payments to the relief Defendants were not disclosed to the Funds and that there were no agreements indicating that Fund assets were to be held by the relief Defendants. Goulding's argument that the SEC has not adequately alleged his knowledge of or involvement in Nutmeg's violations again is based upon a flawed reading of the Amended Complaint. Goulding proposes that the SEC alleges only that he must have known about these violations because of his position as Nutmeg's Chief Compliance Officer. But the Amended Complaint alleges that Nutmeg transferred funds to the relief Defendants and that two of the relief Defendants were owned by Goulding. It further alleges that

9

the relief Defendants then made investment decisions with Fund assets and received compensation from Fund assets regardless of whether those investment decisions caused a gain or a loss. Goulding's ownership of and control of relief Defendants that participated in the scheme that allegedly violated Sections 206(1) and 206(2) is sufficient to provide a basis to conclude that he was aware of and aided Nutmeg's violations.

The Court DENIES Defendant's Motion to Dismiss.

IT IS SO ORDERED.

10/19/11
Dated

Hon. William J. Hibbler
U.S. District Court