**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

```
SECURITIES AND                  )
EXCHANGE COMMISSION,            )
                                )
       Plaintiff,               ) Case No. 09-CV -1775
                                )
            v.                  ) Judge William J. Hibbler
                                )
THE NUTMEG GROUP, LLC,          ) Magistrate Judge Ashman
RANDALL GOULDING,               )
DAVID GOULDING,                 )
                                )
       Defendants,              )
                                )
DAVID GOULDING, INC., DAVID     )
SAMUEL, LLC, FINANCIAL          )
ALCHEMY LLC, PHILLY FINANCIAL, )
LLC, SAM WAYNE, and ERIC        )
IRRGANG,                        )
                                )
       Relief Defendants.       )
```

## DEFENDANT RANDALL GOULDING'S REQUEST FOR ADMISSION OF FACTS AND INTERROGATORY
## TO BE ANSWERED BY PLAINTIFF

Defendant, Randall Goulding, *pro se*, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby requests that the Plaintiff, Securities And Exchange Commission, for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at trial, upon being duly sworn on oath admit the truth of the following facts, in writing, and to deliver to the offices of the undersigned at 1333 Sprucewood, Deerfield, IL 60015, within 30 days from service hereof; provided, however, that to avoid further delay of the case, it is respectfully requested that your responses be furnished on or before November 9, 2011.

**Prefatory Statement:**

You have alleged in paragraph 88 of the amended complaint that:
> "Nutmeg owes Fund investors at least $2,334,838.17 as a result of overstatement of management and performance fees, improper distributions to investors, improperly allocation of investment costs, improper allocation of investment proceeds, improper calculation of partnership profits, Randall Goulding's use of investor funds for his own personal investments, and improper related party transactions."

As you are aware, we vigorously dispute this claim, as do our experts. Accordingly, I issued to you my June 16, 2011 interrogatories, seeking, in principal part, that you break down, or ascribe the $2,334,838.17 into the specific categories set forth above, and as designated in your amended complaint. Only in this way can we specifically address this claim in our defense. You claim that you do not know the details of your applications, and have no more specificity and cannot break it down into the categories you allege, and that this is the only information you have. However, this was your allegation, and we feel that we have a right to know how much, if any, you allege to be attributable to each such category. We feel, as I have indicated repeatedly, that you should have known this before you made these allegations. We also feel that this was your responsibility to know this before you made such an allegation, in order to assure the accuracy of your pleadings, consistent with your obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.

In any event, given your inability to so break this down and to provide the specificity which we need in order to refute this claim, I request that you that at least admit to the following, so that we can determine our needs for, and our capacity to generate as a consequence, rebuttal/supplemental expert reports. I would like to make these determinations on or before November 9, 2011, and therefore request that you respond by such date, so that we can be prepared, by November 15, 2011, to inform Judge Hibbler how much time will be needed to secure the rebuttal/supplemental expert reports, pursuant to Judge Hibbler's specific request.

1. That of the $2,334,838.17 that you allege is owed by Nutmeg to the Nutmeg Funds

and/or to the Nutmeg Fund investors, you do not know:

   a. what portion of the $2,334,838.17 constitutes alleged overstatement of management fees;

   b. what portion of the $2,334,838.17 constitutes alleged overstatement of performance fees;

   c. what portion of the $2,334,838.17 constitutes alleged improper distributions to investors (And that you are also unaware of the amounts of allegedly improper distributions with respect to any annual period.);

   d. what portion of the $2,334,838.17 constitutes improper allocation of investment costs.

(And that you are also unaware of which specific investment costs were allegedly improperly allocated and the basis for any such contention, including any factual or legal basis supporting the notion that any allocation was improper, including, in any such instance, the applicable provision of the operating agreement. Also that you are unaware of how it was determined, if at all, that any such investment costs were not funded by investors or Funds, as the case may be, or to whom the costs were so allocated and to whom the costs should have been allocated. Also that you are unaware of what specific amounts you allege were collected from investors which should have been invested, but which were not invested, which the Crowe Horwath report refers to as "uninvested Funds", or from whom the amounts were collected.);

e. what portion of the $2,334,838.17 constitutes an improper allocation of investment proceeds. (And that you are also unaware of how it was determined, if at all, which investment proceeds were improperly allocated and any basis for determining that it was improperly allocated, including any factual or legal basis for the alleged impropriety of any allocation, including reference to the applicable provision of the operating agreement.);

