**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SECURITIES AND | ) | |
| EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09-CV -1775 |
| | ) | |
| v. | ) | Judge William J. Hibbler |
| | ) | |
| THE NUTMEG GROUP, LLC, | ) | Magistrate Judge Ashman |
| RANDALL GOULDING, | ) | |
| DAVID GOULDING, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| DAVID GOULDING, INC., DAVID | ) | |
| SAMUEL, LLC, FINANCIAL | ) | |
| ALCHEMY LLC, PHILLY FINANCIAL, | ) | |
| LLC, SAM WAYNE, and ERIC | ) | |
| IRRGANG, | ) | |
| | ) | |
| Relief Defendants. | ) | |

## DEFENDANT RANDALL GOULDING'S REQUEST FOR ADMISSION OF FACTS AND INTERROGATORY TO BE ANSWERED BY PLAINTIFF

Defendant, Randall Goulding, *pro se*, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby requests that the Plaintiff, Securities And Exchange Commission, for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at trial, upon being duly sworn on oath admit the truth of the following facts, in writing, and to deliver to the offices of the undersigned at 1333 Sprucewood, Deerfield, IL 60015, within 30 days from service hereof; provided, however, that to avoid further delay of the case, it is respectfully requested that your responses be furnished on or before December 31, 2011.

1.      That the sum of all sales of investor securities (that is, securities which Nutmeg ascribed

to its investors) does not exceed: the sum of (1) distributions to Nutmeg's investors plus (2) re-

investments by Nutmeg's investors plus (3) carried interest fees as calculated by Nutmeg plus (4)

management fees on the reinvestments by Nutmeg's investors.


**INTERROGATORY**

The DEFENDANT, RANDALL GOULDING, pursuant to Rule 33 of the Federal Rules of Civil

Procedure, propounds the following interrogatory to be answered under oath by the PLAINTIFF,

SECURITIES AND EXCHANGE COMMISSION, within 30 days of service.


1.      With regard to each Request to Admit, set forth above, which you deny, state in detail

each and every basis for such denial.  Additionally, identify each document and communication

bearing on the issue, separately, indicating how it (a) supports, and/or (b) tends to refute, such

denial.  With regard to the belief as to the falsity, identify each and every basis for each such

belief.  And, additionally, if it is your position that:

> the sum of all sales of investor securities (that is, securities which Nutmeg ascribed to its
> investors) does not exceed: the sum of (1) distributions to Nutmeg's investors plus (2) re-
> investments by Nutmeg's investors plus (3) carried interest fees as calculated by Nutmeg plus
> (4) management fees on the reinvestments by Nutmeg's investors,

explain by what amount and how you calculated such excess and please provide details of your

calculations and determinations in that regard.

**Response:**


                                        /s/ Randall Goulding
                                                2

## CERTIFICATE OF SERVICE

This is to certify that I, an attorney, hereby caused a copy of the foregoing Defendant Randall Goulding's Request For Admission Of Facts And Interrogatory to be answered by Plaintiff United States Securities and Exchange Commission, Robert Moye (MoyeR@sec.gov), and Andrew Shoenthal (ShoenthalA@SEC.GOV), 175 W. Jackson Blvd., Suite 900, Chicago, IL 60604, and upon the others set forth below, by email this November 4, 2011.

Andrew Charles Shoenthal       shoenthala@sec.gov

Deborah L. Thorne       dthorne@btlaw.com

Kevin Charles Driscoll , Jr       kevin.driscoll@btlaw.com

Paula K. Jacobi       pjacobi@btlaw.com, smichaels@btlaw.com

Robert MacDonald Moye       moyeR@sec.gov, birkenheierj@sec.gov, hilly@sec.gov

Steven B. Nagler       sbn.law@att.net

David S. Goulding       dave@dsgenterprises.net


/s/Randall S. Goulding