UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No.: 09-CV-1775 |
| v. | Judge William J. Hibbler |
| THE NUTMEG GROUP, LLC, RANDALL GOULDING, DAVID GOULDING, | Magistrate Judge Ashman |
| Defendants, | |
| DAVID GOULDING, INC., DAVID SAMUEL, LLC, FINANCIAL ALCHEMY, LLC, PHILLY FINANCIAL, LLC, and ERIC IRRGANG | |
| Relief Defendants. | |

**PLAINTIFF'S RESPONSES TO RANDALL GOULDING'S REQUEST FOR ADMISSION OF FACTS AND INTERROGATORY SERVED ON DECEMBER 22, 2011**

Plaintiff, the U.S. Securities and Exchange Commission ("the Commission"), for its responses to Defendant Randall Goulding's Request for Admissions of Facts and Interrogatory served on December 22, 2011, (the "December 2011 Requests and Interrogatory") states as follows:

**General Objections**

1.  The Commission incorporates its General Objections to Defendant Randall Goulding's First Request for Production of Documents and First Set of Interrogatories as if fully set forth herein.

2. The Commission also objects that in serving these interrogatories and requests to admit, Defendant Randall Goulding has exceeded the number of interrogatories and requests to admit, including subparts, which may be served without leave of Court under Rule 33 of the Federal Rules of Civil Procedure and the District Court's Order of September 16, 2009.

3. The Commission objects that the Certificate of Service for the December 2011 Requests and Interrogatory is inaccurate. Defendant Randall Goulding did not serve the requests on November 4, 2011, but on December 22, 2011.

### Response to Requests for Admission

1. That the sum of all sales of investor securities (that is, securities which Nutmeg ascribed to its investors) does not exceed: the sum of (1) distributions to Nutmeg's investors plus (2) reinvestments by Nutmeg's investors plus (3) carried interest fees as calculated by Nutmeg plus (4) management fees on the reinvestments by Nutmeg's investors.

**Response:** In addition to the foregoing objections, the Commission objects that this request is compound, argumentative, and is vague as to the term "ascribed by Nutmeg to the investors." Answering further, "Nutmeg's investors" is vague and ambiguous as the term could refer to either the limited partners in each of Nutmeg's investment advisory clients (the "Funds") or to the Funds. The Commission also objects that the request is vague as to the term "as calculated by Nutmeg." As discussed in the Receiver's filings [Docket No. 180] and to which Defendant Randall Goulding was subject to a Rule to Show Cause Order [Docket No. 230], the Defendant Randall Goulding claimed that there was modification of the operation agreement for the Nutmeg/Mercury LLP Fund ("Mercury Fund") which purportedly increased fees for the Mercury Fund and the Mercury Fund's limited partners. The Receiver, Crowe Horwath LLP ("Crowe Horwath"), and the Commission did not find any indication which could be verified that the limited partners in the Mercury Fund approved the increase in fees. As such, the Request to Admit is vague and assumes facts not in evidence as it implicitly assumes that the

limited partners in the Mercury Fund approved the fee increase. The Commission further objects that this request is not reasonably calculated to lead to the discovery of admissible evidence because, as described in the reports of Crowe Horwath and the Commission's own expert, Nutmeg significantly overvalued the holdings of the Funds and collected excessive fees. In addition, as disclosed previously in Plaintiff's Responses to Defendant Randall Goulding's (i) Interrogatories on September 6, 2011 and (ii) Interrogatories and Requests to Admit on December 7, 2011, the Commission is relying upon the testimony of a third-party witness, whom would be subject to cross examination, and who was recently deposed by Defendant Randall Goulding. To the extent that the information sought in this request is not fully described in the reports prepared by Crowe Horwath, the Commission does not have additional information to provide to Defendant Randall Goulding. Notwithstanding the foregoing objections, the Commission denies Request to Admit No. 1.

### Response to Interrogatory

1. With regard to each Request to Admit, set forth above, which you deny, state in detail each and every basis for such denial. Additionally, identify each document and communication bearing on the issue, separately, indicating how it (a) supports, and/or (b) tends to refute, such denial. With regard to the belief as to the falsity, identify each and every basis for each such belief. And, additionally, if it is your position that: the sum of all sales of investor securities (that is, securities which Nutmeg ascribed to its investors) does not exceed: the sum of (1) distributions to Nutmeg's investors plus (2) reinvestments by Nutmeg's investors plus (3) carried interest fees as calculated by Nutmeg plus (4) management fees on the reinvestments by Nutmeg's investors, explain by what amount and how you calculated such excess and please provide details of your calculations and determinations in that regard.

**Answer and Objections**: In addition to the foregoing objections, the Commission objects that because of its denials of the Defendant Randall Goulding's request for admission, this interrogatory is vague, compound, overly broad, unduly burdensome and seeks the disclosure of certain information (described in the Commission's answer to the Defendant's request) which is not reasonably calculated to lead to the discovery of admissible information.

3

Notwithstanding the foregoing objections, the Commission relies upon the testimony of a third-party witness, whom would be subject to cross examination, and who was recently deposed by Defendant Randall Goulding as well as the reports prepared by Crowe Horwath.

Dated:  January 23, 2012                        By:  **s/ *Benjamin J. Hanauer***

        Robert M. Moye (moyer@sec.gov)
        Benjamin J. Hanauer (hanauerb@sec.gov)
        Andrew Shoenthal (shoenthala@sec.gov)
        175 West Jackson Boulevard, Suite 900
        Chicago, IL 60604
        Telephone:  312.353.7390

*Plaintiff U.S. Securities and Exchange Commission*

## **CERTIFICATE OF SERVICE**

       I hereby certify that, on January 23, 2012, I caused a copy of **Plaintiff's Responses to Defendant Randall Goulding's Request for Admissions of Facts and Interrogatory served on December 22, 2011** to be served upon the following by email delivery:

| | |
|---|---|
| Randall S. Goulding (rsg@gouldinglaw.com)<br>1333 Sprucewood Lane<br>Deerfield, IL 60015 | Jamie S. Franklin<br>(jsf@thefranklinlawfirm.com)<br>The Franklin Law Firm LLC<br>53 W. Jackson, Suite 803<br>Chicago, Illinois 60604 |
| Steven B. Nagler (sbnlaw@att.net)<br>Steven B. Nagler, Ltd.<br>601 Skokie Blvd. Suite 504<br>Northbrook, IL 60062 | David S. Goulding (dave@dsgenterprises.net)<br>3637 Wilshire Lane<br>Madison, WI 53714 |

                                                By: **s/ *Benjamin J. Hanauer***
                                                      Benjamin J. Hanauer