LAW OFFICES OF
# RANDALL S. GOULDING
1333 Sprucewood, Deerfield, IL 60015
(847) 948-5431; Fax: (484) 450-5130

February 1, 2012

Benjamin J. Hanauer
Robert M. Moye
Andrew Shoenthal
175 West Jackson Blvd. Suite 900
Chicago, IL 60604-2615

Dear Sirs:

        Re:    your non-responsiveness to discovery, this time to my December 22, 2011 discovery requests

The purpose of this letter is to comply with Rule 37(a) (1) of the Federal Rules of Civil Procedure and to thus place you on notice of your failure to comply with various rules pertaining to discovery, as more fully set forth herein below. In particular, consider this my good faith attempt to make you aware of the deficiencies in your response to my December 22, 2011 Request for Admission of Facts and Interrogatory, and to provide you the opportunity to correct these deficiencies, without the necessity of a motion to compel.

None of your objections have merit. I have not exceeded the number of interrogatories or requests to admit. Please indicate why you have made this determination and how you have made this calculation.

But more importantly, your "responses" were once again extremely evasive, to the point of being totally unhelpful and an utter waste of time. I have diligently and carefully selected these inquiries, as well as the November 4, 2011 inquiries, and prior ones, in order to narrow the issues to focus on in this litigation and ultimately trial. Your "responses" to my November 4, 2011 and December 22, 2011 discovery requests, simply provided no information whatsoever. It appears, at least for the most part, that you have purposely avoided the issue, no doubt, in order to avoid conceding what you should have conceded a long time ago.

In particular, with regard to the December 22, 2011 requests, I have painstakingly attempted to clarify the issue on the sales/distribution side, isolating issues concerning valuation. In so doing, I specifically requested that you would admit that if Nutmeg's valuations and fee calculations were proper (which I do not ask you to concede, but merely to exclude the valuation issue and the fee calculations issue from this equation), the investor distributions were proper. In other words, and in such pursuit, in order to isolate and take out of the equation the fee calculation issues, the December 22, 2011 requests asked you to admit:

        "That the sum of all sales of investor securities (that is, securities which Nutmeg

>ascribed to its investors) does not exceed: the sum of (1) distributions to Nutmeg's investors plus (2) reinvestments by Nutmeg's investors plus (3) carried interest fees as calculated by Nutmeg plus (4) management fees on the reinvestments by Nutmeg's investors."

In addition to refusing to admit this fact, you have also refused to specify how and for what reasons it is untrue. Needless to say, this information is critical to the defense and extremely relevant to the allegations of the amended complaint.

By comparison to the December 22, 2011 requests which related to the sales/distribution side, the November 4, 2011 request #2, related to the collection/investment side. In particular, with regard to the November 4, 2011 requests, I painstakingly attempted to clarify the issue on the collection/investment side, isolating issues concerning valuation. In so doing, I specifically requested that you would admit that if Nutmeg's valuations and fee calculations were proper (which I did not ask you to concede, but merely to exclude the valuation issue and the fee calculations issue from this equation), the amounts received from investors were invested, but for the fees calculated by Nutmeg. In other words, and in such pursuit, in order to isolate and take out of the equation the fee calculation issues, the November 4, 2011 requests asked you to admit:

>"That the total amount collected by Nutmeg from investors does not exceed the sum of 1) the amount of investments ascribed by Nutmeg to the investors and 2) Management Fees as calculated by Nutmeg."

While you state in response to each such request that "this request is not reasonably calculated to lead to the discovery of admissible evidence", it is difficult to imagine what might be more relevant to a claim of misappropriation of Funds. Each inquiry is designed to isolate the portion of the alleged amount due is not attributable to the valuation issues that you have raised. It is designed to isolate the alleged missing money issue, in each instance, from the valuation issue. These discovery requests do not ask you to concede the valuation issues, only that you ignore them for this purpose. Your disagreements on the valuation issue and certain other issues that you recite, do not relieve you from your responsibilities to comply with my discovery requests.

Additionally, to the extent of your denials, I am entitled to know the basis for such denials and how it is untrue as sought in the related interrogatories.

I find specious your claim in response to the first request that the term "Nutmeg's investors" is "vague and ambiguous". As vague and ambiguous as you may find the term, you saw fit to use it three different times in the amended complaint (paragraph 55, 87 and 95) and referred to investors of Nutmeg throughout the amended complaint. I used your term and you objected because it is "vague and ambiguous". No matter which way you choose to interpret it, the term refers, directly or indirectly, to the same class of people, without any affect on its importance or its relevance.

Your suggestion that "the term could refer to either the limited partners in each of Nutmeg's investment advisory clients (the "Funds") or to the Funds" makes no sense. Besides your repeated use of the term, it should be evident, at least in this context, whether it is interpreted one

2

way or the other is irrelevant. Moreover, if your answer is different depending upon how you interpret your term, you should provide both answers, or at the very least, the response based on how you used your term in the amended complaint.

