# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1775 | **DATE** | March 8, 2012 |
| **CASE TITLE** | SEC v. The Nutmeg Group, LLC et al | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS the Receiver's Motion for Interim Fee Applications (docs. #338, 402). The Court GRANTS the Receiver's Motion to Pay the Invoices of Novack and Macey (doc. # 404). The Court approves $19,489.50 in compensation for the Receiver and her counsel's services from May 1, 2011 through June 30, 2011 and $614.21 as reimbursement for costs in the same period (doc. #338). The Court approves $8,867 in compensation for the Receiver and her counsel's services from July 1, 2011 through August 31, 2011 and $205.76 as reimbursement for costs in the same period (doc. #402). The Court approves payment of $98,452.82 to Novack and Macey LLP (doc. #404).

■[ For further details see below.]    Docketing to mail notice.

## STATEMENT

Before the Court are the Receiver's Twenty-First and Twenty-Second Interim Fee Applications and the Receiver's Motion to Pay the Invoices of Novack and Macey LLP. Defendant David Goulding and Relief Defendants David Goulding, Inc. and David Samuel, LLC (collectively, "David Goulding") object to the Receiver's Interim Fee Applications. Relief Defendants Financial Alchemy, LLC, Philly Financial, LLC, and Eric Irrgang (collectively, "Irrgang") object to the Motion to Pay the Invoices of Novack and Macey.

David Goulding argues that the Receiver has an obligation to avoid a costly investigation and maximize the value of the Funds for the benefit of investors. *SEC v. Wealth Mgmt., LLC*, 628 F.3d 323, 336 (7th Cir. 2010). *Wealth Management* held that the cost of conducting individual investigations into each investors' redemption request outweighed any marginal benefit gained. *Id.* It has no place here other than to state the general principal that Receiver's should avoid overly costly investigations.

David Goulding offers absolutely no explanation why the Receiver has violated the obligation to avoid costly investigation. As the Court has previously noted it has been the antagonistic approach of Defendant Randall Goulding that has driven much of the Receiver's fees and caused much of the delay in this case. (See Doc. # 392). Randall Goulding has battled with the Receiver over discovery, violated the Court's orders causing the Court to intervene, filed lawsuits without permission of the Court against the Receiver (which caused the Receiver to withdraw an application to distribute the remaining funds to the investors) and routinely thwarted the Receiver's attempts to gain information and manage the Funds.

The Receiver details the expenses incurred in the most recent Fee Applications and David Goulding offers absolutely no explanation why these requests are not reasonably incurred. Further, David Goulding acquiesced

| STATEMENT |
|---|

to every prior fee application (20 in all). The Court GRANTS the Receiver's Twenty-First and Twenty-Second Application for Fees.

    Irrgang's objections to the Receiver's request to pay the invoices of Novack and Macey are no more valid. When Randall Goulding disregarded the *Barton* doctrine and the Court's appointment order and sued the Receiver for defamation without first obtaining Court approval, the Court allowed the Receiver to retain Novack and Macey to respond to Randall Goulding's lawsuit. The Receiver now seeks to pay Novack and Macey's invoices from the Funds. It is not clear whether Irrgang and the other Relief Defendants have standing to assert objections (for they are not injured by any such payment). In any event, Irrgang's objections amount to little more than foot-stomping about the propriety of the Court's order denying Goulding leave to file suit against the Receiver, claiming that it is "unconscionable that investor funds be raided to pay any amount." But had Randall Goulding not chosen to disregard the *Barton* doctrine and the Court's appointment order, no payment to Novack and Macey would have been necessary. As noted earlier, Randall Goulding has consistently battled with the Receiver, vexatiously multiplying the time and energy spent by the Receiver to fulfill her duties. Sadly, Randall Goulding's vexatiousness comes at a cost to the investors. Curiously, Irrgang and the other relief Defendants never object to or seek sanctions from Randall Goulding for such vexatious (and often frivolous) litigiousness. Nor does Irrgang offer any specifics as to why the fee petition is unreasonable, offering only generalized complaints about the petition. The Court GRANTS the Receiver's Motion to Pay the Invoices of Novack and Macey.

*Wm. J. Hibbler*