IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:09-cv-01775 |
| THE NUTMEG GROUP, LLC, RANDALL GOULDING, and DAVID GOULDING, | ) ) ) ) | |
| Defendants, | ) ) | |
| v. | ) ) | |
| DAVID GOULDING, INC., DAVID SAMUEL, LLC, FINANCIAL ALCHEMY, LLC, PHILLY FINANCIAL, LLC, and ERIC IRRGANG, | ) ) ) ) ) ) | |
| Relief Defendants. | ) | |

**RECEIVER'S REPLY IN SUPPORT OF THE MOTION TO EMPLOY
AND RETAIN STETLER, DUFFY & ROTERT, LTD.
AND LYNCH & STERN, LLP AS CONTINGENCY COUNSEL**

Leslie J. Weiss, not individually, but as court-appointed Receiver for The Nutmeg Group, LLC ("Weiss" or the "Receiver"), files this Reply in Support of the Motion to Employ and Retain Stetler, Duffy & Rotert, Ltd. and Lynch & Stern, LLP as Contingency Counsel[1] (the "Motion") to represent her in the pursuit and collection of all causes of action against Gold Coast Mining Corp. ("Gold Coast") in connection with certain convertible notes issued to Nutmeg (or

---

[1] As noted in this Reply, the primary counsel sought to be engaged by the Motion has switched firms, so the request to employ is now for "Carpenter Lipps & Leland LLP and Lynch & Stern, LLP".

its affiliates or predecessors) by Gold Coast (or its predecessors). For her Reply, the Receiver states as follows:

1. The only response in opposition to the Motion was filed by Randall Goulding. Docket 483. Goulding has been previously described by the Court as uncooperative, recalcitrant, and obstinate. See October 19, 2011 Order, Docket 392, pgs. 7-8. In particular, Goulding was noted as showing an "animosity towards the Receiver" that "provides further pause to be wary of any purported claim he might raise against the Receiver." Id.

2. More recently, the Court found:

> "[I]t has been the antagonistic approach of Defendant Randall Goulding that has driven much of the Receiver's fees and caused much of the delay in this case. . . . Randall Goulding has battled with the Receiver over discovery, violated the Court's orders causing three Courts to intervene, filed lawsuits without permission of the Court against the Receiver (which caused the Receiver to withdraw an application to distribute the remaining funds to the investors) and routinely thwarted the Receiver's attempts to gain information and manage the Funds. . . . As noted earlier, Randall Goulding has consistently battled with the Receiver, vexatiously multiplying the time and energy spent by the Receiver to fulfill her duties. Curiously, Irrgang and the other relief Defendants never objected to or seek sanctions from Randall Goulding for such vexatious (and often frivolous) litigiousness." March 8, 2012 Order, Docket 474 pgs. 1-2.

3. Perhaps it was this animosity (or an attempt to grandstand for the investors in this case) that caused Goulding to file a 14-page response in opposition to the Motion that failed to address the issue of whether the retention of counsel is necessary and instead spent its pages casting irrelevant, incorrect and unsubstantiated criticisms and accusations against the Receiver. Much of Goulding's attack relies on his own unreliable records that the Court's appointed forensic accountants could not verify. Many of Goulding's attacks on the Receiver have already been responded to by the Receiver and rejected by the Court in various orders. (See, e.g., Docket 392, 474.) Nonetheless Goulding re-raised the issues in his motion to reconsider the Court's October 19 Order and has now re-re-raised them. Still other of Goulding's attacks are responded

2

to in the Receiver's Response to Alonso's Motion Seeking Leave to Sue, Docket No. 447. The Receiver will not further increase fees by responding yet again to such meritless attacks. Needless to say, the Receiver's silence should not be read as agreement with Goulding, and the Receiver reserves the right to respond at any appropriate time. And, of course, the Receiver will respond to any of Goulding's meritless attacks if the Court so requests.

4. Nothing in Goulding's Response should cause this Court to deny the Receiver's motion.

5. The Appointing Order authorizes the Receiver to bring lawsuits on behalf of Nutmeg or the Funds. <u>See</u> Order, Section II.B.2 and 12. To assist her in carrying out her duties, the Order further authorizes the Receiver to engage and employ outside counsel, referred to as "Retained Personnel" by the Order. <u>See</u> Order, Section II.B.9. Subject to approval by this Court, the Retained Personnel are entitled to reasonable compensation and expense reimbursement from Nutmeg and the Fund's assets. <u>See</u> Order, Section II.E. Naturally, the Receiver will not make any payments to Contingency Counsel absent a prior, express Order approving the same by this Court.

6. Retention of counsel on a contingency basis is the proper course of action. Not only will the estate not bear the costs of legal fees absent recovery, <u>the estate will also not bear any exposure for costs absent recovery</u>. *See* Revised Engagement Letter attached hereto as Exhibit A.

7. As noted by the Revised Engagement Letter, Partner Jonathan Cyrluk is now with the law firm of Carpenter Lipps and Leland, LLP, so the request for retention is hereby modified accordingly. In all other substantial respects, the engagement is still on the same terms as presented in the Motion. Mr. Cyrluk's resume is attached hereto as <u>Exhibit B</u> which shows 19

years of litigation experience, including securities cases and also matters representing court-appointed Receivers.

8. Finally, it is worth noting that the alternative to Mr. Cyrluk proposed by Mr. Goulding -- Eric Berry, counsel for Alonso, et al -- has specifically indicated that Nutmeg's investors support the retention of Mr. Cyrluk and that he has no interest in serving as counsel to the Receiver with respect to Gold Coast. See E-mail attached hereto as Exhibit C.

WHEREFORE, Leslie J. Weis, Receiver, respectfully requests that the Court enter an order (a) providing that she is authorized to retain and employ Carpenter Lipps and Leland, LLP and Lynch & Stern, LLP to act as her counsel with respect to claims against Gold Coast Mining; or (b) providing her with guidance regarding what she should do about the estate's claims against Gold Coast Mining and the demands she has received from Goulding, investors, and investors' counsel and for such other and further relief as is appropriate.

LESLIE J. WEISS, as Receiver for The Nutmeg Group,

By: /s/ Kevin C. Driscoll, Jr.
One of Her Attorneys

Kevin C. Driscoll, Jr.
BARNES & THORNBURG LLP
One North Wacker Drive
Suite 4400
Chicago, IL 60606-2833

## CERTIFICATE OF SERVICE

Kevin C. Driscoll, Jr., an attorney, certifies that he caused copies of the foregoing Reply in Support of Motion to Employ and Retain Stetler, Duffy & Rotert, Ltd. and Lynch & Stern, LLP as Contingency Counsel to be served by electronically filing the document with the Clerk of Court using the ECF system this 10th day of April, 2012.

/s/ Kevin C. Driscoll, Jr.