UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SECURITIES AND
EXCHANGE COMMISSION,

            Plaintiff,           Case No.: 09-CV-1775

            v.           Judge Sharon Coleman

THE NUTMEG GROUP, LLC,
RANDALL GOULDING,
DAVID GOULDING,

           Defendants,

DAVID GOULDING, INC., DAVID SAMUEL, LLC,
FINANCIAL ALCHEMY, LLC, PHILLY FINANCIAL, LLC,
and ERIC IRRGANG

           Relief Defendants.

**PLAINTIFF'S RESPONSE TO RANDALL GOULDING'S
FIRST MOTION FOR DEEMED ADMISSIONS AND OTHER RELIEF**

Plaintiff U.S. Securities and Exchange Commission ("the SEC"), for its Response to Defendant Randall Goulding's first motion for deemed admissions and other relief (Docket No. 456), states as follows:

**Preliminary Statement**

This is a civil enforcement action brought by the U.S. Securities and Exchange Commission against The Nutmeg Group, LLC, an investment adviser, Randall Goulding, Nutmeg's owner and managing member, and David Goulding, Mr. Goulding's son and Nutmeg's former Chief Compliance Officer. The Commission's Amended Complaint alleges that Nutmeg and Randall Goulding violated the Investment Advisers Act of 1940 by failing to

1

maintain required books and records, commingling client and fund assets, overstating the performance of Nutmeg's investment funds, transferring fund assets to the custody of entities and individuals controlled by Goulding, misappropriating fund assets through inflated management fees, and misappropriating fund assets for personal and business expenses unrelated to the funds. (*See* Docket No. 314)

The Court directed an accounting firm, Crowe Horwath to provide an accounting regarding Nutmeg and its funds and, after a Receiver was appointed in this matter, the Receiver directed Crowe's work. The Receiver filed several of Crowe Horwath's reports with the Court, including a final report dated November 16, 2010. (Docket No. 261) The SEC filed its Amended Complaint on June 14, 2011, and certain of the allegations of the Amended Complaint were based upon Crowe Horwath's report. (*See* Docket No. 314 at ¶¶ 83- 88) Specifically, the SEC alleged that "[a]ccording to Crowe Horwath's November 16th report, Nutmeg owes Fund investors at least $2,334,838.17 as a result of overstatement of management and performance fees, improper distributions to investors, improper[] allocation of investment costs, improper allocation of investment proceeds, improper calculation of partnership profits, Randall Goulding's use of investor funds for his own personal investments, and improper related party transactions." (*Id.* at ¶ 88)

Mr. Goulding's June 16, 2011 interrogatories sought specific and detailed information about the allegations which referred to the Crowe Horwath report, as well as about certain other allegations in the Amended Complaint. (*See* Docket 456-4, Goulding Declaration at Exhibit C) The SEC responded to these interrogatories on September 16, 2011, explaining that its proof on this particular misappropriation claim would depend on the testimony of Mari Reidy, the author of the Crowe Horwath report. (*See* Exhibit B at 4) The SEC identified the portions of Crowe

2

Horwath's report which correspond to the allegations of the Amended Complaint, and noted that "to the extent that any of the information requested in Interrogatory No. 1 is not fully described in Crowe Horwath's November 16, 2011 report, the Commission does not have additional information to provide to the defendant at this time." (*Id.*)

Unsatisfied with this response, but unwilling to move to compel more detailed answers to his interrogatories, Mr. Goulding served the SEC with a set of requests for admission, containing an argumentative prefatory statement and detailed requests that the SEC admit that it "did not know" anything about the various categories of misconduct which total the amount of $2,334,838.17 alleged in the Amended Complaint. (*See* Docket No. 456-2, Goulding Declaration at Exhibit A) The SEC's responses to these requests for admission objected, as an initial matter, that Mr. Goulding's requests were compound, overbroad, argumentative and rather than requesting the SEC to admit facts regarding evidence in the case, Mr. Goulding requested that the SEC admit that it lacked the ability to provide information not found in Crowe Horwath's report. (*See* Exhibit A at 2) The heart of the SEC's objection was the undeniable assertion that its current state of knowledge was not admissible evidence, and that Mr. Goulding should simply depose Mari Reidy to seek additional information about the work and conclusions described in her report.[1] (*Id.*) The SEC further emphasized that it could not provide Mr. Goulding with something that it did not have, "the narrative testimony of a third-party witness

---

[1] This is the same point that counsel for the SEC made at the November 3, 2011 status hearing, and on several subsequent occasions. Judge Hibbler agreed with counsel for the SEC and never ordered the SEC to provide Mr. Goulding the additional information he sought about the Crowe Report. Instead, Judge Hibbler instructed Mr. Goulding to depose Mari Reidy and seek the information he desired from her. Accordingly, Mr. Goulding's repeated requests by letter for an explanation of the SEC's position which are describe in his motion should be viewed as his attempts relitigate an argument he lost – rather than a good faith attempt to resolve a discovery dispute.

