UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No.: 09-CV-1775 |
| v. | Judge William J. Hibbler |
| THE NUTMEG GROUP, LLC, RANDALL GOULDING, DAVID GOULDING, | Magistrate Judge Ashman |
| Defendants, | |
| DAVID GOULDING, INC., DAVID SAMUEL, LLC, FINANCIAL ALCHEMY, LLC, PHILLY FINANCIAL, LLC, and ERIC IRRGANG | |
| Relief Defendants. | |

**PLAINTIFF'S RESPONSES TO RANDALL GOULDING'S
REQUEST FOR ADMISSION OF FACTS AND INTERROGATORY**

Plaintiff, the U.S. Securities and Exchange Commission ("the Commission"), for its responses to Defendant Randall Goulding's First Set of Written Interrogatories, states as follows:

**Objections to Prefatory Statement**

The Commission's objects that this prefatory statement is compound, argumentative and is not a request for discovery to which the Commission is required to respond. To the extent that the a response is required, the Commission notes that Commission's allegations in the Amended Complaint that Randall Goulding misappropriated at least $2,334,838.17 from Nutmeg's investors are not new facts for purposes of discovery. That conclusion was contained in Crowe Horwath's report of November 16, 2010 which was filed with the Court and served on all parties.

As disclosed previously in Plaintiff's Responses to Randall Goulding's Interrogatories on September 6, 2011, the Commission's proof of this allegation will depend upon the narrative testimony of a third-party witness (whom the Defendants have not deposed) and whom would be subject to cross examination. To the extent that the information sought by the Defendant is not fully described in Crowe Horwath's November 16, 2010 report, the Commission does not have additional information to provide to the Defendant about Mari Reidy's factual analysis or conclusions.

### Response to Requests for Admission

1. That of the $2,334,838.17 that you allege is owed by Nutmeg to the Nutmeg Funds and/or to the Nutmeg Fund investors, you do not know:

    a. what portion of the $2,334,838.17 constitutes alleged overstatement of management fees;

    b. what portion of the $2,334,838.17 constitutes alleged overstatement of performance fees;

    c. what portion of the $2,334,838.17 constitutes alleged improper distributions to investors (And that you are also unaware of the amounts of allegedly improper distributions with respect to any annual period.);

    d. what portion of the $2,334,838.17 constitutes improper allocation of investment costs. (And that you are also unaware of which specific investment costs were allegedly improperly allocated and the basis for any such contention, including any factual or legal basis supporting the notion that any allocation was improper, including, in any such instance, the applicable provision of the operating agreement. Also that you are unaware of how it was determined, if at all, that any such investment costs were not funded by investors or Funds, as the case may be, or to whom the costs were so allocated and to whom the costs should have been allocated. Also that you are unaware of what specific amounts you allege were collected from investors which should have been invested, but which were not invested, which the Crowe Horwath report refers to as "uninvested Funds", or from whom the amounts were collected.);

    e. what portion of the $2,334,838.17 constitutes an improper allocation of investment proceeds. (And that you are also unaware of how it was determined, if at all, which investment proceeds were improperly allocated and any basis for determining that it was improperly allocated, including any factual or legal basis

    for the alleged impropriety of any allocation, including reference to the applicable provision of the operating agreement.);

  f.  what portion of the $2,334,838.17 constitutes an improper calculation of partnership profits. (And that you are also unaware of any such improper calculation, how it was miscalculated or in what way it was improperly calculated, or what was the correct calculation, or any detail as to any factual or legal basis for the alleged impropriety of the calculation.);

  g.  what portion of the $2,334,838.17 constitutes Randall Goulding's use of investor funds (as opposed to Nutmeg's Funds) for his own personal investments. (And that you are also unaware of any calculation demonstrating the extent to which Randall Goulding used investor funds for personal investments, including which personal investments, or any calculation delineating which investor funds were so used, or any factual basis supporting this claim. For this purpose, you are also unaware of any excess of the total amount collected by Nutmeg from investors over the sum of 1) the amount of investments ascribed by Nutmeg to the investors and 2) Management Fees as calculated by Nutmeg.);

  h.  what portion of the $2,334,838.17 constitutes improper related party transactions. (And that you are also unaware of any loss to investors due to related party transactions, including any factual or legal basis for the claim of impropriety, or how and to what extent any related party transaction resulted in a loss to the fund investors.).

