# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1775 | **DATE** | 8/13/2012 |
| **CASE TITLE** | SEC vs. The Nutmeg Group, LLC, et al. | | |

**DOCKET ENTRY TEXT**

Before the Court is a motion filed by Michael Alonso et al. ("the Alonso Petitioners") seeking a declaration that they are entitled to file a derivative claim against the Receiver and her retained counsel as of right, or alternatively, seeking permission to file their claim [doc. 406]. For the reason stated herein, the motion is granted.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

**Background**

The SEC filed the complaint on March 23, 2009. This case involves the ongoing misappropriation of client assets, misrepresentations to investors, and failure to maintain required books and records by The Nutmeg Group, LLC ("Nutmeg"), by Randall Goulding, Nutmeg's owner and managing member, and by David Goulding, Nutmeg's Chief Compliance Officer.

Nutmeg acts as an investment adviser to 15 unregistered investment vehicles ("the Funds"), and has invested fund assets almost exclusively in private investments in public equity ("PIPE") transactions. As the general partner and/or investment adviser for each of the Funds, Nutmeg claims to have assets under management of at least $32 million.

On August 6, 2009, the Court appointed Leslie Weiss as the Receiver for Nutmeg. The Appointment Order granted Weiss the power to oversee all aspects of Nutmeg's business and to take custody of all of Nutmeg's funds, including the power to sell or liquidate assets or spend money to further Nutmeg's business.

**STATEMENT**

The order also required Nutmeg's officers to assist Weiss in fulfilling her duties and obligations as Receiver. The order specifically shielded the Receiver and her retained personnel from liability for their compliance with their duty. It provided that "[i]n no event shall the Receiver or Retained Personnel be liable to anyone (1) with respect to the performance of their duties and responsibilities as Receiver and Retained Personnel, or (2) for any actions taken or omitted by them, except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence or in reckless disregard of their duties."

On July 7, 2011, Randall Goulding sought leave to file suit against the Receiver for allegedly publishing false statements about him. Before the parties completed briefing on the motion, Goulding filed, without leave from this Court, his complaint against the Receiver and retained personnel in the Circuit Court of Cook County. The Receiver removed that complaint to the Northern District of Illinois (assigned case No. 11 cv 5354 and reassigned for relatedness to this Court's calendar). In ruling on the motion for leave to file the suit, this Court found that the Barton Doctrine required Goulding to seek leave from this Court in order to file suit in the Circuit Court of Cook County and the Court then denied leave based on the immunity provided in the Appointment Order. The Court dismissed Goulding's complaint for lack of jurisdiction, his motion for reconsideration was denied, and Goulding filed his appeal.

Now, the Alonso petitioners, who are limited partners in investment pools ("the funds") which, until 2009, were managed by The Nutmeg Group, LLC, seek to file a complaint against Weiss as Receiver and her counsel Barnes & Thornburg personally for violation of §206(a)(4) of the Investment Advisors Act and SEC Rule 206(4)-2, and for various breaches of fiduciary duty.

**Discussion**

The Alonso petitioners are seeking a declaration that the *Barton* Doctrine does not require them to obtain leave of court to file their proposed complaint against the Receiver and her counsel. The *Barton* Doctrine bars suits against court-appointed receivers for their actions in the course of their receivership in courts other than the appointing court. *Barton v. Barbour*, 104 U.S. 126, 127 (1881). The purpose of the

**STATEMENT**

doctrine is to protect the interest of the trust or estate beneficiaries because a suit against the receiver may affect the trust or estate without regard to the interest of the other parties/beneficiaries. *Barton*, 104 U.S. at 129; *see also Davis v. Gray*, 83 U.S. 203, 218 (1872). Therefore, anyone seeking to sue a receiver for actions taken during the course of the receivership must obtain leave of the appointing court before initiating an action in another forum. *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998); *In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005)(collecting cases).

      Weiss and her retained counsel argue that the *Barton* Doctrine bars the Alonso petitioners' proposed lawsuit based on the somewhat baffling basis that the complaint could not be filed specifically before this judge and therefore would be before a "different court" without prior leave from this Court. Although Weiss is correct that there is no procedural mechanism for the Alonso petitioners to file their proposed complaint as part of the instant lawsuit as an initial matter, there is no precedent for equating "another forum" with any other sitting judge in this district. "This Court" refers not to the particular judge presiding over a case, but to the actual court – here, the U.S. District Court for the Northern District of Illinois. Indeed, the instant lawsuit is not now pending before a different court since the passing of Judge Hibbler. Weiss provides no authority for this argument and a review of the cases cited above and collected in *In re Crown Vantage, Inc.* clearly shows that the *Barton* Doctrine bars suits against receivers and trustees in another forum, i.e., state court versus federal court or bankruptcy court versus state or federal court. The proposed complaint has at least one count that supports federal subject matter jurisdiction, therefore, there is no other jurisdictional bar to the proposed complaint. The *Barton* Doctrine does not bar the Alonso petitioners' complaint since they intend to file it here in the appointing court. Accordingly, this Court does not reach the question of whether it would grant leave to file the complaint, if such permission were necessary. The Alonso petitioners' motion is granted.