IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | ) | |
| Plaintiff, | ) ) | | |
| | ) | No. 09 C 1775 | |
| vs. | ) ) | | |
| | ) | Jeffrey T. Gilbert | |
| THE NUTMEG GROUP, LLC, RANDALL GOULDING, DAVID GOULDING, | ) ) ) | Magistrate Judge | |
| | ) | | |
| Defendants, | ) ) | | |
| DAVID GOULDING, INC., DAVID SAMUEL, LLC, FINANCIAL ALCHEMY LLC, PHILLY FINANCIAL LLC, SAM WAYNE, and ERIC IRRGANG, | ) ) ) ) ) ) | | |
| | ) | | |
| Relief Defendants. | ) | | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant Randall Goulding's Motion for Deemed Admissions and for Other Relief [Dkt.#456] and his Second Motion for Deemed Admissions and for Other Relief [Dkt.#466]. For the reasons set forth in this Memorandum Opinion and Order, both motions are denied.

This is a civil enforcement action brought by the United States Securities and Exchange Commission ("SEC") against The Nutmeg Group, LLC ("Nutmeg"), an investment advisor, Randall Goulding, who is Nutmeg's owner and managing member, and David Goulding, who is Randall Goulding's son and Nutmeg's former Chief Compliance Officer. The SEC alleges, among other things, that Nutmeg and Randall Goulding violated the Investment Advisors Act of 1940, 15 U.S.C. §§ 80b *et seq.*, by failing to maintain required books and records, commingling

client and fund assets, overstating the performance of Nutmeg's investment funds, transferring

fund assets to the custody of entities and individuals controlled by Goulding, and

misappropriating fund assets.  The Court directed Crowe Horwath, an accounting firm, to

provide an accounting of Nutmeg and its funds. [Dkt.#38].  The Court also appointed a Receiver

in this matter [Dkt.#63]**,** and the Receiver thereafter directed Crowe Horwath's work.

The SEC filed an Amended Complaint on June 14, 2011 and certain allegations in the

Amended Complaint were based on opinions set forth in Crowe Horwath's November 16, 2010

report. [Dkt.#314], at ¶¶83-88. Specifically, the SEC alleged that "[a]ccording to Crowe

Horwath's November 16th report, Nutmeg owes Fund investors at least $2,334,838.17 as a result

of overstatement of management and performance fees, improper distribution to investors,

improper[] allocation of investment costs, improper allocation of investment proceeds, improper

calculation of partnership profits, Randall Goulding's use of investor funds for his own personal

investment and improper related party transactions." *Id.* at ¶88.

Randall Goulding issued interrogatories on June 16, 2011, seeking specific information

from the SEC about the allegations in its Amended Complaint that referred to the Crowe

Horwath report as well other allegations in the SEC's Amended Complaint.  The SEC responded

to these interrogatories on September 16, 2011.  The SEC objected to the interrogatories but,

subject to those objections, further explained that its proof on the misappropriation claims would

depend upon the testimony of Mari Reidy, the author of the November 16, 2010 Crowe Horwath

report. [Dkt.#508-2], Ex. B at 4.  The SEC identified the portions of Crowe Horwath's

November 16, 2010 report that corresponded to the allegations in the Amended Complaint and

stated "to the extent that any of the information requested in Interrogatory No.1 is not fully

described in Crowe Horwath's November 16, 2010 report, the Commission does not have additional information to provide to the defendant at this time." *Id.*

Randall Goulding was not satisfied with the SEC's responses to his interrogatories, but did not challenge the SEC's objections. Nor did Goulding move to compel more detailed answers. Instead, Goulding served the SEC with a set of Requests for Admission pursuant to Federal Rule of Civil Procedure 36 containing, among other things, requests that the SEC admit that it "did not know" anything about the various categories of misconduct alleged in the Amended Complaint. [Dkt.#456-2], Ex.A. To the extent the SEC did not admit that it did not know the information proffered in the Requests for Admission, Goulding also served an accompanying interrogatory asking the SEC to "state in detail each and every basis for such denial." *Id.*

