# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1775 | **DATE** | 2/6/2013 |
| **CASE TITLE** | Securities And Exchange Commission vs. The Nutmeg Group, LLC et al | | |

**DOCKET ENTRY TEXT**

Motion and status hearing held on 2/4/13. Defendant Randall Goulding's Motion for Sanctions Due to Multiple Frauds on the Court, etc. [545] and Defendant David Goulding's Motion for Sanctions Due to Multiple Frauds on the Court, etc. [548] are denied for the reasons stated on the record. However, the order entered on 9/1/10 [230] by the late Judge William J. Hibbler, who previously presided over this case, is annotated in one respect for the reasons discussed below in light of one of the arguments raised by Defendants in their Motions. Motion to Quash by Alan D. Lasko and Alan D. Lasko & Associates, P.C. [561] is granted in part and denied in part for the reasons stated on the record. The parties also reported on the status of various matters discussed in the Court's order of 1/18/13 [611]. Continued status hearing set for 2/26/13 at 10:00 a.m. (See Statement for further details.)

■[ For further details see text below.]   Notices mailed by Judicial staff.

02:00

# STATEMENT

    1.  Although Defendants' Motions for Sanctions [545, 548] are denied for the reasons stated at length and in detail on the record, the Court believes that one matter raised by Defendants needs to be addressed specially. In an order entered on 9/1/10 [230], the late Judge William J. Hibbler, who previously presided over this case, ordered Defendant Randall Goulding to produce to the Receiver and the SEC "evidence of investor approval of the Carried Interest or Mercury [Fund] Interest Increase . . . ." Defendants maintained at the time, and still maintain, that the Receiver already had in her possession whatever documents Nutmeg or Defendants had in their possession relating to investor approval of the referenced subjects when Nutmeg shut down, or that the Receiver had abandoned whatever such documents existed in Nutmeg's offices concerning those subjects.

    The issue was before the Court in September 2010 because the Receiver had filed a motion for a rule to show cause why Defendants should not be held in contempt of court for failing to produce the documents relating to Mercury Fund investor approvals and many other documents then being sought by the SEC and the Receiver [180]. Years after the fact, when Defendant Randall Goulding finally reviewed the Receiver's documents himself, he found documents evidencing investor approval of the matters referenced in Judge Hibbler's order of 9/1/10 [230]. It turns out that the Receiver Leslie Weiss had in her possession all along these documents that the Receiver had requested from Goulding in 2010, just as Goulding had said at the time. Accordingly, it now appears that the motion for a rule to show cause was not well-founded as to those documents when it was filed back in April 2010 [180].

    The Receiver maintains that she did not know she already had these documents when she requested

**STATEMENT**

them from Defendants. She also maintains that Defendants represented to her back in 2010 that documents evidencing the relevant investor approval were on a computer disk or hard drive when, as it turns out, the Receiver had them in hard copy. Whether the Receiver had the documents in hard copy or on a computer disk or hard drive, however, the fact remains that she had them in her possession when she filed a motion for a rule to show cause why Defendants should not be held in contempt of court for not providing those documents to the Receiver. This misstatement continues to irk Defendants to this day.

Had Judge Hibbler known that the Receiver actually was in possession of these documents relating to Mercury Fund investor approval of the referenced matters when he was considering the Receiver's motion for a rule to show cause [180], I am confident he would not have ordered Defendant Randall Goulding to produce them. As a practical matter, the Receiver in all likelihood would have withdrawn her motion in that respect since she withdrew other parts of her motion for a rule to show cause when the matters were resolved by the parties [*see., e.g.,* DE#230: "All other matters requested in the Rule to Show Cause motion are resolved"].

To be sure, Judge Hibbler did not formally grant the motion for rule to show cause in his order of 9/1/10 [230]. But he nevertheless ordered Defendant Randall Goulding to produce the documents sought by the Receiver relating to Mercury Fund investor approval [*Id.*] as requested in the Receiver's motion. Accordingly, this order will be linked via this docket entry and Statement on the CM/ECF system to the order entered by Judge Hibbler on 9/1/10 [230] so that the record is clear that Defendant Randall Goulding did not fail or refuse to produce to the SEC or the Receiver the documents relating to Mercury Fund investor approval of the matters referenced in Judge Hibbler's 9/1/10 order [230]. As stated above, the Receiver already had those documents in her possession, and the Receiver was incorrect to assert that she did not have those documents back in 2010. As discussed on the record during the hearing on Defendants' motions for sanctions, however, I do not find it necessary or appropriate to impose sanctions on either the Receiver or the SEC in connection with this long-standing controversy. I see no evidence of an intentional fraud, concealment or conspiracy here. And the sanction Defendants seek – payment of all of the fees they expended in defending against the Receiver's motion for a rule to show cause – is excessive under the circumstances since there is no suggestion that all of the other issues raised in the Receiver's motion also were without merit. Accordingly, for the reasons discussed in full on the record, the Court denies the Motions for Sanctions [545, 548] in this and all other respects.

