Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1775 | **DATE** | 2/26/2013 |
| **CASE TITLE** | Securities and Exchange Commission vs. The Nutmeg Group, LLC et al | | |

**DOCKET ENTRY TEXT**

Motion hearing held on 2/26/13 on Plaintiff's Motion for An Extension of Time to Answer or Supplement Interrogatory Answers [DE#617]. For the reasons explained in the Statement below, the Court *sua sponte* reconsiders and modifies its ruling on 2/18/13 [DE#611] to the limited extent that Defendant's Motion to Compel a further response to Interrogatory No. 1 [DE#553] is now denied, and Plaintiff no longer is required to supplement its answer to Interrogatory No. 1. Therefore, Plaintiff's Motion for An Extension of Time to Answer or Supplement Interrogatory Answers [DE#617] is denied as moot. This case is set for a status hearing on 3/28/13 at 10:45 a.m. See Statement for further details.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

# STATEMENT

On January 18, 2013, the Court granted Defendant Randall Goulding's Motion to Compel Further Responses to Interrogatories [DE#553] as to Defendant's Interrogatory No. 1. *See* [DE#611]. Plaintiff objected to Defendant's motion on the ground that it had answered Interrogatory No. 1 to the best of its knowledge, information and belief, and that no more was required by the Federal Rules of Civil Procedure. The Court ordered Plaintiff to amend or supplement its answer to that Interrogatory on or before February 18, 2013.

In his Interrogatory No. 1, Defendant asked Plaintiff to provide more factual detail to support the bare allegation in paragraph 88 of Plaintiff's amended complaint that Defendants The Nutmeg Group LLC ("Nutmeg") and Randall Goulding owed investors in Nutmeg's Funds more than $2.3 million "as a result of overstatement of management and performance fees, improper distributions to investors, improperly allocation [sic] of investment costs, improper allocation of investment proceeds, improper calculation of partnership profits, Randall Goulding's use of investor funds for his own personal investments, and improper related party transactions." [DE#314], at ¶ 88. Interrogatory No. 1 required Plaintiff to "fully detail and explain the bases" for the contention that Randall Goulding and/or Nutmeg owed more than $2.3 million to Nutmeg Fund investors by breaking down the $2.3 million into the categories Plaintiff identified in paragraph 88 of its amended complaint.

In its answer to Defendant's Interrogatory No. 1, Plaintiff stated that the basis for its allegation in paragraph 88 of the amended complaint was a report prepared by Mari Reidy of Crowe Horwath dated November 16, 2010 [DE#261] that ostensibly contained the information sought by the Interrogatory. Plaintiff said it had no information in its possession to answer Interrogatory No. 1 other than what Ms. Reidy said in her report. Specifically, in answering Defendant's Interrogatory No. 1, Plaintiff said, "To the extent that any of the information requested in Interrogatory No. 1 is not fully described in Crowe Horwath's November 16, 2010 report, the Commission [Plaintiff] does not have additional information to provide to the defendant at this time." [DE#578-1], at 4.

## STATEMENT

Crowe Horwath, an accounting firm, was appointed by the Court on 4/28/09 [DE#38]. "The primary focus of Crowe Horwath's work was to trace the flow of funds into and out of Nutmeg and its Funds from the time of their formation and to determine whether the investors' monies were properly applied to the investments, whether or not payments to third parties were properly made and whether the amounts paid to Nutmeg by the Funds for advisory services were properly calculated and paid." Receiver's Motion to Discharge Crowe Horwath From Further Duties As Accountant [DE#264], at ¶ 5. The Court capped Crowe Horwath's fees and costs at $150,000 in its order of appointment [DE#38], but it appears that Crowe Horwath ultimately was paid almost $318,000 for its work [DE##264, 269]. The Court discharged Crowe Horwath at the request of the Receiver on 12/16/10 [DE#269]. The Receiver filed Crowe Horwath's final report – the report dated November 16, 2010 that Plaintiff referenced in its response to Defendant's Interrogatory No. 1 – on December 8, 2010, just before Crowe Horwath was discharged from this case[DE#161].

