# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1775 | **DATE** | 6/7/2013 |
| **CASE TITLE** | Securities and Exchange Commission vs. The Nutmeg Group, LLC et al | | |

**DOCKET ENTRY TEXT**

Status hearing held on 6/7/14. The parties reported that Mari Ready of Crowe Horwath was deposed on 5/31/13 per the Court's prior order [650]. The parties also reported their different characterizations and interpretations of Ms. Reidy's testimony at her deposition. As discussed on the record and for the reasons summarized in the Statement below, the Court *sua sponte* orders plaintiff to supplement its Rule 26(a)(1)(A)(iii) disclosure and break down the $2,334,838.17 that plaintiff states it is seeking from one or more of the primary defendants or the relief defendants in this case, and to amend its answer to defendant Randall Goulding's interrogatory served on 7/25/12 seeking an explanation of the components of the $2,334,838.17 that Nutmeg is alleged to owe to Fund investors as referenced in paragraph 88 of plaintiff's amended complaint [553-18]. Plaintiff shall serve its supplemental disclosure and amended response to defendant's interrogatory on or before 6/28/13. See Statement for further details.

■[ For further details see Statement below.]   Notices mailed by Judicial staff.

00:30

## STATEMENT

In its most recent Rule 26(a)(1) disclosure dated July 27, 2012 (served but not filed via the CM/ECF system) and its answer to defendant Randall Goulding's July 25th interrogatory dated August 27, 2012 [DE#553-18], plaintiff states that it is seeking a very precise amount of money from one or more of the primary defendants and/or the relief defendants -- $2,334,838.17 -- in the form of disgorgement of allegedly ill-gotten gains. In each instance, plaintiff refers to Crowe Horwath's report dated November 16, 2010 [DE#261], authored by Mari Reidy, as the basis for its $2,334,838.17 disgorgement request. Further, in each instance, plaintiff includes a number of broad categories in the total amount claimed without breaking out the amount of money attributable to each or any category. The categories come from paragraph 88 of plaintiff's amended complaint [DE#314] which states in relevant part:

> "According to Crowe Horwath's November 16th report, Nutmeg owes Fund investors at least $2,334,838.17 as a result of overstatement of management and performance fees, improper distributions to investors, improperly [sic] allocation of investment costs, improper allocation of investment proceeds, improper calculation of partnership profits, Randall Goulding's use of investor funds for his own personal investments, and improper related party transactions."

Plaintiff and defendants Randall and David Goulding have been jousting for some time about whether

| STATEMENT |
|---|

plaintiff should be required to separate into its constituent parts the $2,334,838.17 portion of its disgorgement claim. (Plaintiff has identified other amounts it seeks from defendant by way of disgorgement in other identified categories. Those categories and amounts are not at issue here.) The source of the $2,334,838.17 is, according to plaintiff, the Crowe Horwath November 16, 2010 report authored by Mari Reidy. [DE#261] Plaintiff said in answer to defendant Randall Goulding's July 25, 2012 interrogatory that it has no information about the make-up of the $2,334,838.17 other than what is in the Crowe Horwarth report. [DE#553-18] This led the Court to accept plaintiff's offer to obtain additional information from Mari Reidy and Crowe Horwath about the $2,334,838.17 and to then supplement its answer to Goulding's interrogatory with that information, only to retract that ruling when plaintiff said that Ms. Ready would not voluntarily provide this information. [DE#626] The Court then granted plaintiff's motion for leave to take Ms. Ready's deposition so that plaintiff and defendants could question her and obtain more information about the $2,334,838.17 referenced in her report. [DE#650.]

A central premise of plaintiff's motion to take Ms. Reidy's deposition was that the deposition would, in plaintiff's words,

> "provide both the SEC and the Defendants with additional information not found in the Crowe Horwath reports. Ms. Reidy's deposition will also allow the parties to prepare to file and/or respond to dispositive motions, and will allow the parties to prepare for trial on the SEC's misappropriation claims. As such, a deposition helps "secure the just, speedy and inexpensive determination of [this] action and proceeding" as contemplated under Rule 1 of the Federal Rules of Civil Procedure." [DE#641 at 3, ¶6]

During the status hearing on June 7, 2013, plaintiff's counsel stated that the practical result of his having taken Ms. Reidy's deposition is that defendants now have a preview of her anticipated direct testimony at trial. Defendants, proceeding *pro se*, agreed that while that may be true, Ms. Reidy did not and could not break-out into each of its component parts the $2,334,838.17 that is the purported basis for a large portion of plaintiff's disgorgement claim.

