UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) |
| Plaintiff, | ) Case No. 09-CV-1775 |
| v. | ) |
| THE NUTMEG GROUP, LLC, | ) Judge Jeffrey Gilbert |
| RANDALL GOULDING, | ) |
| DAVID GOULDING, | ) |
| Defendants, | ) |
| DAVID GOULDING, INC., DAVID SAMUEL, LLC, FINANCIAL ALCHEMY LLC, PHILLY FINANCIAL, LLC, SAM WAYNE, and ERIC IRRGANG, | ) ) ) ) |
| Relief Defendants. | ) |

**Notice of the Abatement of Income Tax Penalties**

NOW COMES Defendant, Randall Goulding (Randall), *pro se*, alerting this Honorable Court to the Internal Revenue Service's abatement of income tax penalties assessed against The Nutmeg Group LLC and against Nutmeg Michael Fund LLP for the late filing of the 2008 federal income tax returns form 1065:

1. Leslie Weiss was appointed as receiver in September 2009.

2. As I pointed out to Weiss in our initial communications when Weiss was appointed as receiver, the income tax returns for The Nutmeg Group LLC and Nutmeg Michael Fund LLP, forms 1065, by law, were due on or before October 15, 2009, since they had not been filed prior to the initiation of this litigation.

3. Based on the August 6, 2009 receivership order, I was not permitted to file the returns myself. *Receivership Order* (Docket No. 66), at paragraph K ("Unless and as authorized by the Receiver, the Defendants and Relief Defendants shall not take any action or purport to take any action, in the name of or on behalf of Nutmeg or the Funds.")

4. On September 15, 2008, one full month before the due date of the 2008 federal and state income tax returns, I wrote to Weiss and reminded her that: "Ryan [Goulding] also

spent a substantial amount of time preparing the[se] form[s] 1065[s], which still has not been filed. The time for filing will soon run. However, it too [which is in addition to the payroll tax returns] has not been filed, but can be with little effort and very little additional expense, if he is permitted."

5. Having heard no response whatsoever, I followed up on October 13, 2009 with yet another e-mail request. *See* Weiss' October 15, 2009 letter (Ex. 3 to Dkt. 593-4), at p. 6, which recites this reminder and my offer to assist. Rather than granting permission for the filing of such returns, Weiss' cryptic, unhelpful response, which was emailed on October 15, 2008, was "As you may be aware, the Receiver has different duties than the owners of the business." *Id.*

6. Consequently, without direction, without the authority, there was no way that I could avert penalties that I knew would inevitably ensue, given that the Court order prohibited me from filing the return and Weiss refused to provide me with the requisite authority to file the income tax returns, forms 1065.

7. Thereafter, on October 27, 2009, I filed a motion for directions from the Court as to how to proceed with respect to the 2008 returns. Docket No. 85. On the November 4, 2008 hearing date, Weiss' attorney, Paula Jacobi opposed the motion on technical grounds, arguing that I was improperly seeking an advisory ruling. Judge Hibbler agreed and struck the motion. *See* Docket No. 95.

8. I then filed a motion to compel Weiss to address the issue (Docket Item 102) and on the December 2, 2012 hearing date, Judge Hibbler denied the motion but gave me authority to file the returns. *See* Docket No. 121.

9. Obviously, if Weiss had simply given me authority to file the returns, they could have been filed in a timely fashion. As the Court can see, the delay stemmed from Weiss' refusal to respond and refusal to give me any direction, and then resisting my efforts to obtain an

order from Judge Hibbler addressing the issue.

9. Repeatedly, thereafter, I suggested to her that someone seek to abate these penalties, even offering that my son, Ryan Goulding do so, or alternatively, to do so myself.

10. However, Weiss ignored each such request. Weiss was totally uncooperative with any attempts to comply with the law and avoid the imposition of the inevitable penalties under Internal Revenue Code Section 6698(a)(1).

11. Instead, Weiss repeatedly, probably in every report to the Court and every request for fees blamed the for the consequent Internal Revenue Code Section 6698(a)(1) penalties, nonpayment penalties and interest.

12. Thus there was no way that I could have filed the forms 1065, without violating the court order (Docket No. 66, at paragraph K) without Weiss's permission or grant of authority. Rather than agreeing to permit me to file the return or to otherwise cause it to be filed timely, Weiss refused.

13. Accordingly, indisputably, Weiss was at fault for the delay in filing the federal income tax returns.

14. Thereafter, as anticipated, the Internal Revenue Service asserted a penalty under Internal Revenue Code Section 6698(a)(1) because of the late filing of the 2008 partnership returns.

15. Finally, in late 2014, I was able to persuade Weiss's representatives to enable me to pursue the abatement of the penalties.

16. In such pursuit, on January 7, 2015, I executed and submitted to Weiss, the power of attorney, IRS form 2848 for her signature.

17. Approximately three months later, on April 2, 2015, Weiss filed a motion with the Court to approve the power of attorney, IRS form 2848.

18. On April 21, 2015, this Honorable Court granted Weiss's motion.

19. Approximately 3 ½ weeks later, on May 14, 2015, Weiss executed and submitted

3

to me, the power of attorney form 2848.

20. On May 26, 2015, following repeated telephone calls, I was able to persuade the Internal Revenue Service to abate the penalty asserted against the Nutmeg/Michael Fund LLLP, for the late filing of the 2008 form 1065.

21. On June 1, 2015, following repeated telephone calls, I was able to persuade the Internal Revenue Service to abate the penalty against The Nutmeg Group LLC, for the late filing of the 2008 form 1065.

22. In each case, the respective Internal Revenue Service representative also agreed to abate late payment penalties and interest.

23. In each case, the determination was the result of the fact that in the history of each such entity, this was the only instance in which there was ever a late filing of the IRS form 1065. In one instance, the representative was also influenced by the fact that this is the first time that Ms. Weiss has ever acted as a receiver.

24. Formal notice of each abatement should be issued by the Internal Revenue Service, within the next 1 to 3 weeks.

WHEREFORE, it is respectfully requested that this Honorable Court take notice of the abatement of these penalties, and/or for such other and further relief is this Honorable Court deems appropriate under the circumstances.


June 5, 2015　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　  /s/ Randall S. Goulding, *pro se*

**CERTIFICATE OF SERVICE**

This is to certify that I, an attorney, hereby attempted to cause a copy of the foregoing, and attachments, to be served on counsel or parties of record via the Unites States ECF case management system on June 5, 2015.

/s/ Randall S. Goulding