IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) No. 09 C 1775<br>) |
| v. | ) Jeffrey T. Gilbert<br>) Magistrate Judge |
| THE NUTMEG GROUP, LLC; RANDALL GOULDING; and DAVID GOULDING, | )<br>)<br>) |
| Defendants, | )<br>) |
| DAVID GOULDING, INC.; DAVID SAMUEL, LLC; FINANCIAL ALCHEMY, LLC; PHILLY FINANCIAL, LLC; and ERIC IRRGANG, | )<br>)<br>)<br>) |
| Relief Defendants. | ) |

## ORDER

Plaintiff's Motion to Preclude Ryan Goulding from Offering Expert Testimony [ECF No. 940] is granted. See Statement below for further details.

## STATEMENT

1. Plaintiff Securities and Exchange Commission ("the SEC") has moved to bar Ryan Goulding ("Ryan") from offering expert opinion testimony at trial. Plaintiff's Motion to Preclude Ryan Goulding from Offering Expert Testimony ("The SEC's Motion to Bar"), [ECF No. 940].

2. Ryan has a Masters in Accounting, is a Certified Public Accountant, and owns his own accounting firm. Declaration of Ryan Goulding, [ECF No. 657-7], ¶ 2. Ryan is the son of Defendant Randall Goulding and the brother of Defendant David Goulding, and he owns Relief Defendant Financial Alchemy, LLC. *Id* ¶ 1. Ryan was involved in the operation of Defendant The Nutmeg Group, LLC ("Nutmeg") by, among other things, preparing tax returns for Nutmeg and for each of the funds that Nutmeg advised. Declaration of Ryan Goulding, [ECF No. 657-7], ¶ 7.

3. Prior to October 18, 2017, Defendants did not disclose Ryan as an expert witness under Rule 26(a)(2) of the Federal Rules of Civil Procedure.[1] On that date, Defendants served the SEC with a new disclosure that "furnish[ed] additional notifications to [the SEC] . . . including the designation and disclosure of Ryan [] as an expert witness pursuant to Rule 26(a)(2)(C)." The SEC's Motion to Bar, [ECF No. 940], ¶¶ 1, 10; Defendants' Final Supplemental Rule 26 Disclosures Superseding Rule 26 Disclosures, [ECF No. 940-1], at 1.

4. The issue now before the Court is whether Ryan should be barred from offering expert opinion testimony at trial because Defendants did not timely disclose him as an expert witness under the Federal Rules of Civil Procedure.

I.

5. The parties dispute whether Defendants' disclosure of Ryan as a Rule 26(a)(2)(C) expert witness on October 18, 2017 was timely. Under Rule 26(a)(2)(D), a party must make the disclosures required by Rule 26(a)(2)(B) or (C) "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Absent a court order or a stipulation, one of two deadlines applies. The one that Defendants and the SEC focus on in this case provides that a party must make its Rule 26(a)(2)(B) and (C) disclosures "at least 90 days before the date set for trial or for the case to be ready for trial." FED. R. CIV. P. 26(a)(2)(D)(i). Again, this alternative does not apply if the court has issued an order setting the time to make Rule 26(a)(2) disclosures.

6. In this case, the Court first set an expert discovery schedule on September 16, 2009. In a minute entry, the Court ordered the parties to "comply with FRCP 26(a)(2) by 1/9/2010" and "with rebuttal FRCP 26(a)(2) by 2/16/2010." Minute Entry Dated 9/16/09, [ECF No. 74]. The Court subsequently modified these dates several times, using largely the same language. Minute Entry Dated January 13, 2010, [ECF No. 161]; Minute Entry Dated April 20, 2010, [ECF No. 186]; Minute Entry Dated June 16, 2010, [ECF No. 203]; Minute Entry Dated June 18, 2010, [ECF No. 204]; Minute Entry Dated November 17, 2010, [ECF No. 260]; Minute Entry Dated January 26, 2011, [ECF No. 278]. On March 30, 2011, the Court ordered the parties to "comply with FRCP 26(a)(2) by 6/6/2011" and to complete "[r]ebuttal compliance with FRCP 26(a)(2) by 7/8/2011." Minute Entry Dated March 30, 2011, [ECF No. 287]. Then, on June 14, 2011—which is after the deadline to disclose non-rebuttal experts already passed—, the Court extended the deadline for "[c]ompliance with rebuttal FRCP 26(a)(2)" to August 15, 2011. Minute Entry Dated June 14, 2011, [ECF No. 315]. On July 20, 2011, the Court granted the SEC additional time to comply with Rule 26(a)(2). Minute Entry Dated June 14, 2011, [ECF No. 331]. In two subsequent orders, the Court extended the deadline for Defendants to serve their

