# EXHIBIT 1

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SECURITIES AND
EXCHANGE COMMISSION,

                Plaintiff,                       Case No.:  09-CV-1775

                  v.                       Magistrate Judge Gilbert

THE NUTMEG GROUP, LLC,
RANDALL GOULDING,
DAVID GOULDING,

                 Defendants,

DAVID GOULDING, INC., DAVID SAMUEL, LLC,
FINANCIAL ALCHEMY, LLC, PHILLY FINANCIAL, LLC,
and ERIC IRRGANG

                 Relief Defendants.

**[Proposed] FINAL JUDGMENT AS TO DEFENDANT DAVID GOULDING**

The Securities and Exchange Commission having filed a Complaint (Docket No. 1) and an Amended Complaint (Docket No. 314) and David Goulding ("Defendant") having entered a general appearance and consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of a partial judgment in which Defendant was enjoined from violating Sections 204, 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-4, 80b-6(1), 80b-6(2), and 80b-6(4)] and Rules 204-2, 206(4)-2, and 206(4)-8 thereunder [17 C.F.R. §§ 275.204-2, 275.206(4)-2, and 275.206(4)-8] (Docket No. 993); waived findings of fact and conclusions of law (except as to the findings of fact and conclusions of law in the Court's Memorandum Opinion and Order on Summary Judgment (Docket No. 795)) and any right to appeal from the partial judgment; and the Court

1

having considered the evidence and the parties' submissions and arguments regarding appropriate remedies, the Court hereby enters this Final Judgment based on the findings of fact and conclusions of law set forth in a Memorandum and Opinion on Disgorgement from David Goulding, David Goulding, Inc. and David Samuel, LLC (Docket No. 1105):

## I.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $18,817, representing profits gained as a result of Defendant's violations of the Advisers Act, together with prejudgment interest thereon in the amount of $10,118. Defendant shall satisfy this obligation by paying $28,935 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment. Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; David Goulding as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and

interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt and/or through other collection procedures authorized by law at any time after 30 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**SO ORDERED** this ___ day of January, 2020.

_____

HON. JEFFREY T. GILBERT