f. what portion of the $2,334,838.17 constitutes an improper calculation of partnership profits. (And that you are also unaware of any such improper calculation, how it was miscalculated or in what way it was improperly calculated, or what was the correct calculation, or any detail as to any factual or legal basis for the alleged impropriety of the calculation.);

g. what portion of the $2,334,838.17 constitutes Randall Goulding's use of investor funds (as opposed to Nutmeg's Funds) for his own personal investments. (And that you are also unaware of any calculation demonstrating the extent to which Randall Goulding used investor funds for personal investments, including which personal investments, or any calculation delineating which investor funds were so used, or any factual basis supporting this claim. For this purpose, you are also unaware of any excess of the total amount collected by Nutmeg from investors over the sum of 1) the amount of investments ascribed by Nutmeg to the investors and 2) Management Fees as calculated by Nutmeg.);

h. what portion of the $2,334,838.17 constitutes improper related party transactions. (And that you are also unaware of any loss to investors due to related party transactions, including any factual or legal basis for the claim of impropriety, or how and to what extent any related party transaction resulted in a loss to the fund investors.).

2. That the total amount collected by Nutmeg from investors does not exceed the sum of 1) the amount of investments ascribed by Nutmeg to the investors and 2) Management Fees as

3

calculated by Nutmeg.

3. That the only basis for your contention that "Fund Assets Were Paid for Randall Goulding's Personal Expenses and Expenses Unrelated to the Funds' Operations" is that the funds were commingled. In particular, if each fund had its own bank account separate from that of Nutmeg, and each fund paid for the investments which were ascribed to it by Nutmeg, there would be no basis to contend that Randall Goulding, or Nutmeg used fund assets to pay for the personal expenses of Randall Goulding and his family.

4. A. That you do not know whether the $104,262.13 (as per paragraph 62 of the amended complaint) in charges was charged by Nutmeg to Randall Goulding, whether by a charge to his draw account, as a distribution, or otherwise, and

B. That you have no basis to dispute that such amount was charged to Randall Goulding.

5. A. That you do not know whether the $56,886.94 (as per paragraph 64 of the amended complaint) in charges was charged by Nutmeg to Randall Goulding, whether by a charge to his draw account, as a distribution, or otherwise, and

B. That you have no basis to dispute that such amount was charged to Randall Goulding.

6. A. That you do not know whether the $33,743.75 for the Acura automobile (as per paragraph 66 of the amended complaint) was charged by Nutmeg to Randall Goulding, whether

4

by a charge to his draw account, as a distribution, or otherwise, and

      B.      That you have no basis to dispute that such amount was charged to Randall Goulding.

7.      A.      That you do not know whether the $663,827.94 payments (as per paragraph 64 of the amended complaint) towards Randall Goulding's home equity line of credit was charged by Nutmeg to Randall Goulding, whether by a charge to his draw account, as a distribution, or otherwise, and

      B.      That you have no basis to dispute that such amount was charged to Randall Goulding.

8.      A.      That you do not know whether the $663,827.94 payments towards Randall Goulding's home equity line of credit were repayments of amounts previously borrowed from Goulding's home equity line of credit and used by Nutmeg and the Funds, and

      B.      That you have no basis to dispute that such amount was charged to Randall Goulding.

## INTERROGATORY

The DEFENDANT, RANDALL GOULDING, pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds the following interrogatory to be answered under oath by the PLAINTIFF, SECURITIES AND EXCHANGE COMMISSION, within 30 days of service; provided, however, that to avoid further delay of the case, it is respectfully requested that responses, if any, be furnished on or before November 9, 2011.

1. With regard to each Request to Admit, set forth above, which you deny, state in detail each and every basis for such denial. Additionally, identify each document and communication bearing on the issue, separately, indicating how it (a) supports, and/or (b) tends to refute, such denial. With regard to the belief as to the falsity, identify each and every basis for each such belief. And, additionally, with regard to number 2 above, if it is your position that the total amount collected by Nutmeg from investors does exceed the sum of 1. the amount of investments ascribed by Nutmeg to the investors and 2. Management Fees as calculated by Nutmeg, explain by what amount and how you calculated such excess and please provide details of your calculations and determinations in that regard.

**Response:**
 1.
 2.
 3.
 4.
 5.
 6.
 7.
 8.

/s/ Randall Goulding:

## **CERTIFICATE OF SERVICE**

      This is to certify that I, an attorney, hereby caused


/s/Randall S. Goulding