The term "as calculated by Nutmeg", is not vague. It means the way Nutmeg calculated it. While you launch into a discussion as to why you have determined that Nutmeg did not properly calculate its fees, that discussion and those objections are totally irrelevant. Consistent with the discussion above, this inquiry is designed to isolate the portion of the alleged amount due is not attributable to the fee calculation issues that you have raised. It is designed to isolate the alleged missing money issue, in each instance, from the fee calculation issue. These discovery requests do not ask you to concede the issues concerning how Nutmeg calculated these. Instead, for this exercise only, it was requested that you ignore the issues concerning fee calculations, for this purpose. Your disagreements on the valuation issue and certain other issues that you recite, do not relieve you from your responsibilities to comply with my discovery requests.[1] Nor does the implicit assumption, for this purpose that the limited partners in the Mercury Fund approved the fee increase, relieve you from your responsibilities to comply with the requests and appropriately respond. put another way, even if we are to assume, arguendo, that you are correct concerning the valuations and fee calculations, this inquiry becomes no less "calculated to lead to the discovery of admissible information". Integral to our defense and to our discussions with our experts and pursuits of expert testimony is establishing what portion of the $2,334,838.17 which you allege in the amended complaint to be due from Nutmeg to the Funds is attributable to each of the eight categories indicated in the complaint, including alleged overstatement of management fees, the alleged overstatement of performance fees, as well as any actual misappropriation of amounts received from investors (as sought by the November 4, 2011 request) or any misappropriation of investor sales proceeds(as sought by the December 12, 2011 request).

Nor does "the Commission['s reliance] upon the testimony of a third-party witness, whom would be subject to cross examination," relieve the Commission from its obligation to furnish this information, to have known this information before it made the allegation in the amended

---

[1] Your persistence in your false claim that the "Receiver, Crowe Horwath LLP, and the Commission did not find any indication which could be verified that the limited partners in the Mercury Fund approved the increase in fees", is irrelevant to this inquiry. First, the carried interest fees never changed during the life of the Fund. The new structure merely provided a mechanism whereby investors could reinvest sales proceeds (which is what nearly all desired), or to receive the sales proceeds, at their option, at the same fee level as in the original offering. In essence, it gave them the option to convert into a perpetual fund, or, receive sales proceeds as contemplated in the original offering.
As you know, the actual official electronic record of the results of this vote, kept in the ordinary course of business, has been produced and made available to the SEC, to the Receiver and Crowe Horwath, each of whom had access to this since September 2, 2009. Moreover, as you know, hard copies of these records of the actual votes, were destroyed by the landlord after the Receiver abandoned the records, without notice to the Defendants (and presumably without notice to the SEC, although the SEC has consistently avoided admitting as much). Why is the SEC so complacent with this tortious misconduct by the Receiver? Nor does it appear that anyone actually make an effort to find the actual votes, before or after the Receiver abandon them.

complaint, nor of its obligation to admit (as sought by the November 4, 2011 request, and the June 16, 2011 request) that it does not have this information, or the ability to breakdown among the categories set forth in the amended complaint.

Finally, Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, requires a Plaintiff, even without discovery, to furnish

> "a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

You have clearly violated Rule 26(a)(1)(A)(iii). Even worse, you admit that the Commission does not have this information. As the runaround continued, you suggested, in open court, and in response to the last three discovery requests that Mari Reidy has this information. While the obligation to obtain this information should not have fallen to me, unfortunately she too was unable to break this down among those categories. Moreover, you have repeatedly failed and refused to furnish this information, despite my repeated requests for this critical information (which you speciously claimed, repeatedly, that is not even reasonably calculated to lead to the discovery of admissible evidence), even though Rule 26(a)(1)(A)(iii) requires a plaintiff to provide such information, without a discovery request.

Conclusion

In conclusion, your response is a farce. The refusal to be responsive and to provide definitive information in response to these discovery requests is a systematic attempt to frustrate the very purpose of discovery. It borders on the absurd, and your obfuscation undermines the purpose and efficacy of the entire discovery process, prolonging this entire proceeding and implicating Rule 11 of the Federal Rules of Civil Procedure. This entire exercise, as well as that of the November 4, 2011 requests and June 16, 2011 requests, was to isolate the valuation/fee calculation issues from the accounting issues. That is why each request was based on Nutmeg's calculations. There is no attempt to get the SEC to concede that Nutmeg's calculations were correct, even though they are correct. Instead, only by isolating that facet can we determine what portion of any adverse SEC determination can be attributed to accounting issues versus valuation issues. By parsing and refusing to subscribe to the conditions or premises underlying these requests, the SEC has, by design, frustrated the entire purpose of the request.

If the SEC is as confident as it purports to be, why won't it provide the evidence? Why is it not more responsive? Would it not be in the best interests of the SEC to show their cards? What are you hiding and why are you hiding it?

I am available to discuss this with you, although recent attempts by me to reach out for discussion have been ignored. If I cannot get satisfactory answers from you by the end of this week regarding the foregoing discovery issues, then I will have no alternative but to file a motion to compel and/or to deem this as being admitted.

As I have repeatedly indicated, and as you are aware, I have not received satisfaction with regard

to my original discovery requests. Most importantly was your inappropriate in unfounded refusal to provide communications and documents with the Receiver, with investors, and with portfolio companies.

Nor have you ever provided me with any response to the production request which indicates what you withheld and what you claim you are in compliance with.

Without satisfaction on those requests, I will respindle that original motion to compel.

Very truly yours,

/s/ Randall S. Goulding