3

(whom the Defendants have not deposed) and whom would be subject to cross examination" (Exhibit A at 2)

### Mr. Goulding's Motion

Mr. Goulding was not satisfied with the SEC's response to his requests for admission, and filed this motion. (Docket No. 456) Mr. Goulding contends that the detailed information regarding the Crowe Report he seeks "is necessary to mount a proper defense and to establish that there are no missing assets," and that he may be able to "determine the necessity" of preparing supplemental or rebuttal expert reports. (*Id.* at ¶¶ 37-38) Mr. Goulding does not explain how an admission that the SEC does not have additional details about Mari Reidy's forensic accounting would be more helpful than deposing Ms. Reidy – which he now has done. Nor does Mr. Goulding provide any authority on which this Court could base a conclusion that he is entitled to the admission he seeks, or that such an admission would ever be admissible in a trial on the merits of the SEC's allegations. To the contrary, Mr. Goulding ignores the fact that the SEC can carry its burden of proof through the testimony of Mari Reidy, if the trier of fact finds that testimony persuasive. Accordingly, Mr. Goulding may either challenge Ms. Reidy on cross examination at trial, or submit his own evidence (including his own testimony) that he did not misappropriate any investor funds. The "admission" that the SEC cannot provide additional detail without calling Ms. Reidy as a witness would not assist the trier of fact in deciding whether or not Mr. Goulding misappropriated anything. By contrast, the admission sought by Mr. Goulding from the SEC simply is not relevant to this case – but by Mari Reidy about her work and conclusions in this matter clearly is both relevant and admissible. Accordingly, Mr. Goulding should not be permitted to use a discovery motion as a stealthy motion to preclude the

4

SEC from offering testimony which Ms. Reidy is uniquely qualified to provide, and prevent the trier of fact from deciding whether Ms. Reidy's testimony is persuasive or not.

## Argument

There is an additional , legally significant reason that Mr. Goulding's motion should be denied. Rule 36(a)(5) of the Federal Rules of Civil Procedure provides that a requesting party "may move to determine the sufficiency of an answer or objection." Mr. Goulding treats the SEC's objection to his requests to admit as if it already had been deemed insufficient by the Court, and then purports to determine for the Court that his requests should be deemed admitted. However, Rule 36(a)(5) expressly provides that if "an answer does not comply with this rule, the court may order that the matter is admitted *or that an amended answer be served*." (emphasis supplied)

Deeming a response an admission is considered to be an unusually severe sanction, so if an answer is deemed insufficient courts generally order that an amended answer be provided. See Essex Builders Group, Inc. v. Amerisure Ins. Co., 230 F.R.D. 682, 687 (M.D. Fla. 2005) (declining to deem facts admitted). See also 1970 Advisory Committee Notes ("Giving a defective answer the automatic effect of an admission may cause unfair prejudice."). Mr. Goulding has not provided the Court with any authority, let alone persuasive authority, to justify the remedy he seeks. Accordingly, the SEC respectfully requests that if this Court determines for whatever reason that its objection is insufficient, it should be allowed to provide an answer to Mr. Goulding's requests.

**Conclusion**

Wherefore, for all of the foregoing reasons, Plaintiff United States Securities and Exchange Commission respectfully request that this Court deny Defendant Randall Goulding's first motion for deemed admissions and other relief (Docket No. 456).

Dated: June 8, 2012.                    By: **/s/ *Robert M. Moye***

                                        Robert M. Moye (moyer@sec.gov)
                                        Benjamin J. Hanauer (hanauerb@sec.gov)
                                        Andrew Shoenthal (shoenthala@sec.gov)
                                        175 West Jackson Boulevard, Suite 900
                                        Chicago, IL 60604
                                        Telephone: 312.353.7390

                                        *Plaintiff Securities and Exchange Commission*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on June 8, 2012, I caused a copy of the foregoing **Plaintiff's Response to Randall Goulding's First Motion for Deemed Admissions and Other Relief** to be served on all parties and counsel of record by electronically filing the document with the Clerk of Court using the ECF system.

                                        /s/ *Robert Moye*
                                          Robert Moye