**Response:**  In addition to the foregoing objection, the Commission objects that this request is compound, overbroad, argumentative and is not a request for admission of facts which are at issue in this matter, but rather it is a request that the Commission admit it *lacks* the ability to provide information which is not otherwise disclosed in Crowe Horwath's November 16, 2010 report. In addition to the foregoing objections, the Commission objects that this interrogatory is not likely to lead to the discovery of admissible evidence, because Mari Reidy is an employee of Crowe Horwath, not the Commission, and the Court already has ruled that Defendant may depose Ms. Reidy on these issues. Subject to the foregoing objections, the Commission refers the Defendant to its answer to Randall Goulding's Interrogatory No.1 dated September 6, 2011.

  2.  That the total amount collected by Nutmeg from investors does not exceed the sum of 1) the amount of investments ascribed by Nutmeg to the investors and 2) Management Fees as calculated by Nutmeg.

**Response:** In addition to the foregoing objection, the Commission objects that this request is compound, argumentative and is vague as to the terms "ascribed by Nutmeg to the investors" and "as calculated by Nutmeg. The Commission further objects that this request is not reasonably calculated to lead to the discovery of admissible evidence because, as described in the reports of Crowe Horwath and the Commission's own expert, Nutmeg significantly overvalued the holdings of its related Funds and collected excessive management fees.

  3. That the only basis for your contention that "Fund Assets Were Paid for Randall Goulding's Personal Expenses and Expenses Unrelated to the Funds' Operations" is that the funds were commingled. In particular, if each fund had its own bank account separate from that of Nutmeg, and each fund paid for the investments which were ascribed to it by Nutmeg, there would be no basis to contend that Randall Goulding, or Nutmeg used fund assets to pay for the personal expenses of Randall Goulding and his family.

**Response:** In addition to the foregoing objection, the Commission objects that this request is compound and argumentative. The Commission further objects that the second sentence in this paragraph is not a request for admission of fact in that it seeks agreement regarding certain hypothetical scenarios which never actually occurred. Subject to all of the foregoing objections, the Commission denies this request.

  4. A. That you do not know whether the $104,262.13 (as per paragraph 62 of the amended complaint) in charges was charged by Nutmeg to Randall Goulding, whether by a charge to his draw account, as a distribution, or otherwise, and

    B. That you have no basis to dispute that such amount was charged to Randall Goulding.

**Response:** In addition to the foregoing objection, the Commission objects that this request is compound, argumentative and is vague as to the term "charged to Randall Goulding". Subject to the foregoing objections, the Commission denies this request.

  5. A. That you do not know whether the $56,886.94 (as per paragraph 64 of the amended complaint) in charges was charged by Nutmeg to Randall Goulding, whether by a charge to his draw account, as a distribution, or otherwise, and

4

      B.      That you have no basis to dispute that such amount was charged to Randall Goulding.

**Response:** In addition to the foregoing objection, the Commission objects that this request is compound, argumentative and is vague as to the term "charged to Randall Goulding". Subject to the foregoing objections, the Commission denies this request.

      6. A.    That you do not know whether the $33,743.75 for the Acura automobile (as per paragraph 66 of the amended complaint) was charged by Nutmeg to Randall Goulding, whether by a charge to his draw account, as a distribution, or otherwise, and

      B.      That you have no basis to dispute that such amount was charged to Randall Goulding.

**Response:** In addition to the foregoing objection, the Commission objects that this request is compound, argumentative and is vague as to the term "charged to Randall Goulding". Subject to the foregoing objections, the Commission denies this request.