On December 7, 2011, the SEC served its responses, including its objections, to Goulding's Requests for Admission of Facts and Interrogatory. [Dkt.#508-1], Ex. A. The SEC objected to the Requests for Admission as improper, compound, overbroad, argumentative, and vague, among other objections. Notwithstanding its objections, however, the SEC answered Request for Admission No. 1 by referencing its previous answer to Goulding's Interrogatory No. 1 dated September 6, 2011, wholly objected to Request For Admission No. 2 without any further response, and denied Requests for Admission Nos. 3 through 8. [Dkt.#508-1], Ex. A at 2-6. Instead of filing a motion to challenge the SEC's objections and answers, Goulding filed a Motion for Deemed Admissions and for Other Relief [Dkt.#456], requesting that this Court determine that the SEC has not acted in good faith, has not complied with its obligations pursuant to either Rule 36 or Rule 37 of the Federal Rules of Civil Procedure and determine that

3

the SEC is deemed to have admitted the November 4, 2011 Requests for Admission of Facts. Goulding asks this Court to ignore the objections and answers put forth by the SEC, and instead deem the requests admitted. The Court declines to do so.

Pursuant to Federal Rule 36(a)(6), a requesting party "may move to determine the sufficiency of an answer or objection." FED. R. CIV. P. 36(a)(6). With this motion, however, Goulding skips that step and presumes that the SEC's objections have been deemed insufficient by the Court. That is not the case here. Federal Rule of Civil Procedure 36 is not a discovery device, but rather creates a procedure for obtaining admissions for the record of facts already known by the party propounding the request. *See Stallings-Daniel v. Northern Trust Co.*, 2002 WL 424629, at *1-2 (N.D. Ill. 2002), citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2253 (1994). "The purpose of Rule 36 is to allow parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987).

Requests to admit are proper when they are used to establish facts or the application of law to facts but not to establish legal conclusions. *See* 7 James W. Moore, Moore's Federal Practice § 36.10[8] (3d ed. 2006); *see, e.g.*, *Enduracare Therapy Management, Inc. v. Cornerstone Healthcare of Illinois, Inc.*, 2006 WL 1452824, at *4 (S.D. Ill. 2006), citing *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co.*, 130 F.R.D. 92, 96 (N.D. Ind. 1990) (request for admission that patent claim is valid improperly seeks legal conclusion). None of Goulding's requests are designed for this purpose. Instead, his requests ask the SEC to admit that

it does not know certain information or that it lacks the ability to provide information not found in the November 16, 2010 Crowe Horwath report.

The heart of the SEC's objections to the Requests for Admission is that its current state of knowledge is not admissible evidence and that Goulding should depose Mari Reidy if he wants to discover additional information about the work and conclusions described in the November 16, 2010 Crowe Horwath report.[1] The Court agrees and finds nothing improper about the SEC's objections or responses that would warrant deeming the requests admitted at this time. The SEC objected to Request for Admission No. 1 and, then subject to its objections, answered. Similarly the SEC objected to Requests for Admission Nos. 3 through 8 and, then subject to those objections, denied them. Goulding does not challenge those objections here.

As for the SEC's response to Request for Admission No. 2, the SEC wholly objected to the request as vague and argumentative. [Dkt.#508-1], Ex. A at 4. The Court agrees with the SEC's characterization of that request. At base, Goulding's Request for Admission No. 2 asks the SEC to admit his theory of the case. Again, that is not a proper subject for a request to admit. Goulding's Requests for Admission do not seek the admission of specific facts but instead attempt to get the SEC to admit its own lack of knowledge of facts. That is not a proper subject for a request to admit. Further, the SEC's knowledge, or lack of knowledge, are not "facts, the application of law to fact, or opinions about either," or "the genuineness of any described document" within the meaning of Federal Rule of Civil Procedure 36(a)(1).