> 2. The Motion to Quash by Alan D. Lasko and Alan D. Lasko & Associates, P.C. [561] is granted in part and denied in part for the reasons stated on the record. The Motion is denied with respect to Request Nos. 4, 5 and 18 in the Rider to the Subpoena to Lasko [561-1] and granted in all other respects. Lasko shall produce the documents sought by Request Nos. 4, 5 and 18 to the Receiver who shall make those documents available for inspection and copying by Defendants along with the other documents the Receiver (by her counsel) is collecting for Defendants' review – see paragraph 3 below.

For the reasons discussed on the record, Lasko's obligation to respond to Request No. 18 is limited to Schedules D and M in the federal tax returns filed by the Receiver on behalf of Nutmeg and any of its Funds for the years 2009, 2010, 2011 and 2012 (when that return is filed), together with any schedules, worksheets, exhibits or like documents referenced in those Schedules D and M and attached to the tax returns as filed with the Internal Revenue Service. This order is without prejudice to Defendants' ability to seek any other particularized information that is necessary to explain or understand Schedules D or M in the future should that need arise after the documents have been produced and reviewed, and to Lasko's ability to object to production of that information in the future.

**STATEMENT**

To be clear, the Court could have ordered that these documents be produced directly to Defendants by Lasko. The Court, however, is ordering that the documents be produced to the Receiver so that the Receiver can make these and other documents discussed in this order available for inspection and copying by Defendants, and so Defendants do not have to continue to deal with Lasko to inspect the documents. The Receiver did not object to Defendants requesting these documents from Lasko; indeed, the Receiver encouraged Defendants to follow that procedure because she objected to spending the time, effort and money to produce these documents to Defendants herself. The Court is aware that "the receivership estate is severely depleted." [615] Still, the Court finds this round-about procedure – force Defendants to serve a subpoena on Lasko, the accountant, for documents that Lasko prepared for the Receiver to file with the I.R.S. on behalf of Nutmeg and the Nutmeg Funds – to be unnecessarily cumbersome in the context of the case as it now stands and as discovery is winding down. The Court recognizes, though, that relations between the parties were more fraught with conflict several years ago when this round-about mechanism for responding to Defendants' requests for information was suggested. The temperature seems to have receded a little since then, however, and the Receiver does not object (or does not object strenuously) to facilitating this document production in this way. Indeed, the Receiver's counsel suggested during the hearing that Lasko send him the documents to be produced.

As discussed on the record, if Lasko still desires to do so, he shall submit as soon as possible via the Proposed Order Folder on the Court's website a separate draft order in keeping with 26 U.S.C. § 7216(b)(1)(B) to the extent this order is not sufficient for that purpose. (If this order is sufficient for Lasko's purposes or no separate order is required because Lasko simply is producing the tax return Schedules to the Receiver standing in the shoes of the taxpayer(s), he shall so inform the Court's courtroom deputy and no additional order need be prepared or submitted.) In any event, the Receiver shall make the documents available for review by Defendants subject to an appropriate protective order to be submitted by Plaintiff SEC after consultation with Defendants and the Receiver. The SEC shall submit as soon as possible a draft protective order limiting the use of the tax return information being produced to this case and the matters involved in this case as discussed on the record.

> 3. Following the hearing held on 1/18/13 [611], Defendant Randall Goulding sent counsel for the Receiver a proposal ostensibly aimed at narrowing Defendants' Requests for Production Nos. 6 and 7 in line with the Court's rulings on 1/18/13. Counsel for the Receiver and Defendant Randall Goulding *pro se* reported on that development and the Receiver's efforts to collect documents responsive to Defendants' "narrowed" Requests for Production. Once those documents are in a place that they can be made available for Defendants' review, counsel for the Receiver will notify Defendant Randall Goulding.
>
> 4. Status hearing set for 2/26/13 at 10:00 a.m. for a continued report on the Receiver's efforts to make these documents as well as Schedules D and M (and related materials as discussed above) available for Defendants' review.

It is so ordered.