During the hearing on January 18, 2013 on Defendant Randall Goulding's Motion to Compel Further Responses to Interrogatories [DE#553], the Court expressed its view that the Crowe Horwath report did not fully answer Defendant's Interrogatory No. 1. Plaintiff did not seriously dispute that characterization of the Crowe Horwath report or, by implication, its answer to the Interrogatory. Instead, Plaintiff objected to Defendant's Motion to Compel [DE#553] on the ground that Plaintiff had answered the Interrogatory to the best of its knowledge and ability with the information it had in its possession, custody or control, and no more was required under Rule 33 of the Federal Rules of Civil Procedure. Plaintiff also argued that Defendants had the opportunity to depose Crowe Horwath's Mari Reidy about her report in early 2012, including specifically with respect to the $2.3 million referenced in paragraph 88 of Plaintiff's amended complaint that Plaintiff is seeking to disgorge from Nutmeg and Defendant in this case.

Although Defendant Randall Goulding did depose Ms. Reidy, that deposition, in the words of Plaintiff's counsel, "was a lost opportunity" because Defendant, proceeding *pro se* by that time, did not adequately examine Ms. Reidy about her report. Defendant says that he did ask Ms. Reidy questions designed to parse the $2.3 million disgorgement claim into its component parts but Ms. Reidy could not answer those questions. The Court has not reviewed or been provided with a copy of Ms. Reidy's deposition transcript so it does not know whether Plaintiff or Defendant has the better part of the argument as to what happened at Ms. Reidy's deposition.

Plaintiff also apparently did not take the opportunity to ask Ms. Reidy any questions about her report at her deposition. Plaintiff, however, explains that decision by saying that Ms. Reidy's deposition was convened at Defendant's request and, although Crowe Horwath had by that time been discharged as a court-appointed accountant in this case, Plaintiff assumed it would be able to call Ms. Reidy as a witness at trial if it needed to do so by subpoena or otherwise. Defendant confirmed during the hearing on Plaintiff's Motion to Extend on 2/26/13 that he asked for Ms. Reidy's deposition and he compensated her for her time at that deposition.

In any event, although Plaintiff opposed Defendant's Motion to Compel [DE#553] it to further answer Interrogatory No. 1 for the reasons summarized above, its counsel also stated during the January 18, 2013 hearing on Defendant's Motion that Plaintiff was willing to supplement voluntarily its answer to Defendant's Interrogatory No. 1 if it needed to do so to preserve its ability to call Ms. Reidy as a trial witness on its disgorgement claim. Plaintiff, however, said, if it was going to do that, it would need time to speak with Ms. Reidy and obtain the information necessary to supplement its answer to Interrogatory No. 1. The Court took the Plaintiff up on its offer. However, rather than deny Defendant's Motion to Compel on the ground that Plaintiff technically had fulfilled its responsibility to answer Interrogatory No. 1 to the best of its ability based upon information in its possession, custody and control, and simply wait for Plaintiff to supplement its answer to the Interrogatory should it choose to do so in the future, the Court actually granted Defendant's Motion to Compel

## STATEMENT

[DE#553] with respect to Interrogatory No. 1. It gave Plaintiff the 30 days it requested – until February 18, 2013 – "to amend or supplement its answer[ ] to Defendant's Interrogatory number 1." 1/18/13 Order [DE#611].

Plaintiff now has filed a Motion for an Extension of Time to Amend or Supplement Interrogatory Answers [DE#617] asking for an additional 60 days to comply with the Court's 1/18/13 Order. Plaintiff originally proposed that it use that time to attempt to retain Crowe Horwath at an agreeable hourly rate, meet with Ms. Reidy and obtain whatever information it feels it needs to supplement its answer to Defendant's Interrogatory No. 1. Absent Crowe Horwath's agreement to such an arrangement, Plaintiff proposed that it depose Ms. Reidy to obtain the information it seeks. At oral argument on its Motion to Extend, however, and apparently after Plaintiff's counsel had spoken with Crowe Horwath, Plaintiff reported that Crowe Horwath is now reluctant to become involved in this case as a retained consultant to Plaintiff, having previously served as a court-appointed expert in analyzing Nutmeg's books and records, so the only option Plaintiff has is to serve a deposition subpoena upon Crowe Horwath and, in that way, obtain whatever additional information it wants to supplement its answer to Defendant's Interrogatory No. 1.