Based on its questioning of plaintiff's counsel and the *pro se* defendants during the status hearing, the Court understands that while Ms. Reidy provided more detail and information about her report, she may not have explained fully, and at least in a way that is fully accessible or understandable to the *pro se* defendants, all of the component parts of her $2,334,838.17 number in that report. In the Court's view, plaintiff tacitly conceded this point by arguing that plaintiff does not have to prove up the entire $2,334,838.17 to prevail on its disgorgement claim at trial. While that certainly is true as a technical matter, it begs the question of whether plaintiff has adequately disclosed the basis for the $2,334,838.17 portion of the disgorgement claim plaintiff is currently asserting.

With discovery now closed and as the parties prepare for dispositive motion practice, pretrial motions and trial, the time has come for plaintiff to disclose as clearly as it can the component parts of its $2,334,838.17 disgorgement claim so that defendants and the Court understand it and what evidence will be presented to support it. That is the purpose of Rule 26(a)(1) disclosures and the reason for defendant Randall Goulding's July 25, 2012 interrogatory. As it stands now, plaintiff's Rule 26(a)(1)(A)(iii) disclosure and its answer to defendant Goulding's interrogatory both reference the Crowe Horwath report for the $2,334,838.17 portion of plaintiff's disgorgement claim without any break down of its component parts. That is not sufficient to "secure the just, speedy and inexpensive determination of [this] action and proceeding" (Fed.R.Civ.P. 1) and it does not comport with the letter and spirit of Rule 26(a)(1)(A)(iii).

## STATEMENT

The Court and defendants will benefit from a more fulsome disclosure as this case is prepared for trial to the extent plaintiff can provide that information. Defendants will be able to more intelligently address this portion of plaintiff's claim and the Court can more intelligently rule on whatever challenge defendants may raise to that claim. If plaintiff cannot break down its $2,334,838.17 disgorgement claim any further after Ms. Reidy's deposition, then presumably it will say so in its amended disclosure and interrogatory answer. If it can provide more information, it must do so. The trial court then can take all of that information into account in the coming round of pretrial and dispositive motions.

In *French v. Wachovia Bank,* 2010 WL 2643385 (E.D. Wis. June 29, 2010), the court faced a similar situation. Plaintiff claimed $5 million to $7 million in damages broken down into a number of categories but, in answer to defendant's interrogatories and in their Rule 26(a)(1)(A)(iii) disclosure, plaintiffs simply referenced their expert's report. Although Crowe Horwath is not plaintiff's expert here, plaintiff is using Crowe Horwath's report much the same as if it were its expert's report supporting its disgorgement claim against defendants. The court in *French* held that "[m]erely referencing an expert report does not comport with the requirement or the spirit of Rule 26(a)(1)(A)(iii)." *Id.* at *2. The court ordered plaintiffs to "provide a computation of each category of damages to the defendants." *Id.*

Accordingly, Plaintiff must provide by June 28, 2013, as best it can, a breakdown of the component parts of the $2,334,838.17 portion of its disgorgement claim. It must do so in a supplemental Rule 26(a)(1)(A)(iii) disclosure and in an amended answer to defendant Goulding's July 25, 2012 interrogatory. To the extent the answer to the interrogatory needs to incorporate by reference plaintiff's Rule 26(a)(1)(A)(iii) disclosure, that is fine. Rule 26, however, only requires a party to provide "a computation of each category of damages claimed" and "to make available" as under Rule 34 "the documents or other evidentiary material . . . on which each computation is based." Defendant Goulding's interrogatory, on the other hand, asks plaintiff to explain the basis for its contention as to the amounts due including how the amounts were calculated, the source or source of such information, to explain which amounts are attributable to particular periods of time and to identify the Nutmeg investor(s) or Nutmeg fund(s) affected. Plaintiff, therefore, may need to provide more information in answer to the interrogatory than in its supplemental Rule 26 disclosure, if it can do so.

At the status hearing on June 7, 2013, plaintiff suggested that it would prefer only to supplement its Rule 26 disclosures if the Court deemed that appropriate but not to supplement its answer to the July 25, 2012 interrogatory. The Court understands and considered that request, but it wants to make sure that, at the end of this process, plaintiff has provided enough information about the component parts of its $2,334,838.17 disgorgement claim, and all the information it has at its disposal following the Mari Ready deposition, so that claim can be properly examined by defendants and the Court before and during trial. Even a good faith estimate as to the total amount plaintiff is seeking broken into its constituent parts and the basis for that estimate would be preferable to a lump sum with no breakdown whatsoever.

To the extent the parties can agree on what information plaintiff will provide in a more fulsome response to the July 25, 2012 interrogatory, the Court has no objection to that. Further, to the extent plaintiff can supplement its Rule 26 disclosure by June 28, 2013 but needs more time to supplement its interrogatory answer, the parties should discuss that and, if necessary, present a motion (agreed, if possible) to extend the date for plaintiff to amend its answer to the interrogatory and a proposed order to that effect.

It is so ordered.

**STATEMENT**