---

[1] Before October 18, 2017, Defendants served the SEC with several Rule 26 disclosures. Defendant Randall Goulding's First Rule 26 Disclosures, [ECF No. 940-3], at 2; Defendant David Goulding and Relief Defendants' First Rule 26 Disclosures, [ECF No. 940-4], at 2; Defendants' Final Superseding Rule 26 Disclosures, [ECF No. 940-5], at 2; see also Defendants' Rule 16 Case Management Report, [ECF No. 846], at 2. In their response to the SEC's Motion to Bar, Defendants do not argue that they disclosed Ryan as an expert witness under Rule 26(a)(2) in any of these documents. In any event, the Court has reviewed these disclosures and determined none would satisfy the requirements of Rule 26(a)(2)(B) or Rule 26(a)(2)(C).

rebuttal or supplemental expert reports, but it did not extend the already-passed deadline for Defendants to disclose expert witnesses. Minute Entry Dated July 10, 2012, [ECF No. 523]; Minute Entry Dated October 23, 2012, [ECF No. 560]. On October 23, 2012, the Court ordered "[a]ll expert discovery [to] be completed on or before 1/14/13." Minute Entry Dated October 23, 2012, [ECF No. 560]. The Court never extended this deadline.

7. It is not necessary to engage in an in-depth discussion of Defendants' contention that Rule 26(a)(2)(D)(i) supplies the relevant deadline for disclosing Ryan as an expert witness under Rule 26(a)(2)(C).[2] The Court's orders discussed in the preceding paragraph are unambiguous. The Court set deadlines for Rule 26(a)(2) disclosures and for the close of all expert discovery, which means Rule 26(a)(2)(D)(i) does not apply. All of these deadlines set by the Court came and went more than four years before Defendants disclosed Ryan as an expert witness on October 18, 2017. Therefore, Defendants did not timely disclose Ryan under Rule 26(a)(2).

II.

8. "If a party does not make a timely and complete expert-witness disclosure, the expert's testimony ordinarily cannot be presented at trial." *Hassebrock v. Bernhoft*, 815 F.3d 334, 341 (7th Cir. 2016). Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, the exclusion of expert testimony that is not properly and timely disclosed is automatic and mandatory unless the non-disclosure was substantially justified or is harmless. *Novak v. Bd. of Trustees of S. Illinois Univ.*, 777 F.3d 966, 972 (7th Cir. 2015); *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004); *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Defendants bear the burden of showing their failure to disclose Ryan as a testifying expert was substantially justified or is harmless. *Eldridge v. Gordon Bros. Grp., L.L.C.*, 863 F.3d 66, 85 (1st Cir. 2017); *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017); *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). "[T]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *David*, 324 F.3d at 1363 (quoting *Mid–America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir.1996)).

9. Whether a failure to disclose was substantially justified turns in large part on the party's explanation for the nondisclosure, including its ability to timely disclose and the legal basis for believing disclosure was not required. *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017); *Bull v. Bd. of Trustees of Ball State Univ.*, 2012 WL 76137, at *2 (S.D. Ind.

---

[2] One point bears mentioning. Defendants repeatedly criticize the SEC for supposedly taking inconsistent positions concerning the deadlines for disclosing expert witnesses and completing expert discovery. Defendants say that, although the SEC now contends these dates passed years ago, the SEC took a different position in its Motion to Reconsider Order Barring Mari Reidy from Offering Opinion Testimony on Certain Accounting Matters [ECF No. 910]. Defendants are wrong. The SEC never argued in its Motion to Reconsider that the deadline to disclose expert witnesses had not yet passed. Instead, the SEC asserted it had previously and timely disclosed Reidy as an expert witness and that, even if it had not, its failure to do so was harmless and substantially justified. Order Dated October 31, 2017, [ECF No. 936], ¶ 2. The Court found the SEC waived some of these arguments and also rejected all of them on the merits.