      7. A.    That you do not know whether the $663,827.94 payments (as per paragraph 64 of the amended complaint) towards Randall Goulding's home equity line of credit was charged by Nutmeg to Randall Goulding, whether by a charge to his draw account, as a distribution, or otherwise, and

      B.      That you have no basis to dispute that such amount was charged to Randall Goulding.

**Response:** In addition to the foregoing objection, the Commission objects that this request is compound, argumentative and is vague as to the term "charged to Randall Goulding". Subject to the foregoing objections, the Commission denies this request.

      8. A.    That you do not know whether the $663,827.94 payments towards Randall Goulding's home equity line of credit were repayments of amounts previously borrowed from Goulding's home equity line of credit and used by Nutmeg and the Funds, and

      B.      That you have no basis to dispute that such amount was charged to Randall Goulding.

**Response:** In addition to the foregoing objections, the Commission objects that this request is compound, argumentative and is vague as to the term "charged to Randall Goulding". Subject to the foregoing objections, the Commission denies this request.

### Objections to Defendant's Interrogatory

1. The Commission incorporates its General Objections to Defendant Randall Goulding's First Request for Production of Documents as if fully set forth herein.

2. The Commission also objects that in serving this interrogatory, Defendant Randall Goulding has exceeded the number of interrogatories, including subparts, which may be served without leave of Court under Rule 33 of the Federal Rules of Civil Procedure and the District Court's Order of September 16, 2009.

### Response to Interrogatory

1. With regard to each Request to Admit, set forth above, which you deny, state in detail each and every basis for such denial. Additionally, identify each document and communication bearing on the issue, separately, indicating how it (a) supports, and/or (b) tends to refute, such denial. With regard to the belief as to the falsity, identify each and every basis for each such belief. And, additionally, with regard to number 2 above, if it is your position that the total amount collected by Nutmeg from investors does exceed the sum of 1. the amount of investments ascribed by Nutmeg to the investors and 2. Management Fees as calculated by Nutmeg, explain by what amount and how you calculated such excess and please provide details of your calculations and determinations in that regard.

**Answer and Objections**: In addition to the foregoing objections, the Commission objects that because of its denials of the Defendant's requests for admission, this interrogatory is vague, compound, overly broad, unduly burdensome and seeks the disclosure of certain information (described in the Commission's answers to the Defendant's requests) which is not reasonably calculated to lead to the discovery of admissible information.

6

Dated:  December 7, 2011.	By:  **s/ *Robert M. Moye***

                Robert M. Moye (moyer@sec.gov)
                Benjamin J. Hanauer (hanauerb@sec.gov)
                Andrew Shoenthal  (shoenthala@sec.gov)
                175 West Jackson Boulevard, Suite 900
                Chicago, IL 60604
                Telephone:  312.353.7390

                *Plaintiff U.S. Securities and Exchange Commission*

**CERTIFICATE OF SERVICE**

       I hereby certify that, on December 7, 2011, I caused a copy of **Plaintiff's Responses to Randall Goulding's Request for Admission of Facts and Interrogatory** to be served upon the following by email delivery:

| | |
|---|---|
| Randall S. Goulding (rsg@gouldinglaw.com)<br>1333 Sprucewood Lane<br>Deerfield, IL 60015 | Jamie S. Franklin<br>(jsf@thefranklinlawfirm.com)<br>The Franklin Law Firm LLC<br>53 W. Jackson, Suite 803<br>Chicago, Illinois 60604 |
| Steven B. Nagler (sbnlaw@att.net)<br>Steven B. Nagler, Ltd.<br>601 Skokie Blvd. Suite 504<br>Northbrook, IL 60062 | James Kopecky (jkopecky@ksblegal.com)<br>Daryl Schumacher<br>(dschumacher@ksblegal.com)<br>Howard J. Rosenberg<br>(hrosenberg@ksblegal.com)<br>Brooke E. Conner (bconner@ksblegal.com)<br>Kopecky, Schumacher, & Bleakley P.C.<br>203 North LaSalle Street, Ste. 1620<br>Chicago, IL 60601 |

       By: **s/ *Robert M. Moye***
            Robert M. Moye