---

[1]While this motion was pending, Goulding apparently did depose Mari Reidy. [Dkt.#509], at 4. Presumably, at that deposition, Goulding asked Ms. Reidy the questions he wanted to ask her about her report.

Even if the Court were inclined to deem admitted that the SEC does not know a fact, that would not be a "fact" admissible at trial. The asserted facts at the core of this case either are true or not; the SEC's current state of knowledge is not relevant to or probative of anything. To the same effect is Goulding's request that the SEC admit that it has "no basis to dispute" the facts that Goulding asks the SEC to admit it does not know. Again, such an "admission" would not be admissible at trial. Therefore, the Motion for Deemed Admissions and for Other Relief [Dkt.#456] is denied with respect to all of Goulding's Requests for Admission.

Goulding also filed a Second Motion for Deemed Admissions and for Other Relief [Dkt.#466], seeking a determination that the SEC is deemed to have admitted an additional Request for Admission that was served by Goulding on December 22, 2011. Again, to the extent the SEC did not agree with the statements set forth in the December 22, 2011 Request for Admission, Goulding also served an accompanying interrogatory seeking an explanation of the SEC's bases for its denial. The substance of the December 22, 2011 Request for Admission asks the SEC to agree with Goulding's view of the facts, *i.e.* that there was no misappropriation of investor funds, which, of course, is a dispute at the heart of this case. If the SEC did not admit the propounded facts, then Goulding requested that the SEC provide him with more detailed information about the testimony of Mari Reidy in addition to what was set forth in her November 16, 2010 report.

Subject to its general objections and other specific objections, the SEC also objected to Request for Admission No. 1 as argumentative, vague and ambiguous but, subject to all of its objections, the SEC denied the request. The SEC also answered the interrogatory, subject to its objections, explaining that "the Commission relies upon the testimony of a third-party witness,

6

whom would be subject to cross examination, and who was recently deposed by Defendant Randall Goulding as well as the reports prepared by Crowe Horwath." [Dkt.#509-1], at 3- 4.

Pursuant to Federal Rule 36(a)(6), a requesting party "may move to determine the sufficiency of an answer or objection." FED. R. CIV. P. 36(a)(6). With the instant motion, however, Goulding again attempts to skip that step and presumes that the SEC's objections have been deemed insufficient by the Court. That is not the case and, for the same reasons as discussed above, the Court finds that Goulding's Request for Admission is improper. Clearly, the SEC and Goulding have different perspectives on the facts. If Goulding takes issue with the Crowe Horwath report and the conclusions included therein, then Goulding can cross examine Ms. Reidy at trial or submit evidence, including his own testimony, that he did not misappropriate any investor funds. The December 22, 2011 Request for Admission does not seek to establish a specific fact but instead asks the SEC to agree with Goulding's version of the facts. The SEC is not obligated to do that if it disputes those facts as it apparently does here.

If a party believes that a response for admission is incorrect or improper, and a Rule 36(a)(6) motion is denied or not available, then the appropriate remedy is to prove the disputed matter at trial and seek an award of reasonable expenses. *See Climco Colis Co. v. Siemens Energy & Automation, Inc.*, 2006 WL 850969, at *1 (N.D.Ill. 2006). It is not surprising that the SEC and Goulding fundamentally disagree on the facts. The SEC intends to try to prove the misappropriation alleged in paragraphs 83 to 88 of its Amended Complaint through the November 16, 2010 Crowe Horwath report and testimony of Mari Reidy. Goulding disputes that he misappropriated any funds, and he intends to try to prove at trial that the conclusions set forth in the Crowe Horwath report are not accurate. The Court is not prepared at this stage to deem

one party's or another's version of the facts the "true" version using Federal Rule of Civil

Procedure 36 to leapfrog the adversary process. Therefore, the Second Motion for Deemed

Admissions and for Other Relief [Dkt.#466] also is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: September 21, 2012