For their part, Defendants Randall and David Goulding oppose Plaintiff's request for an extension of time. Defendant David Goulding filed a response to Plaintiff's Motion [DE#620] in which he argues that further delay in obtaining a more complete response to Defendant's Interrogatory No. 1 will unnecessarily postpone a resolution of this case to Defendants' detriment and prejudice. David Goulding also argues that there is no guarantee that Plaintiff will be able to obtain the information it seeks from Crowe Horwath within the next 60 days, or ever. In addition, although Defendants Goulding would like Plaintiff to provide a more detailed answer to Defendant's Interrogatory No. 1, they largely would like that information to confirm what they say their extensive analysis of the documents produced by Plaintiff and the Receiver reveals – that Plaintiff's $2.3 million disgorgement claim is overblown and too high.

Defendants Goulding are frustrated that Plaintiff has not detailed each of the elements of its disgorgement claim, and they believe it is unfair for Plaintiff not to have done so. Moreover, if Defendants Goulding are wrong in their reading of the documents produced by Plaintiff and the Receiver, they say they deserve to know that well-before trial. Rather than agree to give Plaintiff more time to provide more information in answer to Interrogatory No. 1, however, Defendants Goulding now say they are preparing to move to bar Ms. Reidy from testifying at trial and to ask the Court to enter judgment in their favor because, among other reasons, Plaintiff has not itemized its disgorgement claim. So, for these and other reasons, Defendants Goulding oppose Plaintiff's Motion to Extend. Plaintiff responds that if Defendants Goulding are preparing to move to bar Ms. Reidy from testifying at trial, it now more than ever may need time to depose Ms. Reidy and secure whatever information she may have to supplement or explain her November 16, 2010.

Accordingly, at this juncture and in light of the facts and circumstances described above, the Court believes the better way to proceed is for it to reconsider *sua sponte* its ruling on 1/18/13 that Plaintiff must amend or supplement its answer to Interrogatory No. 1. Upon further reflection, the Court agrees with Plaintiff's previous argument that it is required to do no more than it already has done under Rule 33 of the Federal Rules of Civil Procedure to answer that Interrogatory. If Plaintiff does not have in its possession, custody or control the knowledge or information to answer Interrogatory No. 1 more fulsomely than it already has done, then it doesn't have that knowledge or information. There is no authority for the Court to require Plaintiff to go to third parties to obtain information it does not have in order to answer written discovery propounded by Defendant. Nothing, of course, precludes Plaintiff from amending or supplementing its answer to Interrogatory No. 1 of its own accord. But the Court will not require it to do so. The issue presented to the Court on Defendant's Motion to Compel [DE#553] was whether Plaintiff should be required to amend or supplement its answer to Defendant's Interrogatory No. 1. Today, for the reasons discussed herein, the Court reconsiders and modifies its earlier

| STATEMENT |
|---|

ruling that Plaintiff must do so.

The Court, therefore, also agrees with Defendants Goulding that it is unnecessary to grant Plaintiff's Motion to Extend to allow Plaintiff additional time to obtain more information to answer Defendant's Interrogatory No. 1. Indeed, that Motion to Extend is largely moot if Plaintiff is not required to supplement its answer to Interrogatory No. 1. Accordingly, Plaintiff's Motion to Extend [DE#617] is denied, and Plaintiff is no longer required to amend or supplement its answer to Defendant's Interrogatory No. 1.

If, however, as discussed during the hearing held on 2/26/13, Plaintiff desires to take Mari Reidy's deposition, it promptly should file a motion seeking leave to do so, explaining the reason(s) for its request and how it proposes that deposition will proceed. Although discovery is now closed and it is time to move this case toward resolution either by dispositive motion, settlement or trial, the Court will consider any such motion on its merits and determine whether allowing Plaintiff to take Mari Reidy's deposition will, as provided in Rule 1 of the Federal Rules of Civil Procedure, "secure the just, speedy and inexpensive determination of [this] action and proceeding."

It is so ordered.