Jan. 10, 2012). If reasonable people could differ as to whether the nondisclosure was justified, then the evidence should not be excluded. *Olivarez v. GEO Grp., Inc.*, 844 F.3d 200, 205 (5th Cir. 2016); *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (10th Cir. 2015). Substantial justification, though, cannot be based on mere inadvertence or a misunderstanding of the law. *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012), *as amended* (Feb. 2, 2012); *Musser*, 356 F.3d at 758; *Bull*, 2012 WL 76137, at *2; *United States v. Shanrie Co.*, 2007 WL 178515, at *1 (S.D. Ill. Jan. 19, 2007).

10. Defendants offer one justification for their failure to disclose Ryan under Rule 26(a)(2). Defendants claim that, during hearings on January 18, 2013 "and/or" February 26, 2013 and in a written order issued on June 7, 2013, the Court ruled that the SEC could not prevail on "its claims of missing money/uninvested funds without showing the underlying evidence, detail and supporting schedules." *See* Defendants' Response to Plaintiff's Motion to Preclude Ryan Goulding from Offering Expert Testimony ("Defendants' Response"), [ECF No. 949], ¶¶ 3, 4. Defendants say that, in light of these supposed rulings, they thought they would not need Ryan to offer expert opinions. Defendants claim they only realized the need for Ryan to testify as an expert witness when the Court supposedly reversed the "law of the case" on August 4, 2017 by denying Defendants' and Relief Defendants' Motion *in Limine* to Bar Any Admission of Evidence of Any Disgorgement Damages or Any Other Form of Damages, to Preserve the Integrity of FRCP 26(a)(1)(A)(iii) and Other Discovery Provisions [ECF No. 848]. Minute Entry Dated August 4, 2017, [ECF No. 911].

11. Defendants' argument is deeply flawed. As an initial matter, the deadlines to disclose expert witnesses and complete expert discovery passed *before* the Court held the hearings and issued the order in which Defendants say the Court made the rulings that led Defendants to conclude they would not need to elicit expert testimony from Ryan. Defendants' failure to timely disclose Ryan as an expert witness cannot be justified by their reliance on supposed rulings that post-date the deadline for disclosing Ryan under Rule 26(a)(2). Moreover, the Court did not rule as Defendants claim it did. During the hearings on January 18, 2013 and February 26, 2013 and in the order issued on June 7, 2013, the Court addressed whether the SEC was required under the Federal Rules of Civil Procedure to provide Defendants with additional information in its Rule 26 disclosures and written discovery responses. *See* Minute Entry Dated January 18, 2013, [ECF No. 611]; Minute Entry Dated February 26, 2013, [ECF No. 624]; Written Opinion Dated June 7, 2013, [ECF No. 656]. The Court did not rule that the SEC would not prevail at trial if it did not introduce "the underlying evidence, detail and supporting schedules." The Court also did not say Defendants should or could not disclose evidence (expert or otherwise) that they believed would support their defenses against the SEC's claims. Therefore, the Court finds Defendants have not carried their burden to show that their failure to timely disclose Ryan under Rule 26(a)(2) was substantially justified.

12. Defendants also argue their failure to disclose Ryan as an expert witness is harmless. Defendants assert the SEC has known what Ryan will testify about for a long time because Defendants disclosed him under Rule 26(a)(1). As the Court recently explained, however, "Rule 26(a)(2) expert disclosures are intended to be more detailed and fulsome than Rule 26(a)(1) initial disclosures." Order Dated October 31, 2017, [ECF No. 936], ¶ 11; *see also Beauchamp v. City of Dixon*, 2014 WL 901437, at *4 (N.D. Ill. Mar. 7, 2014), *report and*

4

*recommendation adopted sub nom. Beauchamp v. City of Dixon, Ill.*, 2014 WL 1315403 (N.D. Ill. Mar. 31, 2014) (rejecting an argument that a party "satisfied the disclosure requirements of Rule 26(a)(2)(C) when she (1) disclosed her witnesses under Rule 26(a)(1), and (2) those witnesses revealed their opinions in their medical records or during their depositions); *Vigilant Ins. v. E. Greenwich Oil Co.*, 234 F.R.D. 20, 22 (D.R.I. 2006) ("Thus, Rule 26(a)(1) disclosures are not in lieu of Rule 26(a)(2)(A) disclosures."). Further, all of Defendants' Rule 26(a)(1) disclosures are bare-bones and identify the subject matters about which Ryan may testify as "details as to accounting, transactions on behalf of funds, valuation, business operations, and compliance." Defendant Randall Goulding's First Rule 26 Disclosures, [ECF No. 940-3], at 2; Defendant David Goulding and Relief Defendants' First Rule 26 Disclosures, [ECF No. 940-4], at 2; Defendants' Final Superseding Rule 26 Disclosures, [ECF No. 940-5], at 2. This opaque and general language does not provide any indication that Ryan will offer expert opinion testimony, a summary of what those opinions will be, or a summary of the main facts related to those opinions. Defendants also contend the SEC knows what Ryan will say because the SEC listed him as a "may call witness" on its Preliminary Witness List for trial [ECF No. 845]. The SEC, however, listed him as a fact witness who may testify about "his responsibilities regarding Nutmeg and the Funds; the transfer of Fund assets to the Relief Defendants; Randall Goulding's control over Fund assets transferred to the Relief Defendants; and the compensation he received from trading Fund assets." *Id.* at 5. Again, this simple disclosure is insufficient to show the SEC knows what Ryan would say if he were permitted to testify as an expert witness.

13. It is not a close question whether Defendants' untimely disclosure is harmless. Because Defendants only disclosed Ryan as a fact witness during discovery, the SEC did not depose Ryan about his expert opinions or seek written discovery related to them. In fact, during Ryan's deposition, his counsel objected to questions that supposedly called for an opinion, saying Ryan was "not here to give his opinion" and was only "here to give facts." Deposition of Ryan Goulding, [ECF No. 940-2], at 152; *see also id.* at 186, 230. The SEC did not have the opportunity during expert discovery to consider whether it wanted to hire an expert to rebut Ryan's expert opinions and, if so, to disclose that expert under Rule 26(a)(2). The SEC also was not able to file a *Daubert* motion attacking the admissibility of Ryan's expert opinions.

14. It is indisputable that depriving the SEC of its ability to challenge Ryan's expert opinions under *Daubert* and forcing it to fly blind during trial with no prior discovery about his expert opinions would be severely prejudicial. The only potential way to remedy this prejudice would be to substantially alter the pretrial schedule and delay the start of the trial, likely by months. Depending on the results of additional pretrial proceedings, much of the work that already has been done—including motions *in limine*, exhibit lists, and proposed findings of fact and conclusions of law—may have to be redone, at least in part. The resulting disruption to the Court's schedule and the additional burden on the SEC to redo work also supports the conclusion that Defendants' failure to timely disclose Ryan is not harmless. *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008), *as amended* (Sept. 16, 2008) ("Such modifications to the court's and the parties' schedules supports a finding that the failure to disclose was not harmless."); *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008) ("Moreover, the district court was forced to devote considerable time and resources to address the matter of the deficient report—time and resources that instead could have been devoted to reaching a speedy resolution of Ciomber's suit."); *Musser*, 356 F.3d at 759 ("But it is not an

abuse of discretion to conclude that the additional costs to Gentiva of preparing a new summary judgment motion and further delay in extending the trial date are not harmless.").

15.     The Court does not need to conclude that Defendants acted in bad faith in order to find that their failure to disclose properly Ryan as a testifying expert in this case is not harmless. *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (10th Cir. 2015); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006); *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). Under all of the circumstances described above, the Court does not see how it can reach a conclusion other than that Defendants' failure to disclose Ryan as a testifying expert is not harmless in the context of this case and within the applicable legal framework. *See Tribble*, 670 F.3d at 760 (describing the four factors that courts consider when assessing whether a party's failure to disclose a testifying expert is harmless).

III.

16.     For all of these reasons, Plaintiff's Motion to Preclude Ryan Goulding from Offering Expert Testimony [ECF No. 940] is granted.[3]

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 22, 2017

---

[3] The Court need not address the SEC's argument that Defendants' disclosure of Ryan as an expert witness on October 18, 2017 does not comply with Rule 26(a)(2)(C).